Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600

Matthew M. Wolf
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Jennifer A. Sklenar (SBN 200434; sklenarj@howrey.com)
Wallace W. Wu (SBN 220110; wuw@howrey.com)
HOWREY LLP
550 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Defendant
HOLOGIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCEPTUS, INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HOLOGIC, INC.,<br><br>　　　　　Defendant. | Case No. C 09-02280 WHA<br><br>**NOTICE OF MOTION AND MOTION TO DISQUALIFY BAKER & MCKENZIE LLP AS COUNSEL OF RECORD FOR CONCEPTUS, INC.**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: N/A |

**REDACTED – PUBLIC VERSION**

Motion to Disqualify Baker & McKenzie LLP as
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280-WHA

TO CONCEPTUS, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 7-1 and 7-2, and Rule 7(b) of the Federal Rules of Civil Procedure, Defendant Hologic, Inc. ("Hologic") hereby seeks an order disqualifying the law firm of Baker & McKenzie LLP ("Baker & McKenzie") from representing Plaintiff Conceptus, Inc. ("Conceptus") in this litigation.

Hologic makes this Motion on the grounds that Hologic is a current client of Baker & McKenzie. Baker & McKenzie's representation of Conceptus in a matter adverse to Hologic is therefore inconsistent with Baker & McKenzie's duty of loyalty to Hologic and violates the Rules of Professional Conduct of the State of California.

This motion will be based upon this Notice, the following Memorandum of Points and Authorities, the Declarations of Lindsay McGuinness, Mark Casey, and exhibits thereto, the pleadings and papers on file in this action, and any further evidence the Court may consider at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Baker & McKenzie currently represents Hologic in numerous matters in the United States and throughout the world, and it has been defendant's counsel for years. Despite the fact that the interests of its client Hologic are directly adverse to the interests of Conceptus, Baker & McKenzie has undertaken to represent Conceptus in this case without Hologic's informed written consent, in violation of the California Rules of Professional Conduct. Accordingly, Baker & McKenzie should be disqualified.

### II. STATEMENT OF FACTS

Since 2001, Baker & McKenzie has represented Cytyc Corporation ("Cytyc") (which merged with Hologic in 2007) in corporate matters and other assignments. Declaration of Mark J. Casey in Support of Defendant's Motion to Disqualify Baker & McKenzie LLP as Counsel of Record for Conceptus, Inc. ("Casey Decl."), ¶ 3; Declaration of Lindsay G. McGuinness in Support of Defendant's Motion to Disqualify Baker & McKenzie LLP as Counsel of Record for Conceptus, Inc.

Motion to Disqualify Baker & McKenzie LLP as  - 1 -
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280-WHA

1  ("McGuinness Decl.") ¶¶ 2-3. Since the merger, Baker & McKenzie has provided (and currently
2  provides) representation in the United States and worldwide, advising and counseling defendant
3  Hologic in a variety of different matters including employment, immigration, and corporate.
4  McGuiness Decl., ¶¶ 2-3. Baker & McKenzie has invoiced Cytyc/Hologic approximately ▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮. McGuinness Decl., ¶ 4 and Exhibit 1 attached thereto.
7  　　Upon Hologic's merger with Cytyc in October 2007, Hologic became the owner of the accused
8  Adiana Transcervical Sterilization System ("System"), developed by Adiana, Inc. ("Adiana"). Casey
9  Decl., ¶¶ 2, 4. Cytyc purchased the System from Adiana in March, 2007. *Id*. at ¶ 4. In February 2007,
10 when Adiana still owned the System, Howard Wisnia of Baker & McKenzie, on behalf of Conceptus,
11 notified Adiana's President and CEO of certain patents.[1] *Id*., ¶ 5 and Exhibit 1 attached thereto. On
12 March 16, 2007, after Cytyc purchased the System, Wisnia wrote Cytyc to inform Cytyc of Conceptus'
13 intellectual property rights regarding the same patents. *Id*., ¶ 6 and Exhibit 2 attached thereto.
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮
25
26 ─────────────────────
27 [1] According to Wisnia's letter, Conceptus had previously notified Adiana on June 1, 2004. Casey Decl., ¶ 5 and Exhibit 1 attached thereto.
28 [2] Upon Cytyc's merger with Hologic, Casey became Hologic's General Counsel. Casey Decl., ¶ 2.

Motion to Disqualify Baker & McKenzie LLP as             - 2 -
Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

1 ████████████████████████████
2 ████████████████████████████████
3 ██████████████████████████████
4 ██████████████████████████████████
5 ████████████████████████████

On June 8, 2009 – *i.e.*, several weeks before the Complaint was served and the currently pending preliminary injunction was filed– Casey wrote Wisnia, noting that "[a]s you are aware, Hologic has been and continues to be a client of Baker & McKenzie," and asking Wisnia to "explain why you believe it is appropriate for Baker & McKenzie to represent Conceptus in a matter that is adverse to the interests of Hologic." Casey Decl., ¶ 9 and Exhibit 3 attached thereto. Far from alleviating Casey's concerns, Wisnia responded by asserting that "[t]his appears to be a matter that came to Hologic with its acquisition of Cytyc" and "our firm does not believe there exists any ethical conflict in this matter." *Id.*, ¶ 10 and Exhibit 4 attached thereto. Thus, despite Casey's objection to Baker & McKenzie's representation of Conceptus, Baker & McKenzie continues to provide representation to both parties.

**III.   ARGUMENT**

    **A.   The Rules Of Professional Conduct Do Not Permit A Law Firm To Concurrently Represent Two Adverse Clients**

The Court's authority to disqualify Baker & McKenzie derives from its inherent power "[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *People ex rel. Dep't. of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999) (internal quotation marks omitted). California law recognizes that in disqualification cases, "[t]he important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *Id.* (internal quotation marks omitted).

Under California law, concurrent representation of adverse clients by a law firm is not permitted. *Synergy Tech & Design, Inc. v. Terry*, No. C-06-02073 JSW, 2007 U.S. Dist. LEXIS

Motion to Disqualify Baker & McKenzie LLP as   - 3 -
Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

34463, at **19-20 (N.D. Cal. May 2, 2007). Rule 3-310(C)(2) of the California Rules of Professional Conduct, which have been adopted by this District, forbids an attorney from representing a client in one matter, and at the same time representing a party who is adverse to that client in another matter, unless the attorney first obtains the informed written consent of both clients. ("A member shall not, without the informed written consent of each client . . . [a]ccept or continue representation of more than one client in a matter in which the interests of the clients actually conflict"). Indeed, disqualification is "automatic" where counsel simultaneously represents adverse parties in litigation, regardless of whether the representation is related to the current litigation. *See Flatt v. Superior Court*, 9 Cal. 4th 275, 284 (1994) ("Even though the simultaneous representations may have **nothing** in common, and there is **no** risk that confidences to which counsel is a party in the one case have any relation to the other matter, disqualification may nevertheless be **required**.") (emphasis in original). California courts do not hesitate to disqualify counsel who concurrently represents parties with adverse interests. *See*, *e.g., Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796 (N.D. Cal. 2004) (granting motion to disqualify law firm that concurrently represented parties with adverse interests); *Cal West Nurseries, Inc. v. Superior Court*, 129 Cal. App. 4th 1170, 1177 (Cal. Ct. App. 2005) (affirming trial court's disqualification of law firm that concurrently represented adverse parties); *Gilbert v. Nat'l Corp. For Housing P'ships*, 71 Cal. App. 4th 1240, 1256 (Cal. Ct. App. 1999) (affirming trial court's disqualification of law firm that represented adverse parties as "prima facie" improper).

In *Flatt*, the California Supreme Court explained that the rule against simultaneous representation of adverse clients arises from the lawyer's **duty of loyalty**, and is necessary to protect the client's "confidence and trust in counsel that is one of the foundations of the professional relationship." *Flatt*, 9 Cal. 4th at 285 (emphasis added). Thus, the rule applies even if the matters in which the lawyer represents the two clients are completely unrelated. *See id.* The rule also does not depend upon any showing of actual harm or a specific adverse effect from the concurrent representation. *See Concat*, 350 F. Supp. 2d at 822 (citing *Unified Sewerage Agency v. Jelco, Inc.* 646 F.2d 1339, 1345 (9th Cir. 1981)).

Where a current conflict exists, the rule of disqualification is a "per se" or automatic one "in all but a few instances." *Flatt*, 9 Cal. 4th at 284 (citing *Cinema 5, Ltd. v. Cinerama, Inc*., 528 F.2d 1384,

Motion to Disqualify Baker & McKenzie LLP as
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280 WHA

- 4 -

1387 (2d Cir. 1976)). Those instances only arise when a lawyer makes a full disclosure and both clients agree in writing to waive the conflict, otherwise "it is presumed that the duty of loyalty has been breached and counsel is automatically disqualified." *Concat*, 350 F. Supp. 2d at 819-20; *see also Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998) ("Simultaneous representation of clients with conflicting interests (and without written informed consent) is an automatic ethics violation in California and grounds for disqualification.").

### B. The Rules Of Professional Conduct Mandate Disqualification

Because Hologic is a current client of Baker & McKenzie, and Hologic's interests are directly adverse to Conceptus, which is also represented by Baker & McKenzie, a direct and actual conflict exists. Baker & McKenzie's failure to obtain written, informed consent by Hologic necessitates its disqualification from this case.

#### 1. Hologic is an existing client of Baker & McKenzie

Hologic is a current client of Baker & McKenzie: "[a]n attorney represents a client – for purposes of a conflict of interest analysis – when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." *SpeeDee Oil*, 20 Cal. 4th at 1148. There simply can be no dispute that Baker & McKenzie is currently representing Hologic in various domestic and international employment and corporate matters. Baker & McKenzie has invoiced Hologic for services rendered each month in 2009, including the month in which they filed this lawsuit on behalf of Conceptus. McGuiness Decl., ¶¶ 4-5.

#### 2. Baker & McKenzie's representation of Conceptus is directly adverse to the interests of Hologic

Given that Baker & McKenzie is suing its own client, Hologic, on behalf of Conceptus, seeking damages allegedly arising from willful patent infringement as well as a preliminary injunction that would halt the sales of Hologic products currently in the stream of distribution, there can be no question that the representation of Conceptus is directly adverse to Hologic's interests. *See generally* First Am. Compl. (Dkt. # 12). Accordingly, Baker & McKenzie's activities fall within the "adverse" representation prong of the attorney-disqualification assessment. *See, e.g., Flatt*, 9 Cal. 4th at 284.

Motion to Disqualify Baker & McKenzie LLP as      - 5 -
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280 WHA

### 3. Baker & McKenzie has failed to obtain informed written consent from Hologic

A firm can avoid *per se* disqualification only if it obtains "informed written consent" of a client, which the California Rules of Professional Conduct define as "the client's or former client's written agreement to the representation following written disclosure." CAL. RULES PROF. CONDUCT 3-310(A)(2). The Rules define "disclosure" as "informing the client or former client of the relevant circumstances and of the ***actual and reasonably foreseeable*** adverse consequences to the client or former client." CAL. RULES PROF. CONDUCT 3-310(A)(1) (emphasis added). The official discussion of Rule 3-310 provides that the lawyer must disclose "the potential adverse aspects of such multiple representation and must obtain the informed written consent of the clients." CAL. RULES PROF. CONDUCT 3-310 discussion ¶ 7 (West 2008). "Moreover, ***if the potential adversity should become actual, the member must obtain the further informed written consent of the clients***[.]" *Id.* (emphasis added). Such consent must be "free and intelligent . . . given after full knowledge of all the facts and circumstances." *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.*, 72 Cal. App. 4th 1422, 1431 (Cal. App. 1999).

In this case, there can be no question that Baker & McKenzie failed to obtain "informed written consent" to the conflict at issue. No attorney from Baker & McKenzie even notified Cytyc of a potential conflict once Cytyc purchased the System. ███████████████████████████████████████████████████████████████████████████████████████ Casey Decl., ¶ 7.

For the next two years, Baker & McKenzie continued to represent Hologic without ever raising the potential conflict by the dual representation with Conceptus. Even leading up to filing this lawsuit on behalf of Conceptus, Baker & McKenzie continued to represent Hologic, and never informed Hologic of the potential conflict with Conceptus. (This despite the fact that Baker & McKenzie plainly must have been targeting Hologic's products for some period of time before filing the Complaint.) Mark Casey again raised the conflict and Baker & McKenzie's loyalty to both clients in his June 8, 2009 letter to Howard Wisnia, which demanded Baker & McKenzie's rationale for its decision to

Motion to Disqualify Baker & McKenzie LLP as
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280 WHA                                   - 6 -

represent the two adverse parties concurrently. Wisnia's dismissal of Casey's concerns and his suggestion that no ethical conflict exists because the System was thrust upon Hologic through its acquisition of Cytyc finds no basis in the California Rules of Professional Conduct or case precedent. Rule 3-310 sets forth no exception for conflicts that arise through a merger or acquisition in these circumstances.

Indeed, whatever the merits might have been for a hypothetical thrust-upon claim at the time of the merger, Baker & McKenzie's purported rationale for its breach of its duty to loyalty to Hologic became irrelevant when it chose to represent Hologic in new matters post-merger. At that point, the Hologic/Baker & McKenzie relationship could not possibly be deemed thrust-upon. Baker & McKenzie freely chose to act as Hologic's counsel, and it must be loyal to its client.

Wisnia's suggestion that Hologic's awareness of Baker & McKenzie's representation of Conceptus somehow eliminates or waives a conflict is equally without merit, particularly given that Cytyc/Hologic immediately objected to the representation and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* Casey Decl., ¶ 10 and Exhibit 4 attached thereto ("As you may know, we have been representing Conceptus, Inc. in patent litigation related matters for some time"). In any event, under Rule 3-310, awareness of a conflict, in and of itself, is wholly insufficient. *See In re 3DFX Interactive, Inc.*, No. 02-55795-RLE, 2007 Bankr. LEXIS 1941, at *15 (Bankr. N.D. Cal. June 1, 2007) (rejecting argument that a party's awareness of a firm's representation of an adverse client as insufficient under Rules 3-310(A)(1) and (2)). Similarly, Baker & McKenzie's "belief" that no ethical conflict exists is immaterial in the disqualification analysis. *See Miller v. Alagna*, 138 F. Supp. 2d 1252, 1256 (C.D. Cal. 2000) ("Whether the attorney believes there is no conflict of interest between joint clients is irrelevant").

Regardless, the merger occurred approximately seventeen months ***before*** this action was filed. After Hologic merged with Cytyc, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Casey Decl., ¶ 3. Baker & McKenzie has thus offered no basis upon which it should be permitted to maintain suit against one client on behalf of another.

Motion to Disqualify Baker & McKenzie LLP as
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280 WHA

- 7 -

## IV. CONCLUSION

By simultaneously representing Conceptus against Hologic in this case without receiving informed written consent, Baker & McKenzie has failed to abide by its duty of loyalty, in direct violation of Rule 310(C)(2) of the California Rules of Professional Conduct. Accordingly, Baker & McKenzie must be disqualified, and Conceptus should be directed to retain new counsel.

Dated: July 21, 2009                          Respectfully submitted,

                                              HOWREY LLP


                                              By:  /s/ Katharine L. Altemus
                                                   Katharine L. Altemus
                                                   Howrey LLP
                                                   Attorneys for Defendant HOLOGIC, INC.

Motion to Disqualify Baker & McKenzie LLP as          - 8 -
Counsel of Record for Conceptus, Inc.
Case No. C 09-02280 WHA

# PROOF OF SERVICE

I am employed in the County of San Mateo, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1950 University Avenue, 4th Floor, East Palo Alto, California  94303.

On July 21, 2009, I served on the interested parties in said action the within:

**PUBLIC**
**NOTICE OF MOTION AND MOTION TO DISQUALIFY**
**BAKER & MCKENZIE LLP AS COUNSEL OF RECORD FOR CONCEPTUS, INC.**

April Michelle Wurster
april.m.wurster@bakernet.com
Howard Niel Wisnia
howard.n.wisnia@bakernet.com
James Paul Conley
james.p.conley@bakernet.com
12544 High Bluff Drive
Third Floor
San Diego, CA  92130
Telephone:  858-259-8200
Facsimile:  858-259-8290

[X]  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[X]  (BY ELECTRONIC MAIL) I caused such document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

[X]  (BY CM/ECF) I caused such document(s) to be sent via electronic mail through the Case Management/Electronic File system with the U.S. District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 21, 2009, at East Palo Alto, California.

| Tammy Miller | /s/ Tammy Miller |
|---|---|
| (Type or print name) | (Signature) |

Motion to Disqualify Baker & McKenzie LLP as        - 9 -
Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA