1   Howard N. Wisnia (SBN 184626)
    James P. Conley (SBN 216639)
2   April M. Wurster (SBN 228038)
    **BAKER & McKENZIE LLP**
3   12544 High Bluff Drive, Third Floor
    San Diego, CA 92130-3051
4   Telephone: +1 858 523 6200
    Facsimile:  +1 858 259 8290
5   howard.n.wisnia@bakernet.com
    james.p.conley@bakernet.com
6   april.m.wurster@bakernet.com

7   Attorneys for Plaintiff
    CONCEPTUS, INC.

8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13   CONCEPTUS, INC., a Delaware corporation,      **Case No.  C 09-02280 WHA**

            Plaintiff,                             **Honorable William H. Alsup**
14

15        v.                                       **CONCEPTUS, INC.'S OPPOSITION**
                                                   **TO HOLOGIC, INC.'S MOTION TO**
16   HOLOGIC, INC., a Delaware corporation,        **CONTINUE THE PRELIMINARY**
                                                   **INJUNCTION HEARING AND TO**
            Defendant.                             **COMPEL EXPEDITED DISCOVERY**
17

18

19                                                 **Date:     None requested**

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/701657.5

Case No 09-02280 WHA
CONCEPTUS, INC.'S OPPOSITION TO HOLOGIC, INC.'S MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING
AND TO COMPEL EXPEDITED DISCOVERY

## I.     INTRODUCTION

Defendant Hologic's Motion To Continue the Preliminary Injunction Hearing and to Compel Expedited Discovery (filed on July 21, 2009 and improperly styled as an administrative motion under Civ. L. R. 7-11)[1] should be denied for failing to establish *any* "good cause" for expedited discovery, much less cause sufficient to continue the hearing and extend the irreparable harm suffered by Conceptus each day that Hologic continues to sell its infringing products.

## II.    FACTS

On July 9, 2009, two days after Hologic announced that its Adiana Transcervical Sterilization System (the "Adiana System") had received FDA approval, Conceptus filed and served its Motion for Preliminary Injunction seeking an order enjoining Hologic from infringement of Conceptus' U.S. Patent Nos. 7,428,904, 6,709,667 and 7,237,552. The following day, Hologic contacted Conceptus' counsel seeking to extend the hearing date on Conceptus' Motion for Preliminary Injunction and briefing schedule so that it could seek an up to five depositions, an unspecified number of document requests and unspecified discovery from unnamed third parties. Declaration of James P. Conley In Support Of Conceptus' Opposition to Hologic's Motion to Continue the Preliminary Injunction Hearing and to Compel Expedited Discovery ("Conley Decl.") Ex. 1, e-mail from J. Sklenar to H. Wisnia dated July 10, 2009. Hologic reserved the right to re-depose all of the witnesses and stated that any depositions would not count against any limits imposed by the Federal Rules of Civil Procedure or this Court. Conley Decl., Ex. 1. That same day, Conceptus asked Hologic to detail the specific discovery it requested. Conley Decl. Ex. 2, e-mail from H. Wisnia to J. Sklenar dated July 10, 2009. Five days later, Hologic served discovery requests seeking a document production that would likely total more than 100 boxes, answers to a contention interrogatory relating to positions not at issue in the preliminary injunction motion, two personal depositions, an expert deposition, and 30(b)(6) deposition(s) on three different topics. Conley Decl. ¶ 8, Exs. 3, 4, 5 and 6. Hologic also indicated its desire to serve up to 10 third party subpoenas. Conley Decl. ¶ 4, Ex. 3. Despite Hologic's excessive and unjustified discovery requests, Conceptus

---

[1] Conceptus attempted to file its response on July 24, 2009 at 6:00pm but was unable to as a result of the power outage at the Court and is thus filing on July 26, 2009 after system has come back on line.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

1    met and conferred with Hologic on a number of occasions in an attempt to avoid judicial

2    involvement and to agree to a reasonable amount of discovery that would allow a prompt hearing of

3    Conceptus' motion, but Hologic filed the instant motion to compel before an agreement could be

4    reached.  Conley Decl. ¶ 10.

5    **III.    LEGAL AUTHORITY**

6         **A.    Expedited Discovery Requires A Showing Of "Good Cause"**

7              Under Fed. R. Civ. P. 26(d), a party may not seek discovery until after the Rule 26(f)

8    conference.  A party seeking relief from this rule must show "good cause."  *Semitool, Inc. v. Tokyo*

9    *Electron America, Inc*., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).  "Good cause may be found where

10   the need for expedited discovery, in consideration of the administration of justice, outweighs the

11   prejudice to the responding party.  *Id*. at 276; *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*,

12   213 F.R.D. 418, 419 (D. Colo. 2003).  "Expedited discovery is not the norm."  *Merrill Lynch,*

13   *Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).

14           Hologic has cited no authority binding on this Court to support its need for expedited

15   discovery in advance of the Rule 26(f) conference.  In fact, Hologic fails to cite a case that has

16   granted expedited discovery.  For example, in the *Qwest* cased cited by Hologic, the request for

17   expedited discovery was denied for failure to establish the requisite "good cause."  *Qwest*, 213

18   F.R.D. at 419.  The *Qwest* Court also noted that the requested discovery was not properly limited

19   since it requested "all" documents of a certain type and the Court could not determine the "outer

20   boundary" of the requests—as is the case with a number of Hologic's document requests.  *Id.* at 421.

21   **IV.    ARGUMENT**

22        **A.    Hologic Has Not Made a *Prima Facie* Showing of "Good Cause" for an Order
              for Expedited Discovery or a Continuance**

23            Hologic's motion fails to establish "good cause" for expediting any of its discovery requests.

24   The motion merely lists the discovery sought and summarizes the parties' meet and confer efforts

25   without putting forth any arguments that good cause exists for the requested discovery or why

26   Hologic's unstated need for the discovery outweighs the prejudice to Conceptus.  *Merrill Lynch*, 194

27   F.R.D. at 623 ("[movant] must make some *prima facie* showing of the *need* for the expedited

28

2

Baker & McKenzie LLP
San Diego

Case No 09-02280 WHA
CONCEPTUS, INC.'S OPPOSITION TO HOLOGIC, INC.'S MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING
AND TO COMPEL EXPEDITED DISCOVERY

SDODMS1/701657.5

discovery")(emphasis in original).  Hologic has flatly failed to meet its burden and its Motion To Compel Expedited Discovery should be denied.  Because Hologic has failed to show entitlement to discovery, its Motion To Continue The Preliminary Injunction Hearing should also be denied.[2]

**B.     "Good Cause" Does Not Exist For Expediting Hologic's Overbroad and Burdensome Requests**

Hologic's discovery requests are exceedingly broad, burdensome and not reasonably tailored to the issues in Plaintiff Conceptus' motion.  *Qwest*, 213 F.R.D. at 420 (*citing Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*, 1998 WL 404820 (E.D. Pa. 1998) (denying motion for expedited discovery where movant's discovery requests were overly broad and not reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing)).

For example, Hologic's first request for production seeks all of Conceptus' conception and reduction to practice documentation.  Documents responsive to this request are voluminous and include *Essure* related lab notebooks and design and development documents—and such documents are not relevant unless Hologic raises an invalidity defense under 35 U.S.C. § 102 (a), (e) or (g).  The burden is on Hologic to put forth such a defense and until that point, good cause does not exist for this extensive discovery.  Likewise, Hologic's interrogatory and deposition requests relating to Conceptus' conception and reduction to practice contentions are premature.

Hologic's request for production number 2 requesting "all" prior art is overbroad and seeks a large production of documents that are in the public domain and accessible to Hologic.  Request for production number 3 asks for the "harm" documentation Conceptus has already provided with its preliminary injunction motion and market share projections that Hologic undoubtedly has made itself.  Requests for production numbers 4 and 5 seek "any" Conceptus communications with the FDA relating to Conceptus' own product, *Essure*, and documents relating to the safety, effectiveness, or performance of *Essure*.  This documentation is extremely voluminous, encompassing more than six six foot tall cabinets or sets of shelves, and to the extent any of it is relevant to the preliminary injunction hearing, it is public information.  Conley Decl. ¶ 8.

---

[2] Hologic's argument for a continuance based on the seven weeks between Conceptus' filing of its complaint and the filing of its preliminary injunction motion is without merit.  Conceptus moved to enjoin Hologic's infringing acts within *two days* of Hologic announcing it had received FDA approval and could begin marketing its Adiana System in the United States.

Baker & McKenzie LLP
San Diego

Case No 09-02280 WHA
CONCEPTUS, INC.'S OPPOSITION TO HOLOGIC, INC.'S MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING
AND TO COMPEL EXPEDITED DISCOVERY
SDODMS1/701657.5

Hologic's requests for production numbers 6 and 7 seek licenses or documents relating to Plaintiff Conceptus' own *Essure* product and a previous litigation in which *Essure* was accused of infringement.  While Hologic has limited its request from "all" documents relating to that litigation to those involving prior art or conception dates, the litigation documents comprise 80 to 100 boxes and the burden imposed on Conceptus to review these documents outweighs the limited relevance the documents may have, as they are related to a litigation that did not involve any Conceptus patents.  Conley Decl. ¶ 8.

Request for production 8 seeks documents Conceptus has already cited in its preliminary injunction motion relating to public interest and the relative merits of the *Essure* and Adiana systems.  Hologic also undoubtedly possesses its own documents making such an assessment as well as publicly available documents on the topic.  Request for production number 9 seeks all communications by Conceptus' senior management relating to the merits of the Adiana System. This burdensome request would require extensive review of all of Conceptus' senior management's e-mail and other communications and is not practical at this stage of the litigation.  Moreover, Hologic may cite to public statements made by Conceptus management, just as Conceptus did in its preliminary injunction motion (namely citing to Hologic SEC filings and conference call transcripts).  Request for production number 10 seeks samples of Conceptus own *Essure* device. Hologic has not established why it requires a Conceptus device to oppose the preliminary injunction motion, but it would be quite surprising if Hologic was not already in possession of any *Essure* devices.

Hologic's motion also fails to give "good cause" as to why Hologic needs to take the deposition of Mr. Ashish Khera, one of ten inventors on the asserted patents.  Hologic's assertion that Mr. Khera, who left Conceptus approximately 6 years ago, will have relevant testimony on the Adiana product or the effect of Adiana sales on the market's perception of Conceptus as an innovator are baseless.  Conley Decl. ¶ 10.  Hologic's motion also fails to make a case as to why it is necessary to depose Conceptus' declarants rather than simply filing its own declarations in support of its opposition.

Finally, Hologic's proposed third party document subpoenas seek the same conception and

4

Baker & McKenzie LLP
San Diego

Case No 09-02280 WHA
CONCEPTUS, INC.'S OPPOSITION TO HOLOGIC, INC.'S MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING
AND TO COMPEL EXPEDITED DISCOVERY

SDODMS1/701657.5

reduction to practice information discussed above (only from the asserted patents' inventors that no longer work for Conceptus) and the prior art documents discussed above (from American Medical Systems, the successor in interest to the plaintiff in the *Essure* related litigation). There exists no good cause for expediting this discovery for the same reasons discussed above. Additionally, as the *Semitool* Court noted, Hologic cannot shorten the time within which a third party responds to discovery requests. 208 F.R.D. at 277 (denying expedited discovery from third parties).

**V.    CONCLUSION**

For the foregoing reasons, Conceptus respectfully requests that the Court deny Hologic's Motion To Continue The Preliminary Injunction Hearing And To Compel Expedited Discovery.

Dated:  July 26, 2009                    BAKER & McKENZIE LLP


                                         By:/s/Howard N. Wisnia
                                         _____
                                             Howard N. Wisnia
                                             Attorneys for Conceptus
                                             howard.n.wisnia@bakernet.com

Baker & McKenzie LLP
San Diego

SDODMS1/701657.5