1   Howard N. Wisnia (SBN 184626)
    James P. Conley (SBN 216639)
2   April M. Wurster (SBN 228038)
    **BAKER & McKENZIE LLP**
3   12544 High Bluff Drive, Third Floor
    San Diego, CA  92130-3051
4   Telephone: +1 858 523 6200
    Facsimile:  +1 858 259 8290
5   howard.n.wisnia@bakernet.com
    james.p.conley@bakernet.com
6   april.m.wurster@bakernet.com

7   Attorneys for Plaintiff
    CONCEPTUS, INC.

8

9                       UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13  CONCEPTUS, INC., a Delaware corporation,     **Case No.  C 09-02280 WHA**

           Plaintiff,                            **Honorable William Alsup**
14
        v.
15                                               **CONCEPTUS'S RESPONSE TO**
    HOLOGIC, INC., a Delaware corporation,       **DEFENDANT'S MOTION TO**
16                                               **DISQUALIFY BAKER & MCKENZIE**
           Defendant.                            **LLP AS COUNSEL OF RECORD FOR**
17                                               **CONCEPTUS, INC.**

18
                                                 **Date:        August 6, 2009**
19                                               **Time:        2:00 p.m.**
                                                 **Courtroom 9, 19th Floor**
20

21                                               **REDACTED-PUBLIC VERSION**

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 3

    A.    Hologic's Terms of Engagement With Baker & McKenzie ....................... 3

    B.    Hologic's Legal Sophistication .................................................................. 5

III.  ARGUMENT ....................................................................................................... 6

    A.    Hologic Engaged Baker & McKenzie ▮▮▮▮▮▮▮▮▮▮▮
       ▮▮▮▮▮ ........................................................................................................ 6

        1.    Hologic repeatedly engaged Baker & McKenzie ▮▮▮▮▮▮▮
            ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ............................. 7

        2.    Hologic is a legally sophisticated party capable of understanding ▮▮
            ▮▮▮▮▮▮▮▮▮▮▮▮▮ ............................. 9

            a.    Hologic is legally sophisticated and accustomed to ▮▮▮
                 ▮▮▮▮▮▮ .............................................. 9

            b.    The Standard Terms of Engagement includes ▮▮▮▮▮
                 ▮▮▮▮▮▮▮ .............................................. 9

            c.    Evidence of record shows that Hologic understood and
                 appreciated ▮▮▮▮▮ ................................................ 10

        3.    Baker & McKenzie represented Conceptus for patent enforcement
            before Cytyc acquired the subject matter accused of infringement, and
            the adverse representation was thrust upon Baker & McKenzie by
            Cytyc's acquisition of Adiana. ........................................................... 11

        4.    Hologic should not be permitted to use a motion to disqualify as a
            strategic maneuver against Conceptus. ............................................... 12

IV.   CONCLUSION ................................................................................................. 13

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

Case No 09-02280 WHA
CONCEPTUS'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY BAKER & MCKENZIE

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### FEDERAL CASES

*Abubakar v. County of Solano,*
S-06-2268, 2008 U.S. Dist. LEXIS 12173 (E.D. Cal. 2008) ................................6, 12, 13

*Board of Regents of the Univ. of Neb. v. BASF Corp.,*
No. 4:04 CV 3356, 2006 U.S. Dist. LEXIS 58255 (D. Neb. August 17, 2006) ......................11

*Commonwealth Sci. & Indus. Research Org. v. Toshiba Am. Info. Sys., Inc.,*
No. 2008-1108, 2008 U.S. App. LEXIS 22114 (Fed. Cir. October 23, 2008) ........................11

*Concat LP v. Unilever, PLC,*
350 F. Supp.2d 796 (N.D. Cal. 2004) ....................................................................................9

*Gross Belsky Alonso, LLP v. Edelson, No. C 08-4666 SBA,*
200 U.S. Dist. LEXIS 46260 (N.D. Cal. May 27, 2009) ................................................6, 12, 13

*In re Marvel,*
251 B.R. 869 (Bankr. N.D. Cal. 2000), *aff'd* 265 B.R. 605 (N.D. Cal. 2001) ......................6

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos. Ltd.,*
760 F.2d 1045, 1051 (9th Cir. 1985) .............................................................................12, 14

*UMG Recordings v. MySpace, Inc.,*
526 F. Supp.2d 1046, 1065 (C.D. Cal. 2007) ...............................................................12, 14

*Visa U.S.A., Inc. v. First Data Corp.,*
241 F. Supp.2d 1100 (N.D. Cal. 2003) ..............................................2, 4, 6, 7, 8, 9,10, 12

### STATE CASES

*Flatt v. Superior Court,*
9 Cal. 4th 275 (1994) ..............................................................................................................8

*Gregori v. Bank of America,*
207 Cal. App.3d 291, 254 Cal. Rptr. 853 (1989) ...................................................................6

*Jeffry v. Pounds,*
67 Cal. App.3d 6 (1977) ........................................................................................................8

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

1

## I.     INTRODUCTION

Hologic, Inc.'s Motion to Disqualify fails to address Baker & McKenzie's and Hologic's

terms of engagement.  At all times during Baker & McKenzie's representation of Hologic, and its

predecessor Cytyc Corporation, the representations have been subject to agreements defining the

terms of engagement, ███████████████████████████████████████████

███████████████████████

the present, the terms of engagement have been stated in Baker & McKenzie's Standard Terms of

Engagement ("STEs"). ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████   ████████████████████████████████  Even

after Cytyc received the March 2007 letter from Baker & McKenzie as counsel for Conceptus

advising them of Conceptus' patents, ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Nonetheless, Hologic's Motion simply does not address or mention the STEs or ███████████

██████

Hologic is a legally sophisticated party that fully understood the scope and effect of the STEs

when it engaged Baker & McKenzie, and Hologic should not be permitted to gain a tactical

advantage by disqualifying Conceptus's attorneys on the eve of a preliminary injunction hearing.

The lawyers of record have represented Conceptus in patent matters for more than 7 years, and

Conceptus would face substantial prejudice if it were forced to immediately retain new counsel.  In

part because of these types of tactical considerations, motions to disqualify a party's chosen

litigation counsel are "strongly disfavored" in California and are only granted "when absolutely

1

1    necessary." Hologic should not be permitted to invoke the attorneys' duty of loyalty to gain such a

2    tactical advantage by disqualifying Conceptus's attorneys with strategic timing.

3        Importantly, Hologic's motion does not claim that Baker in general or the attorneys of record

4    have confidential Hologic information that would be relevant to this particular matter.  Indeed,

5    Baker's representation of Cytyc and then Hologic concerned matters wholly different from the

6    present dispute or Conceptus.  The Motion thus relates solely to the duty of loyalty owed to the a

7    client; it does not concern misuse of confidential information.  *See, e.g., Visa U.S.A., Inc. v. First*

8    *Data Corp.*, 241 F. Supp.2d 1100, 1104-05 (N.D. Cal. 2003).  As discussed below, courts in

9    California have denied motions to disqualify under analogous circumstances involving a firm's

10   concurrent representation of two sophisticated parties where ████████████████████████

11   ████████████████████

12                    ████████████████████████████████████ Baker & McKenzie

13   represented Conceptus against Adiana, Inc. when Adiana owned the subject matter presently accused

14   of infringement.  ████████████████████ Cytyc merged with Adiana in February

15   2007.  As such, the adverse representation was thrust upon the firm.  Cytyc/Hologic was aware of

16   Baker & McKenzie's adverse representation of Conceptus no later than March 2007 when Baker &

17   McKenzie, on behalf of Conceptus, wrote to Hologic informing them of adverse Conceptus patents.

18   Casey Decl. Ex. 2.  On June 10, 2009, in response to Hologic's inquiry, Baker again confirmed that

19   it believed it could represent Conceptus adverse to Hologic.  Casey Decl. Ex. 4.  No response from

20   Hologic was received for weeks.  On July 9, 2009, Conceptus filed a preliminary injunction motion.

21   Hologic's and Conceptus's counsel engaged in over a week of negotiation over dates and potential

22   discovery relating to the preliminary injunction.  Only after Hologic was not able to obtain by

23   stipulation all of its requested discovery and hearing schedule, did it file the present motion and

24   simultaneously seek an extension of the hearing schedule (and filed a motion for discovery).  As

25   courts in California have often recognized, disqualification motions are strongly disfavored as they

26   are often used to obtain tactical advantage.  *Visa,* 241 F.Supp.2d at 1104.

27        As explained below, Conceptus submits that the motion is not well-taken.  Nonetheless, in

28   the interests of avoiding a further distraction or any delays, Conceptus will promptly engage a new

1   law firm as co-counsel.  We propose that Baker & McKenzie, together with such co-counsel, carry

2   through the preliminary injunction hearing.  Thereafter, Baker & McKenzie shall withdraw from the

3   action and such new firm  shall carry forward with the action to its conclusion.  This will allow the

4   preliminary injunction motion to be heard promptly and will allow for a hand-off to the new firm in

5   a timely and efficient manner.  For full disclosure, the particular lawyers of record for Conceptus are

6   considering moving to a new firm.  As they do not have any confidential Hologic information, nor

7   have they ever represented Hologic, they would not be subject to a disqualification motion.[1]

8   **II.      BACKGROUND**

9         **A.      Hologic's Terms of Engagement With Baker & McKenzie**

10              As noted in Defendant's Motion, the relationship between Baker & McKenzie and Cytyc

11  dates back to 2001.  Mot. at 1.  ███████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████  Declaration of

14  Nathan Engels("Engels Decl."), Ex. A.  ████████████████████████████████

15  ████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████

17              In relevant part, the ███████████████ letter included the following provisions addressing

18  ██████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████

27  ---

[1] The so-called "hot potato" rule would be inapplicable as neither Baker & McKenzie, nor the
28  lawyers that actually represent Hologic, are seeking to disengage Hologic for the purpose of
representing Conceptus.  Instead, lawyers that had only an imputed relationship, if any, to Hologic
due to their association with Baker & McKenzie would be moving to a new firm.



On September 7, 2004, Baker & McKenzie sent to ██████████ a new engagement letter ████████████████████████████████████

The following provisions in the STEs provided ████████████████

1  Engels Decl., Ex. B.  Since the ▮▮▮▮▮▮▮▮▮ letter, Cytyc and Hologic engaged

2  Baker & McKenzie ▮▮▮ times.  Engels Decl. ¶ 4. ▮▮▮▮▮▮▮▮

3

4

5

6

7  ▮▮▮▮▮▮▮▮ Engels Decl. ¶ 4, Ex. C. ▮▮▮▮

8

9

10

11

12

13     **B.     Hologic's Legal Sophistication**

14          Formed in 1986, Hologic is a publicly traded company with a market capitalization of more

15  than $3 billion.  Hologic's Annual Report indicates that it employs more than 4,000 people and

16  enjoyed revenues of more than $1.6 billion last year.  Hologic press releases state that it merged with

17  Cytyc in October 2007 in a deal valued at more than $6 billion.  Engels Decl., Ex. D.

18          The PACER database indicates that Hologic and Cytyc have been parties to dozens of

19  lawsuits in federal courts in recent years, both as plaintiff and as defendant.  PACER also show that

20  Hologic and Cytyc have been represented by in recent years by to following firms, among many

21  others:  Howry LLP;  Wilmer Hale LLP;  Fish & Richardson P.C.; Littler Mendelson, P.C.;  Brown

22  Rudnick LLP;  Nixon Peabody LLP;  Baker Donelson Bearman Caldwell & Berkowitz P.C.; Reed

23  Smith LLP; Greenberg Traurig LLP; Keating Muething & Klekap PLL; Sherman & Howard L.L.C.;

24  and Pillsbury, Winthrop, Shaw, Pittman LLP.  Engels Decl. Ex. E.

25          As noted above, Baker & McKenzie also represents Hologic in unrelated matters. ▮▮▮

26

27

28

## III.   ARGUMENT

"Motions to disqualify are strongly disfavored." *Visa U.S.A., Inc. v. First Data Corp.*, 241 F.

Supp.2d 1100, 1104 (N.D. Cal. 2003) (*citing Gregori v. Bank of America*, 207 Cal. App.3d 291, 300-

301, 254 Cal. Rptr. 853 (1989); *In re Marvel*, 251 B.R. 869 (Bankr. N.D. Cal. 2000), *aff'd* 265 B.R.

605 (N.D. Cal. 2001)). "The party seeking disqualification bears a heavy burden," and requests for

disqualification are subjected to particularly strict judicial scrutiny. *Gross Belsky Alonso, LLP v.*

*Edelson*, No. C 08-4666 SBA, 200 U.S. Dist. LEXIS 46260, at *4-5 (N.D. Cal. May 27, 2009)

(citing numerous cases). Whether an attorney should be disqualified is within the discretion of the

trial court. *Abubakar v. County of Solano*, S-06-2268, 2008 U.S. Dist. LEXIS 12173, at *8 (E.D.

Cal. 2008).

Disqualification is considered a drastic measure. *Gross Belsky Alonso*, No. C 08-4666 SBA,

200 U.S. Dist. LEXIS 46260, at *4. In California, disqualification "is imposed <u>only when absolutely</u>

<u>necessary</u>." *Id.* (emphasis added); *accord Abubakar*, 2008 U.S. Dist. LEXIS 12173, at *9

("Disqualification . . . is a drastic remedy that courts should hesitate to impose unless necessary").

Hologic's Motion does not suggest that disqualification is necessary to prevent improper use

of Hologic's confidential information. Baker & McKenzie's representation of Hologic is wholly

unrelated to the subjects of Baker & McKenzie's representation of Conceptus. Instead, Hologic's

Motion to Disqualify, and its request for expedited consideration of the Motion, signals an effort to

gain a tactical advantage in this case by disturbing Conceptus's long-standing relationship with its

patent-litigation counsel. An attorney's duty of loyalty is no doubt an important part of any

attorney-client relationship, but for the reasons explained below, Conceptus and Baker & McKenzie

respectfully request that the Court exercise its discretion to deny Hologic's Motion for

Disqualification.

### A.   Hologic Engaged Baker & McKenzie

1

2

3

4

5

6

7

**1.    Hologic repeatedly engaged Baker & McKenzie after** ▮▮▮▮

8

9

In *Visa U.S.A. v. First Data*, the Northern District of California denied a motion to disqualify a law firm that concurrently represented both the plaintiff and defendant. *Visa U.S.A.*, 241 F. Supp.2d at 1102. There, attorneys in the San Francisco office of Heller Ehrman While & McAuliffe ("Heller Ehrman") represented *Visa U.S.A.* in its trademark-infringement case against First Data at the same time that attorney's in Heller Ehrman's Silicon Valley office represented First Data in patent-infringement litigation against unrelated parties. First Data brought a motion to disqualify Heller Ehrman in the trademark-infringement case based on Cal. Rule of Prof. Cond. §§ 3-310C (1) and (2). ▮▮▮▮▮▮▮▮

Because both First Data and Visa U.S.A. had agreed in writing, ▮▮▮▮▮ the Court held that Heller Ehrman was not automatically disqualified from representing both clients simultaneously. *Id.* at 1105. ▮▮▮▮

Case No 09-02280 WHA
CONCEPTUS'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY BAKER & MCKENZIE

SDODMS1/701781.1

1  ████████████████████████████████████████████████████████

2  ████████████████████████████████████████████ Specifically, Hologic engaged

3  Baker & McKenzie for new matters ██ times after its first engagement in ████, and with each new

4  engagement Baker & McKenzie ████████████████████████████████████████████

5  confirming that the STEs controlled the engagement.  Engels Decl. ¶ 4.

6        Hologic's Motion relies heavily on the suggestion that concurrent representations of adverse

7  clients should result in near "automatic" disqualification.  Def.'s Mot. at 4-5 (*citing Flatt v. Supeior*

8  *Court*, 9 Cal. 4th 275, 284 (1994) and cases following *Flatt*).  The Motion summarizes the policy

9  considerations articulated in *Flatt*, explaining that "the rule against simultaneous representation of

10  adverse clients arises from the lawyer's ***duty of loyalty***, and is necessary to protect the client's

11  'confidence and trust in counsel that is one of the foundations of the professional relationship.'"  *Id.*

12  at 4 (*quoting Flatt*, 9 Cal. 4th at 285).  The California Supreme Court further explained in *Flatt* that

13  "the purpose of this rule is evident, even (or perhaps especially) to the nonattorney." *Flatt*, 9 Cal. 4th

14  at 285.  The rule exists to because of the concern that "[a] client who learns that his or her lawyer is

15  also representing a litigation adversary . . . cannot long be expected to sustain the level of confidence

16  and trust in counsel that is one of the foundations of the professional relationship." *Id.*; *accord Jeffry*

17  *v. Pounds*, 67 Cal. App.3d 6, 11 (1977) ("A lay client is likely to doubt the loyalty of a lawyer who

18  undertakes to oppose him in an unrelated matter.").

19        But Cytyc and Hologic are not lay clients.  As discussed in more detail below, Cytyc and

20  Hologic are legally sophisticated companies who freely and repeatedly engaged Baker & McKenzie

21  subject to ████████████████ the STEs.  The policy considerations underlying the so-called

22  "automatic" disqualification cited in the Motion and in *Flatt* do not resonate with sophisticated

23  companies like Cytyc and Hologic.  Indeed, the presumption of disqualification articulated in *Flatt* is

24  a rebuttable presumption, and the Northern District of California has held that the presumption is

25  rebutted where sophisticated clients ████████████████████ *Visa U.S.A*, F. Supp.2d at

26  1105.

27

28

**2.** **Hologic is a legally sophisticated party capable of understanding** ███

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

**a.** **Hologic is legally sophisticated and accustomed to** ███████

███████

Important to the Court's consideration of the present Motion is Hologic's sophistication as a user of legal services. It has in-house counsel. See Casey and McGuinness declarations. Court records available through PACER show that Hologic and its subsidiary Cytyc have engaged more than a dozen prominent law firms in recent years. Engels Decl., Ex. E. Among others, Hologic and Cytyc are represented by Wilmer Hale LLP; Fish & Richardson P.C.; Littler Mendelson, P.C.; Brown Rudnick LLP; Nixon Peabody LLP; Baker Donelson Bearman Caldwell & Berkowitz P.C.; Reed Smith LLP; Greenberg Traurig LLP; Keating Muething & Klekap PLL; Sherman & Howard L.L.C.; and Pillsbury, Winthrop, Shaw, Pittman LLP, as well as Howry LLP and Baker & McKenzie. *Id.*

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

**b.** **The Standard Terms of Engagement includes** ███████████

Courts in California have approved ████████████████ particularly where the clients

SDODMS1/701781.1

1   are legally sophisticated. *Visa U.S.A.*, 241 F. Supp.2d at 1105 (citing cases). The Court explained in

2   *Visa U.S.A.* that First Data ████████████████████████████████████████████

3   ██████ when it agreed to Heller's engagement letter. *Visa U.S.A.*, 241 F. Supp.2d at 1110. The

4   same is true here.

5          As noted above, Hologic's and Cytyc's legal sophistication is beyond dispute. ████████

6   ████████████████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████ Engels Decl. ¶ 4, Ex. C. ████████████

9   ████████████████████████████████████████████████████ *Visa U.S.A.*, 241 F. Supp.2d

10  at 1110. ██████████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████████████

12  ██████████  *Visa U.S.A.*, 241 F. Supp.2d at 1110.

                        **c.      Evidence of record shows that Hologic understood and
                                 appreciated ████████████████████**

14         Evidence of record shows that Mr. Howard Wisnia of Baker & McKenzie's San Diego office

15  sent a letter to Adiana, Inc. on February 1, 2007 providing notice of Conceptus's rights in certain

16  patents. Adiana was not a client of Baker & McKenzie at that time. After Cytyc acquired Adiana,

17  Baker & McKenzie sent another cease and desist letter to Cytyc Corporation and Cytyc Surgical

18  Products on March 16, 2007, again providing notice of Conceptus's rights in certain patents. These

19  letters provided actual, affirmative notice of Baker & McKenzie's representation of Conceptus in

20  patent-enforcement matters.

21  ████████████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████████████████

26         First, the letters clearly relate to patent enforcement, ████████████████████████████

27  ████████████████████████████████████████████████████████████████████████████████

28

1    ███████    Further, the patents cited in the cease and desist letters identify Conceptus's patent-

2    prosecution counsel as Townsend, Townsend, & Crew (Pat. Nos. 6,679,266; 6,705,323; and

3    6,634,361), not Baker & McKenzie.

4          In retrospect, Baker & McKenzie's communications relating to the conflict could have been

5    better.  But even after Cytyc received the cease and desist letters ███████████████████████

6    ████████████████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████████████████████

10   ██████████████████████████████████████████████████████   Engels Decl. ¶ 4.

11              **3.    Baker & McKenzie represented Conceptus for patent enforcement before
                        Cytyc acquired the subject matter accused of infringement, and the
12                      adverse representation was thrust upon Baker & McKenzie by Cytyc's
                        acquisition of Adiana.**
13

14         When events such a client's acquisition of an adverse party cause two concurrent clients to

15   become directly adverse, the adverse representations are "thrust upon" the attorneys.  *See, e.g.,*

16   *Board of Regents of the Univ. of Neb. v. BASF Corp.*, No. 4:04 CV 3356, 2006 U.S. Dist. LEXIS

17   58255, *31-35 (D. Neb. August 17, 2006) (considering a conflict "thrust upon" counsel and denying

18   a motion to disqualify in view of the time and money required for party to retain new counsel, delay

19   to litigation, complexity of the case, and the "thrust upon" nature of the conflict, among other

20   reasons); *Commonwealth Sci. & Indus. Research Org. v. Toshiba Am. Info. Sys., Inc.*, No. 2008-

21   1108, 2008 U.S. App. LEXIS 22114, *9-10 (Fed. Cir. October 23, 2008) (nonprecedential) (*citing*

22   comment 5 to American Bar Association Model Rule 1.7 to explain the thrust upon nature of some

23   conflicts).  Here, Mr. Wisnia had represented Conceptus for seven years, with an attorney-client

24   relationship that began before Mr. Wisnia joined Baker & McKenzie.  Mr. Wisnia joined Baker &

25   McKenzie's San Diego office in 2005 and brought Conceptus to the firm as a client.

26         Adiana, Inc. developed the subject matter accused of patent infringement in this case.  ████

27   ████████████████████████████████████████████████████████████   Mr. Wisnia sent

28   a cease and desist letter to Adiana, Inc. on February 1, 2007.  Adiana, Inc. was not a client of Baker

1    & McKenzie at that time.

2    ███████████████████████ Cytyc acquired Adiana in February 2007.  Cytyc was

3    already a client of the firm in 2007, and Cytyc's acquisition of Adiana created the concurrent

4    adverse representations.  As explained above, after the adverse representations arose ███████

5    █████████████████████████████████████████████████████████████████

6            **4.**     **Hologic should not be permitted to use a motion to disqualify as a strategic maneuver against Conceptus.**

7         "Courts have an interest in preserving the continuity of the lawyer-client relationship."  *UMG*

8    *Recordings v. MySpace, Inc.*, 526 F. Supp.2d 1046, 1065 (C.D. Cal. 2007).  Courts recognize that

9    disqualification can lead to a harsh results by depriving one client of its choice in counsel to the

10   tactical advantage of its adversary.  *Id.*; *Gross Belsky Alonso*, 2009 U.S. Dist. LEXIS 49260, * 4 ("a

11   motion to disqualify is often tactically motivated").  Further, disqualification imposes costs and

12   burdens on parties and the court by upsetting scheduling and increasing the time and expense of a

13   lawsuit.  *UMG Recordings*, 526 F. Supp.2d at 1065; *Gross Belsky Alonso*, No. C 08-4666 SBA,

14   2009 U.S. Dist. LEXIS 49260, * 4 ("a motion to disqualify . . . can be disruptive to the litigation

15   process); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos. Ltd.*, 760 F.2d 1045, 1051 (9th Cir. 1985)

16   ("The cost and inconvenience to clients and the judicial system from misuse of the rules for tactical

17   purposes is significant.").  "Because a motion to disqualify is often tactically motivated and can be

18   disruptive to the litigation process, disqualification is considered to be a drastic measure that is

19   generally disfavored and imposed only when absolutely necessary."  *See, e.g., Gross Belsky Alonso*,

20   No. C 08-4666 SBA, 200 U.S. Dist. LEXIS 46260, at *4; *accord Abubakar*, 2008 U.S. Dist. LEXIS

21   12173, at *9 ("Disqualification . . . is a drastic remedy that courts should hesitate to impose unless

22   necessary").

23        The Motion relies on the attorneys' duty of loyalty to its clients, stating that it "is necessary

24   to protect the client's 'confidence and trust in counsel that is one of the foundations of the

25   professional relationship."  Def. Mot. at 4 (*quoting Flatt*, 9 Cal. 4th at 285).  But disqualification is

26   not necessary here, because both ███████████████████████████████████

27   ████████████████████████████████████ *See Visa U.S.A.*, 241 F.

28

1   Supp.2d at 1110 ("First Data can and should be expected to understand ███████████

2   ████████████████████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████████

5   ███████████████   Engels Decl., Ex. A.

6          The timing of Hologic's Motion suggests a tactical motivation.  Hologic filed its Motion only

7   after Conceptus files its Motion for Preliminary Injunction.  Cytyc/Hologic was aware of Baker &

8   McKenzie's adverse representation of Conceptus no later than March 2007.  On June 9, 2009

9   Hologic sent a letter to Mr. Wisnia asking why he believed that Baker & McKenzie could take a

10  position adverse to Hologic.  Mr. Wisnia replied on June 10, 2009 stating that the firm believed it

11  could represent Conceptus adverse to Hologic ███████████  Hologic did not respond to that

12  letter or further address the issue for more than a month.

13         On July 9, 2009 Conceptus filed its Motion for Preliminary Injunction.  Hologic's and

14  Conceptus's counsel engaged in negotiations over dates and potential discovery relating to the

15  preliminary injunction for more than a week, and Hologic did not raise further any concerns about a

16  conflict or disqualification.  Only after Hologic was not able to obtain by stipulation all of its

17  requested discovery and its desired hearing schedule, did it file the present Motion and

18  simultaneously seek relief relating to discovery and scheduling relating to the preliminary injunction.

19  At the same time, Hologic employed an emergency procedure to shorten the briefing schedule for

20  this Motion, even though Hologic does not suffer any actual harm or time-sensitive prejudice from

21  the purported breach of the duty of loyalty—the Motion raises no allegations of any breach of

22  confidence or any prejudice that could warrant the emergency procedure.[2]

23  **IV.    CONCLUSION**

24         Disqualification is not "absolutely necessary" in this case.  *See, e.g., See, e.g., Gross Belsky*

25  *Alonso*, 200 U.S. Dist. LEXIS 46260, at *4; *accord Abubakar*, 2008 U.S. Dist. LEXIS 12173, at *9.

26  Because disqualification is not absolutely necessary, Conceptus and Baker & McKenzie respectfully

27  ───────────────────────

28  [2] Hologic also refused to stipulate to an extension to file this opposition of one week. ██████████
    ██████████████   Engels Decl., Ex. F.

Baker & McKenzie LLP
San Diego

13

1   request that the Court deny the Motion and allow Conceptus's counsel to participate in the

2   preliminary injunction proceeding while transitioning to another law firm to alleviate any conflict.

3   *See UMG Recordings*, 526 F. Supp.2d at 1062 (courts have the inherent power to deny a

4   disqualification motion when the attorney or firm in question complies with certain limitations).

5

6

7   Dated:  July 28, 2009                                    BAKER & McKENZIE LLP

8

9                                                            By:/s/Howard N. Wisnia
                                                                 Howard N. Wisnia
10                                                               Attorneys for Conceptus, Inc.
                                                                 howard.n.wisnia@bakernet.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
San Diego

SDODMS1/701781.1