Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600

Matthew M. Wolf (*pro hac vice* pending)
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Jennifer A. Sklenar (SBN 200434; sklenarj@howrey.com)
Wallace W. Wu (SBN 220110; wuw@howrey.com)
HOWREY LLP
550 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Defendant
HOLOGIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCEPTUS, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>HOLOGIC, INC.,<br><br>        Defendant. | Case No. C 09-02280 WHA<br><br>**REPLY IN SUPPORT OF MOTION TO DISQUALIFY BAKER & MCKENZIE LLP AS COUNSEL OF RECORD FOR CONCEPTUS, INC.**<br><br>Date: August 6, 2009<br>Time: 2:00 p.m.<br>Ctrm: 9, 19th Floor |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I. STATEMENT OF FACTS IN REPLY TO THE OPPOSITION ........................................1

II. ARGUMENT .........................................................................................................................3

    A. Baker & McKenzie Owes Hologic A Duty Of Loyalty That Precludes It From Litigating This Action ................................................................3

    B. Baker & McKenzie's Standard Terms of Engagement Do Not Vitiate Its Duty Of Loyalty ...........................................................................................4

        1. Even absent the unique circumstances of this case, the generic, boilerplate language of the Standard Terms of Engagement Conflicts provision does not constitute informed written consent ..............................................................................5

            a. The breadth of the waiver ........................................................................6

            b. The temporal scope of the waiver .............................................................6

            c. The quality of the conflict discussion between attorney and client ....................................................................................7

            d. The specificity of the waiver ....................................................................7

            e. The nature of the actual conflict ...............................................................7

            f. The sophistication of the client ..................................................................7

            g. The interests of justice ..............................................................................8

        2. Baker & McKenzie never requested a second, more specific waiver once the conflict between Conceptus and Hologic became apparent. ...............................................................................10

    C. The "Thrust Upon" Doctrine Does Not Preclude Disqualification .......................11

III. CONCLUSION ...................................................................................................................11

Reply Re Motion to Disqualify Baker & McKenzie LLP    i
as Counsel of Record for Conceptus, Inc.
Case No. C 09-02280-WHA

DM_US:22308305_1

# TABLE OF AUTHORITIES

## CASES

*Abubakar v. County of Solano*,
    No. S-06-2268, 2008 U.S. Dist. LEXIS 12173 (E.D. Cal. Feb. 4, 2008) ........................... 4

*All American Semiconductor, Inc. v. Hynix Semiconductor, Inc.*, No. C07-1200 *et al.*
    2008 U.S. Dist. LEXIS 106619 (N.D. Cal. Dec. 18, 2008) ........................................... 8, 11

*Cal West Nurseries, Inc. v. Superior Court*,
    129 Cal. App. 4th 1170, 1177 (2005) ............................................................................... 4

*Concat LP v. Unilever, PLC*,
    350 F. Supp. 2d 796 (N.D. Cal. 2004) ..................................................................... passim

*FMC Technologies, Inc. v. FMC Foodtech, Inc.*,
    420 F. Supp. 2d 1153 (W.D. Wash. 2006) ...................................................................... 9

*Gross Belsky Alonso LLP v. Edelson*,
    No. C 08-4666 SBA, 2009 U.S. Dist. LEXIS 49260 (N.D. Cal. May 22, 2009) ............... 4

*Image Tech. Serv., Inc. v. Eastman Kodak Co.*,
    820 F. Supp. 1212 (N.D. Cal. 1998) ................................................................................ 3

*Image Tech. Serv., Inc. v. Eastman Kodak Co.*,
    136 F.3d 1354 (9th Cir. 1998) ........................................................................................... 3

*In re Marvel*,
    251 B.R. 869 (Bankr. N.D. Cal. 2000) ............................................................................. 4

*Truck Insurance Exchange v. Fireman's Fund Insurance Co.*,
    6 Cal. App. 4th 1050 (1992) ............................................................................................. 3

*UMG Recordings v. MySpace, Inc.*,
    526 F. Supp. 2d 1046 (C.D. Cal. 2007) ........................................................................... 4

*Visa U.S.A., Inc. v. First Data Corp.*,
    241 F. Supp. 2d 1100 (N.D. Cal. 2003) ................................................................... passim

## RULES

Cal. Rules Prof. Conduct 3-310 ................................................................................... 3, 9

Reply Re Motion to Disqualify Baker & McKenzie LLP     ii
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

Defendant Hologic, Inc. ("Hologic") hereby submits this reply brief in support of its motion to disqualify Baker & McKenzie LLP ("Baker & McKenzie") as counsel for Plaintiff Conceptus, Inc. ("Conceptus").

## MEMORANDUM OF POINTS AND AUTHORITIES

There is no dispute that, under California law, Baker & McKenzie owes Hologic a duty of loyalty, and there can be no dispute that it has breached that duty by suing Hologic on behalf of Conceptus. Baker & McKenzie asks the Court to excuse that manifest failure based almost entirely on the sort of boilerplate, generalized waiver that California courts have found ineffective. And, more importantly, Baker & McKenzie does so despite the fact that it had previously been told that it could not be adverse to Hologic/Cytyc on behalf of Conceptus – and committed that it was not acting adversely – with regard to the very product at issue in this case. Because Baker & McKenzie's representation in this action has required, and would continue to require, it to engage in conduct directly adverse to Hologic, Baker & McKenzie must be disqualified immediately.

**I.     STATEMENT OF FACTS IN REPLY TO THE OPPOSITION**

Baker & McKenzie largely does not take issue with the material facts discussed in Hologic's moving papers, but it does raise certain additional factual allegations that bear addressing. Initially, Baker & McKenzie relies upon a 2001 letter sent to it by Cytyc, which became a Hologic subsidiary in October 2007. *See* Conceptus' Response to Defendant's Motion to Disqualify Baker & McKenzie LLP as Counsel of Record for Conceptus, Inc. ("Opp.") at 3-4; Declaration Of Nathan A. Engels In Support Of Conceptus' Response To Defendant's Motion To Disqualify Baker & McKenzie LLP As Counsel Of Record For Conceptus, Inc. ("Engels Decl."), Ex. A. Assuming *arguendo* that the 2001 letter is relevant to the instant dispute between Hologic (Cytyc's parent company) and Conceptus, Baker & McKenzie fails to recognize the importance of the letter's operative language. The 2001 letter, which was counter-signed by Michael Mensik on behalf of Baker & McKenzie, made clear that Cytyc reserved the right to object to any conflict of interest, albeit while stating that it would typically grant waivers in run-of-the-mill matters. *Id*. (emphasis added). Critically, before any such waiver discussions could take place, Cytyc made clear that:

Reply Re Motion to Disqualify Baker & McKenzie LLP       1
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280-WHA

> It is [Cytyc's] expectation that *you will timely inform us of any potential conflicts which you may discover* during the pendency of your representation of Cytyc, so that we can collaboratively evaluate whether engaging your firm's services in any subsequent circumstances is appropriate.

*Id*. (emphasis added).  Baker & McKenzie apparently ignored this commitment to disclose the conflict arising out of its work with Conceptus on at least two separate occasions.  *First*, the Opposition asserts – without evidentiary support – that Mark Casey could not possibly have believed that Baker & McKenzie did not represent Conceptus in patent litigation/enforcement, since the letter sent to Cytyc in March 2007 regarding the products at issue in this case "clearly relate[s] to patent enforcement."  Opp. at 10; *see also* Declaration Of Mark J. Casey In Support Of Hologic, Inc.'s Motion To Disqualify Baker & McKenzie LLP As Counsel Of Record For Conceptus, Inc. ("Casey Decl."), Ex. 2.  If the Opposition is to be taken at its word, *i.e*., if the March 2007 letter does represent Baker & McKenzie acting to enforce a patent against its client Cytyc, then Baker & McKenzie clearly breached the 2001 letter by not raising the conflict prior to sending the March 2007 letter.[1]  *Second*, in any event, Baker & McKenzie breached its commitment during preparation of the filing of this lawsuit, during which it never notified Hologic of the conflict.

Further, the Opposition spins a story of purported delay on the part of Hologic.  In so doing, it fails to note that, when Baker & McKenzie filed the Complaint on May 22, 2009, it never provided Hologic with a copy, whether by formal service, courtesy copy, or otherwise.  Hologic learned of the Complaint only through public docketing services.  Once he was informed of the Complaint, (and even though Hologic still had not been served) Mark Casey wrote Howard Wisnia on June 8, 2009 and objected to Baker & McKenzie's simultaneous representation, to which Wisnia responded by directing Casey to the Standard Terms of Engagement ("STE".)  *See* Casey Decl., Exs. 3, 4.  Even after Wisnia's response, Baker & McKenzie still did not serve Hologic until it filed the Amended Complaint and Motion for Preliminary Injunction on July 9, 2009 – *i.e*., a full month after Casey's initial objection.

---

[1] It would also mean that Mensik, Baker & McKenzie's relationship partner with Cytyc/Hologic, flatly misrepresented the nature of Baker & McKenzie's relationship with Conceptus in 2007.  *See* Casey Decl., ¶ 7.

Reply Re Motion to Disqualify Baker & McKenzie LLP     2
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

1  Hologic's disqualification motion was prepared and filed immediately.  The only record evidence of
2  dilatory conduct – and concomitant tactical maneuvering – is that of the delay in service.  Hologic has
3  promptly and at all times demanded loyalty from its law firm, Baker & McKenzie.

## II.   ARGUMENT

### A.   Baker & McKenzie Owes Hologic A Duty Of Loyalty That Precludes It From Litigating This Action

There is no dispute that Hologic is a current client of Baker & McKenzie, and thus Baker & McKenzie owes Hologic a duty of loyalty.  *See* Opp. at 1-2, 8.  This duty of loyalty must be "undivided" for "each" client that the attorney represents.  *See Truck Ins. Exch. v. Fireman's Fund Ins. Co.*, 6 Cal. App. 4th 1050, 1056 (Cal. App. 1992)  ("Representation adverse to a present client must be measured not so much against the similarities in litigation, as against the duty of undivided loyalty which an attorney owes to each of his clients") (internal quotations omitted); *see also Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1218 (N.D. Cal. 1998) (disqualifying counsel that simultaneously represented the parties; "Law is a profession of service premised upon representation of the client with the ***highest duty of loyalty and the deepest regard for the trust of the client***") (emphasis added), *overruled on other grounds by Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354 (9th Cir. 1998).  The Opposition, however, barely addresses the duty of loyalty that Baker & McKenzie owes Hologic (*see* Opp. at 6, 8); in fact, to the extent that it is addressed, it is in the context of the suggestion that Baker & McKenzie somehow owes a lesser duty of loyalty to a "sophisticated" client like Hologic.  *Id*. at 8.  This implication finds no support in California's Rules of Professional Conduct.  *See* CAL. RULES PROF. CONDUCT 3-310.  A client's level of sophistication is considered only in determining the effectiveness of an advanced waiver (*see infra*, Section B.1.f.), however, a separate and distinct inquiry from the question of whether Hologic is owed a duty of loyalty.

Hologic does not dispute that disqualification is a serious remedy (*see* Opp. at 6), but there is no other appropriate remedy when the duty of loyalty has been so plainly breached.  *See*, *e.g., Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 822 (N.D. Cal. 2004) (disqualification, and not ethical wall, is the appropriate remedy to "mitigate conflict arising from concurrent adverse client relationships,

Reply Re Motion to Disqualify Baker & McKenzie LLP       3
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

since the purpose of the prohibition against such relationships is to preserve the attorney's duty of loyalty"); *Cal West Nurseries, Inc. v. Superior Court*, 129 Cal. App. 4th 1170, 1177 (2005) (disqualification necessary remedy where there has been a breach of the duty of loyalty and no written waiver); *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1110 (N.D. Cal. 2003) (if law firm breaches duty of loyalty by concurrent adverse representations, an ethical wall is not sufficient to cure the breach). None of the cases cited by Conceptus address circumstances similar to this case; specifically, none suggest an alternative to disqualification when there has been a breach of the duty of loyalty when there was no specific, informed, written consent. *See, e.g.*, *Gross Belsky Alonso LLP v. Edelson*, No. C 08-4666 SBA, 2009 U.S. Dist. LEXIS 49260, at *7 (N.D. Cal. May 22, 2009) (duty of loyalty inapplicable since movant was suing to disqualify former counsel); *Abubakar v. County of Solano*, No. S-06-2268, 2008 U.S. Dist. LEXIS 12173, at *15 (E.D. Cal. Feb. 4, 2008) (denying motion after establishing that counsel had not formed an attorney-client relationship necessary to invoke duty of loyalty); *UMG Recordings v. MySpace, Inc.*, 526 F. Supp. 2d 1046, 1064 (C.D. Cal. 2007) (duty of loyalty not at issue since motion to disqualify premised on prior representation); *Visa*, 241 F. Supp. 2d at 1108 (denying motion to disqualify after finding that client had given informed, written consent to waive conflicts); *In re Marvel,* 251 B.R. 869, 872 (Bankr. N.D. Cal. 2000) (denying motion where movant filed to disqualify counsel who told other attorneys that he was willing to undertake pro bono representation of certain types of clients).

**B.   Baker & McKenzie's Standard Terms of Engagement Do Not Vitiate Its Duty Of Loyalty**

In opposing Hologic's motion to disqualify, Conceptus argues that certain language from Baker & McKenzie's standard STE acts as a self-executing, blanket waiver of any and all future conflicts. *See* Opp. at 6-10. As a threshold matter, there is no record evidence that anyone at Hologic ever agreed to the STE with regard to any of the work Baker & McKenzie has done for Hologic, *e.g.*, the STE's have a counter-signature line but there is no evidence that anyone at Hologic ever signed them. *See* Engels Decl., ¶ 3. There is no evidence that the provisions at issue were ever discussed at any time with anyone at Hologic or, for that matter, Cytyc. And there is certainly no evidence that

Reply Re Motion to Disqualify Baker & McKenzie LLP   4
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

Baker & McKenzie conditioned its willingness to act as Hologic's counsel on Hologic's willingness to relieve Baker & McKenzie of its duty of loyalty. [2]

In any event, the factors considered by courts in determining the effectiveness of an advanced waiver mandate that the generalized, boilerplate STE be found wholly inadequate to provide the informed, written consent required by the California Rules of Professional Conduct, particularly given the prior, specific discussions between the parties on the topic of a potential dispute between Conceptus and Cytyc/Hologic. Additionally, Baker & McKenzie's failure to obtain a second waiver once the conflict between Conceptus and Hologic became apparent further undermines any claim that Hologic provided written informed consent of the conflict.

> **1.  Even absent the unique circumstances of this case, the generic, boilerplate language of the Standard Terms of Engagement Conflicts provision does not constitute informed written consent**

Putting aside Hologic's repeated objections to the conflict as evidence against any waiver, the language in the conflicts provision of the STE cannot be considered informed, written consent. In a strikingly similar case, counsel that simultaneously represented both parties was disqualified because it did not obtain such consent even though a prospective waiver was included in its engagement letter. In *Concat*, plaintiff moved to disqualify defendant's counsel, Morgan, Lewis & Bockius LLP ("Morgan Lewis"), which simultaneously represented a Concat partner and Unilever. 350 F. Supp. 2d at 803. In connection with the engagement of the Concat partner, Morgan Lewis sent a letter that provided, *inter alia* that Morgan Lewis "may continue to represent . . . existing or new clients in any matter, including litigation, that is not substantially related to our work for you, even if the interests of such clients in those matters are directly adverse to you," and that "you agree in light of its general consent to such unrelated conflicting representations, Morgan, Lewis & Bockius will not be required to notify you of each such representation as it arises." *Id*. at 801-02.

---

[2] Indeed, if Baker & McKenzie had viewed the STE as a true reflection of the terms of its representation of Hologic, it presumably would have raised the issue during the March 2007 discussions instead of insisting that Baker & McKenzie was not adverse to Cytyc.

Reply Re Motion to Disqualify Baker & McKenzie LLP      5
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

In evaluating whether the prospective waiver provided "informed written consent" under California law, the court examined: (1) the waiver's breadth; (2) its temporal scope; (3) the quality of the conflict discussion between attorney and client; (4) the specificity of the waiver; (5) the nature of the actual conflict; (6) the sophistication of the client; and (7) the interests of justice. *Id*. at 820 (citing *Visa,* 241 F. Supp. 2d at 1106. The court disqualified Morgan Lewis, finding, *inter alia*, that the terms of the waiver were "extremely broad and were evidently intended to cover almost any eventuality," the temporal scope was "unlimited," and the record contained no evidence of any discussion between Morgan Lewis and Concat. *Id*.[3] The court also found that the "waiver lacks specificity as to the conflicts that it covers and effectively awards Morgan, Lewis an almost blank check." *Id*. The court noted that even if the prospective waiver language was effective, "[u]nder the law of this jurisdiction…the attorney must request a ***second, more specific waiver*** if the prospective waiver letter insufficiently disclosed the nature of the conflict that subsequently arose between the parties." *Id*. at 821 (emphasis added) (quoting *Visa*, 241 F. Supp. 2d at 1106). Just as in *Concat*, the relevant factors here mandate disqualification.

### a. The breadth of the waiver

The generalized, boilerplate "Conflicts' provision in the STE applies to any matter in which Baker & McKenzie may act adverse, including litigation, regulatory, legislative, or 'in transactions or otherwise, all regardless of type, importance, or severity of the matter.'" Engels Decl., Ex. B at 2. The STE is plainly not the narrow, particularized waiver that California courts are inclined to enforce; to the contrary, it is essentially limitless in scope.

### b. The temporal scope of the waiver

The STE is also temporally unlimited. Engels Decl. Ex. B at 1 ("As usual, the terms of this letter and our customary Standard Terms of Engagement for Legal Services will govern this assignment"); *id* at 2-3. Again, this factor weighs heavily against any enforcement of the terms of the STE.

---

[3] Although Conceptus cites *Concat* for the factors to consider in examining a prospective waiver, it fails to further discuss or disclose the outcome of the case, for obvious reasons. *See* Opp. at 9.

### c.     The quality of the conflict discussion between attorney and client

There is no evidence that Baker & McKenzie *ever* discussed the waiver with Cytyc/Hologic prior to Wisnia's June 10, 2009 letter to Mark Casey, in which Wisnia simply "call[ed Casey's] attention to our firm's Standard Terms of Engagement." Casey Decl., Ex. 4. *Compare Visa*, 241 F. Supp. 2d at 1108 ("Heller notified First Data's director of intellectual property and division general counsel of the potential for a future conflict, fully discussed the nature of that conflict, and informed First Data that Heller would be unable to represent First Data unless the conflict was waived."). Indeed, there is *no* evidence of any waiver discussions at any time after the 2001 letter. And, even if there were discussions – which there were not – Casey expressly objected to the representation. *See* Casey Decl., ¶¶ 7, 9 and Ex. 3.

### d.     The specificity of the waiver

The STE does not express the possibility that Baker & McKenzie may represent a specific client (Conceptus) in a specific matter (patent enforcement) or any other matter, and that Hologic understood and waived the conflict. Engels Decl., Ex. B at 2. Far from such specificity, the STE is completely silent with respect to identifying possible future conflicts. The STE also contains absolutely no information regarding examples of the circumstances or matters in which Baker & McKenzie could reasonably foresee becoming engaged and would consider to be prospectively waived.

### e.     The nature of the actual conflict

There can be no dispute that the nature of the actual conflict is real, direct, and substantial, given that Conceptus has sued Hologic for patent infringement and is seeking a preliminary injunction to halt the sales of Hologic products. *See* Dkt. #12, #13.

### f.     The sophistication of the client

The bulk of Conceptus' examination of the *Concat* factors focuses on the sophistication of Hologic. *See* Opp. at 8-10. First, as noted in *Visa* and *Concat*, sophistication of the client is but one of many factors that must be considered in determining the effectiveness of an advanced waiver. *See Visa*, 241 F. Supp. 2d at 1106; *Concat*, 350 F. Supp. 2d at 820. And just as in *Concat* itself, courts

Reply Re Motion to Disqualify Baker & McKenzie LLP      7
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

1 have disqualified firms from representing sophisticated parties when the advance waiver is otherwise
2 insufficient. *See, e.g., Concat*, 350 F. Supp. 2d at 820 (disqualifying Morgan Lewis even though it
3 found that the Concat partner's "education and business experience are strongly indicative of a high
4 degree of sophistication"); *All American Semiconductor, Inc. v. Hynix Semiconductor, Inc.*, No. C07-
5 1200 *et al.*, 2008 U.S. Dist. LEXIS 106619, at **33-34 (N.D. Cal. Dec. 18, 2008) (finding that
6 defendant, a large manufacturer of semiconductors, did not waive conflict with plaintiff's counsel even
7 though a prospective waiver existed). Regardless of whether a sophisticated client may waive a
8 conflict with less information than a less sophisticated client, Baker & McKenzie's failure to disclose
9 ***any*** conflict was clearly inadequate.[4]  Even a sophisticated client should not have to fear being sued by
10 its own counsel based on a generic engagement letter, particularly when its counsel fails to disclose
11 potential conflicts and makes no attempt to inform the client or remedy the conflict for years. Further,
12 that sophisticated client should be particularly protected where, as here, it previously warned the firm
13 that it will not tolerate the very representation at issue.

### g.     The interests of justice

15 Throughout the Opposition, Baker & McKenzie levels unsupported accusations of
16 gamesmanship against Hologic (*see* Opp. at 1, 2, 6, 12-13), but the interests of justice tip clearly in
17 favor of granting Hologic's motion immediately. Hologic had no reason to believe that Baker &
18 McKenzie was acting adverse to Hologic after Mark Casey's initial objection – and Baker &
19 McKenzie's response thereto – in 2007. Casey Decl., ¶¶ 7-8. Given the assurance by Mensik that
20 there was no adverse position, Hologic trusted Baker & McKenzie's loyalty and continued engaging
21 Baker & McKenzie's services for the next two years. *Id*. In the months leading up to the filing of the
22 Complaint, Baker & McKenzie simultaneously represented Hologic (as pointed out in the Opposition
23 at 5) while continuing to work on building a case against Hologic, without ever informing Hologic of
24 the conflict. In early June, once Hologic learned of the filing of the Complaint (which was not served

---

[4] Conceptus' argument that it had no duty to disclose the conflict because Hologic "understood and appreciated" (Opp. at 10) the simultaneous representation has no legal support, and in any event, any understanding or appreciation by Hologic was based on Baker & McKenzie's promise that it only represented Conceptus regarding patent prosecution matters.

Reply Re Motion to Disqualify Baker & McKenzie LLP           8
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1

until July 9), Mark Casey again objected again to the representation. Casey Decl., Ex. 3.  Dismissing Casey's objection outright, Wisnia directed Casey to the STEs.  *Id*., Ex. 4.  At this point, Baker & McKenzie were fully aware of Hologic's objection but continued working against Hologic for another month, up until the Amended Complaint and Preliminary Injunction motion were served on Hologic's registered agent on July 9, 2009.

Conceptus' argument that Hologic somehow acquiesced to the representation after Casey objected by "not respond[ing to Wisnia's June 10] letter or further address[ing] the issue" is profoundly disingenuous.  Opp. at 13.  Hologic had made its position clear, as had Baker & McKenzie.  The only thing left to do (short of Baker & McKenzie's voluntary withdrawal) was engage in motions practice, but that motion would not be ripe unless and until Conceptus actually initiated the suit by serving the Complaint.  The suggestion that Hologic was dilatory in filing the motion (*see* Opp. at 13), is belied by the fact that Hologic filed and served its motion ***eight business days*** after being served in this case.  In contrast, four weeks passed (between June 8 and July 9) during which Baker & McKenzie clearly knew of Hologic's objection but yet did nothing to secure new counsel or otherwise prepare for the prospect that Hologic's objection might be found meritorious.  Accordingly, Conceptus' belated claim that it does not have adequate time to substitute counsel is without merit.  *See FMC Techs, Inc. v. FMC Foodtech, Inc.*, 420 F. Supp. 2d 1153, 1162 (W.D. Wash. 2006) (Disqualifying defendants' counsel and rejecting argument that defendants will be prejudiced by substituting counsel; "[a]ny prejudice Defendants face is due to their attorneys' decision to ignore a conflict of interest").

Conceptus' related request that Baker & McKenzie should be allowed to represent Conceptus through the Preliminary Injunction (*see* Opp. at 3) should also be denied.  Although Conceptus accuses Hologic of being "tactical" in filing its motion (Opp. at 13), it is not Hologic's fault that Baker & McKenzie failed to prepare new counsel after Casey's objection.  Allowing Baker & McKenzie to submit a reply brief, engage in oral argument, and subject Hologic witnesses to deposition and/or cross-examination by its own law firm is precisely the type of prejudice and absence of loyalty that California's Professional Conduct Rule 3-310 protects against.

As further support for its request to maintain current counsel through the Preliminary Injunction hearing, Conceptus cites, as it also does in its Motion for Preliminary Injunction, a purported imminent threat of irreparable harm should the Court delay resolution of the preliminary injunction request. *See* Opp. at 1, 3; Motion for Preliminary Injunction (Dkt. # 13) at 20-23. Initially, any suggestion that such irreparable harm is imminent is wholly unsupported and apparently solely for the Court's consumption; Conceptus' CEO has publicly stated to Conceptus' investors within the last week that the introduction of Hologic's product will have "a very small impact" on Conceptus' market share.[5] In any event, even if a delay were needed to get new counsel up to speed, that is solely the fault of Conceptus. Again, even though it was not served with the Complaint, Hologic objected to Baker & McKenzie's involvement in this case almost two months ago. If a potential delay from the switch of counsel was such a problem, Conceptus could have and should have been preparing new counsel for those two months. It is not Hologic's responsibility that Conceptus and Baker & McKenzie apparently decided not to do so.[6]

### 2.  Baker & McKenzie never requested a second, more specific waiver once the conflict between Conceptus and Hologic became apparent.

Even if the STE were not facially ineffective, Baker & McKenzie failed to follow the second requirement of a law firm seeking to avoid the duty of loyalty in this context based on a general waiver, *i.e.*, it did not follow up with Hologic when Baker & McKenzie decided to sue Hologic on

---

[5] Transcript of July 22, 2009 Analyst Call regarding Conceptus Second Quarter 2009 Financial Results, available at *http://investor.conceptus.com/eventdetail.cfm?eventid=70464*.

[6] Conceptus' heavy reliance on *Visa* in support of its argument that the prospective waiver is valid (*see* Opp. at 7-8, 10) is misplaced. Contrary to the present case, the *Visa* court found that the prospective waiver was adequate because (1) Heller informed First Data at the start of the engagement that it had a long-standing relationship with Visa, and (2) Heller informed First Data that it could not represent First Data in any patent infringement case against Visa. *See Visa*, 241 F. Supp. 2d at 1102-03. As set forth below, such disclosures are simply not present in this case. Baker & McKenzie never informed Hologic after the merger that Baker & McKenzie had an established relationship with Conceptus, and would continue to represent Conceptus in any patent infringement case. To the contrary, Baker & McKenzie told Mark Casey that it only provided representation to Conceptus in patent prosecution, and would not take any adverse position. Casey Decl., ¶ 7. Indeed, applying the *Concat* prospective waiver factors to the instant case requires a finding that the STE was not informed, written consent.

Conceptus' behalf.  Baker & McKenzie's admission that its "communications relating to the conflict could have been better" (Opp. at 11) only underscores the need for – and the significance of the absence of – such a follow-up effort.  Given that the prospective waiver in the STE identified no possible conflicting client, time period, subject matter of the conflict, and the type of representation, there can be no dispute that the waiver "insufficiently disclosed the nature of the subsequent conflict" and Baker & McKenzie was obligated to, but never did, secure a second, more specific waiver.  *See Concat*, 350 F. Supp. 2d. at 821; *see also All American Semiconductor*, 2008 U.S. Dist. LEXIS 106619, at *34 ("Plaintiffs did not offer persuasive evidence or argument indicating that the prospective waiver provision sufficiently disclosed the nature of the conflict that has ***subsequently arisen*** between the parties, and that [defendant] knowingly and specifically waived its right to object to this conflict.") (emphasis added).

### C. The "Thrust Upon" Doctrine Does Not Preclude Disqualification

Conceptus also argues that it should be excused from its duty of loyalty to Hologic by virtue of the conflict being "thrust upon" Baker & McKenzie after Hologic's merger with Cytyc in 2007.  *See* Opp. at 11-12.  As an initial matter, California's ethical rules apparently do not address "thrust upon" conflicts, and Baker & McKenzie points to no California precedent holding that the mere fact that a conflict is "thrust upon" an attorney allows the attorney to continue representation in the face of a conflict of interest.  In any event, and more fundamentally, the conflict ceased to be "thrust upon" once Baker & McKenzie opened the first new post-merger matter for Hologic.  Nor was Hologic a thrust-upon client for the sixteen more recent matters for which Baker & McKenzie has chosen to act as Hologic's counsel, and bill Hologic accordingly, many of which are ongoing.  *See* Engel Decl., ¶ 4.  Simply put, by deciding to work for Hologic itself – and not merely continuing to work on Cytyc matters pre-dating the merger – Baker & McKenzie indisputably decided to bear the commensurate ethical duties vis-à-vis Hologic.  And one of those duties was not to sue Hologic.

### III. CONCLUSION

By simultaneously representing Conceptus against Hologic in this case without receiving informed written consent, Baker & McKenzie has failed to abide by its duty of loyalty, in direct

violation of Rule 310(C)(2) of the California Rules of Professional Conduct.  Accordingly, Baker & McKenzie must be disqualified immediately.

Dated:  July 31, 2009                                   Respectfully submitted,

                                                        HOWREY LLP


                                                        By:  /s/ Katharine L. Altemus
                                                             Katharine L. Altemus
                                                             Howrey LLP
                                                             Attorneys for Defendant HOLOGIC, INC.

# PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1950 University Avenue, 4th Floor, East Palo Alto, California 94303.

On July 31, 2009, I served on the interested parties in said action the within:

**REPLY IN SUPPORT OF MOTION TO DISQUALIFY
BAKER & McKENZIE LLP AS COUNSEL OF RECORD FOR CONCEPTUS, INC.**

April Michelle Wurster
april.m.wurster@bakernet.com
Howard Niel Wisnia
howard.n.wisnia@bakernet.com
James Paul Conley
james.p.conley@bakernet.com
12544 High Bluff Drive
Third Floor
San Diego, CA  92130
Telephone:  858-259-8200
Facsimile:  858-259-8290

[X]  (BY ELECTRONIC MAIL)  I caused such document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

[X]  (BY CM/ECF)  I caused such document(s) to be sent via electronic mail through the Case Management/Electronic File system with the U.S. District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 5, 2009, at East Palo Alto, California.

| Tammy Miller | /s/ Tammy Miller |
|---|---|
| (Type or print name) | (Signature) |

Reply Re Motion to Disqualify Baker & McKenzie LLP            13
as Counsel of Record for Conceptus, Inc.
Case No.  C 09-02280 WHA

DM_US:22308305_1