IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONCEPTUS, INC.,

    Plaintiff,

  v.

HOLOGIC, INC.,

    Defendant.
                                   /

AND RELATED COUNTERCLAIMS.
                                   /

No. C 09-02280 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT**

      In this patent infringement action involving intrafallopian contraceptive devices, the parties dispute whether plaintiff's "counterclaims in reply" — meaning, counterclaims asserted by Conceptus, Inc. in its reply to defendant Hologic, Inc.'s counterclaims — are procedurally proper under the Federal Rules of Civil Procedure. This motion is on a shortened briefing schedule as agreed by the parties. Hologic insists that Conceptus's counterclaims in reply, which mirror its own counterclaims based on federal and state unfair competition law, have been improperly pled. Conceptus disagrees, and moves to compel Hologic to respond. Alternatively, in the event that its counterclaims in reply are found procedurally improper, Conceptus seeks leave to add these counterclaims in reply to its complaint.

      While not expressly authorized by the Federal Rules of Civil Procedure, the Ninth Circuit permits counterclaims in reply to an opposing party's counterclaims if they are compulsory in

nature. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985) (superseded in part by statute); *see also* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1188 (arguing that courts should not allow permissive counterclaims in reply, but that parties should seek leave to amend their complaint to add the permissive counterclaims). Whether a counterclaim in reply is compulsory (rather than permissive) depends upon whether it "arise[s] from the same transaction or occurrence as the [defendant's] counterclaim." *Davis & Cox*, 751 F.2d at 1525; FRCP 13(a). "'[T]ransaction' is a word of flexible meaning which may comprehend a series of occurrences if they have logical connection." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246 (9th Cir. 1987) (citation omitted); *see also In re Marshall*, ___ F.3d ____, 2010 WL 986781, at *15 (9th Cir. 2010) (citing the "logical connection" test in *Pochiro* with approval).

Here, both sides essentially accuse the other of misrepresenting clinical data about each other's products. Though these are both claims of misrepresentation of clinical data, they do not arise from the same transaction or occurrence. For example, Conceptus's counterclaims in reply arose from representations made by Hologic or its representatives, while Hologic's counterclaims arose from representations made by Conceptus or its representatives on separate occasions. In other words, while each wants to accuse the other of very similar bad marketing acts, each relied on different transactions. As such, Conceptus's counterclaims in reply are not compulsory counterclaims and were improperly pled. Plaintiff's motion to compel is therefore **DENIED.**

In the alternative, Conceptus asks for leave to add its counterclaims in reply to its complaint. The deadline for pleading amendments of course has long since passed.

> [A] party seeking to amend pleading[s] after [the] date specified in [the] scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15. . . [The] 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . The court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.

*Johnson v. Mammoth Rexreations Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992) (citations omitted).

Although Conceptus seeks to amend its complaint after the deadline, its counterclaims in reply were asserted on October 14, 2009, well before the December 17 deadline to amend the

1 pleadings. Conceptus apparently believed that the counterclaims in its reply brief were properly
2 pled and did not realize its mistake until after the deadline for amendments, when defendant
3 refused to answer them. Conceptus has established diligence. If Hologic believed that these
4 counterclaims were improperly pled, it should have made a formal objection to the Court or
5 moved to strike Conceptus' counterclaims. Conceptus has also added in several allegations that
6 occurred after the deadline for leave to amend. For obvious reasons, Conceptus could not have
7 met the deadline to add in these allegations irrespective of its diligence. It will be allowed.

Conceptus's request for leave to amend is **GRANTED.** Plaintiff must file its amended complaint by **NOON ON FRIDAY APRIL 16, 2010,** and defendant must respond by **NOON ON THURSDAY MAY, 6, 2010.**

**IT IS SO ORDERED.**

Dated: April 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3