IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPTUS, INC., | No. C 09-02280 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| HOLOGIC, INC., | |
| Defendant. | |

With the close of fact discovery looming large in this patent infringement action, defendant Hologic, Inc. moves for leave to amend its invalidity contentions in response to an eleventh-hour "supplemental interrogatory response" involving reduction-to-practice dates served by plaintiff Conceptus, Inc. on July 22, 2010. Alternatively, if leave to amend is denied, Hologic moves to strike Conceptus' supplemental interrogatory response.

The events underlying this dispute are straightforward. In December 2009, Conceptus responded to Hologic's first interrogatory in this action, which inquired into the dates that the inventions in the asserted claims had been reduced to practice. In its response, Conceptus stated that method claims 36 through 38 in U.S. Patent No. 6,634,361 had been reduced to practice "no later than February 1995." Additional reduction-to-practice dates were also included for claims that are no longer at issue in this dispute. Hologic relied upon this interrogatory response for almost seven months as discovery and claim construction unfolded.

1    With the August 31 deadline for fact discovery on the horizon, on July 22, 2010, as "a
2 result of preparations for Rule 36(b)(6) and inventor depositions," Conceptus "decided it was
3 prudent to supplement its response" to defendant's first interrogatory pursuant to FRCP 26(e).
4 During the evening of July 22, Conceptus served upon Hologic a supplemental interrogatory
5 response that altered numerous reduction-to-practice dates by as much as three years.
6 (Coincidentally, this was also the evening immediately before Hologic was scheduled to take
7 Conceptus' 30(b)(6) deposition on reduction-to-practice issues.) With respect to method claims
8 36 through 38 of the '361 patent, Conceptus now claimed that they had been reduced to practice
9 "no later than early 1998" with respect to a "beta" device and "no later than late 1998" with
10 respect to a "one size fits all" device. The response also cited over five thousand pages of
11 supporting documents that had not been referenced (but, to Conceptus' credit, had been produced
12 to defendant) in support of Conceptus' initial interrogatory response.

13    Recognizing that the three-year "correction" in reduction-to-practice dates bolstered its
14 arguments pertaining to invalidity, Hologic sought leave from Conceptus to amend its invalidity
15 contentions to reflect plaintiff's changed position set forth in its "supplemental interrogatory
16 response." Conceptus refused to allow Hologic to make any such amendments.

17    The answer to this dispute is simple: even acknowledging that Conceptus had a duty
18 under FRCP 26(e) to supplement its interrogatory responses with respect to reduction-to-practice
19 dates after gaining pertinent information during discovery, it would be unfairly prejudicial to bar
20 Hologic from adjusting its invalidity contentions to conform to the new dates.

21    None of Conceptus' arguments is persuasive. *First*, while it may be true that Hologic had
22 access to the inventor notebooks that formed the basis of Conceptus' changed position, it was
23 reasonable for Hologic to rely on Conceptus' initial interrogatory response and shape its
24 invalidity contentions around the assertion that claims 36 through 38 of the '361 patent were
25 reduced to practice "no later than February 1995." Hologic was not required, after receiving the
26 inventor notebooks and other materials during discovery, to revise its invalidity contentions in
27 anticipation that Conceptus *might* choose to alter its reduction-to-practice dates by three years, as
28 plaintiff appears to suggest. *Second*, Conceptus cannot claim that allowing the amendment would

be unduly prejudicial. As the end game before trial approaches, both sides have an interest in fortifying their respective claims and defenses. Thus, any last-minute changes to positions and theories — whether made pursuant to a duty under FRCP 26(e) or made in reaction to eleventh-hour changes to interrogatory responses — will risk prejudicing the other side. Here, allowing Hologic to amend its invalidity contentions to conform to Conceptus' July 22 "update" to its asserted reduction-to-practice dates ensures that both sides will be equally prejudiced.

Defendant's motion for leave to amend its invalidity contentions is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3