1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONCEPTUS, INC.,

        Plaintiff,

  v.

HOLOGIC, INC.,

        Defendant.

_____/

No. C 09-02280 WHA

**ORDER GRANTING MOTION TO
DECLARE ATTORNEY-CLIENT
PRIVILEGE WAIVED, DENYING
AS MOOT MOTION TO COMPEL
AND VACATING HEARING**

**INTRODUCTION**

In this patent-infringement action, defendant Hologic, Inc. moves to declare that plaintiff Conceptus, Inc. waived attorney-client privilege with respect to a letter disclosed during discovery. For the reasons stated below, the motion to declare attorney-client privilege waived is GRANTED. In addition, defendant moves to compel deposition testimony from Mr. Gurskis. After submission of this motion, however, the parties agreed to a date for the deposition to occur, so this motion is DENIED AS MOOT. Accordingly, the hearing scheduled for these motions is VACATED.

**STATEMENT**

Plaintiff sells an intrafallopian contraceptive device called Essure. Defendant owns and markets the Adiana contraceptive device. Both devices produce intrafallopian occlusion, which either prevents conception from occurring or blocks the passage of a fertilized ovum to the uterus.

**United States District Court**
For the Northern District of California

1    Plaintiff has been involved as a party to two different lawsuits involving its intellectual

2 property.  The first was a dispute with a company, Ovion, Inc., which began in 2002 and was

3 settled in 2003.  During the litigation in that case plaintiff disclosed to Ovion a two-page letter,

4 bates-numbered CONOVI0004816-17.  The entire discovery process in the litigation with Ovion

5 included the production of more than 95,000 pages of documents.  According to counsel for

6 plaintiff during that case, disclosure of the letter was not intentional.  Plaintiff also contends that

7 the letter was never used in any deposition or pleading in that case.  Therefore, plaintiff was not

8 aware of the inadvertent disclosure of the letter during that case.

9    In the instant case, defendant successfully moved to disqualify counsel for plaintiff in

10 2009.  Plaintiff's new counsel took over and responded to a request from defendant for production

11 of all documents produced by plaintiff in the dispute with Ovion.  Plaintiff complied with this

12 request and plaintiff's counsel did not review the documents before producing them to defendant

13 in January 2010.  Plaintiff's counsel did not review these documents because they understood that

14 the large volume of documents had previously been reviewed by plaintiff's prior counsel during

15 the litigation with Ovion.

16    In August 2010, during a deposition of Mr. Nikolchev, counsel for defendant asked a

17 question about the letter.  Plaintiff's counsel objected and asserted privilege.  Plaintiff claimed

18 this was the first instance it became aware of the disclosure of the letter.  Plaintiff's counsel told

19 defendant that the letter was privileged and should not have been disclosed during discovery in

20 either case.  Defendant claims the letter was not privileged because plaintiff waived privilege.

21 Defendant brought the instant action to resolve this dispute.

22    Defendant also moved to compel the testimony of Mr. Gurskis.  After submission of this

23 motion, however, the parties agreed his deposition will take place on October 15.

24                **ANALYSIS**

25    Federal Rule of Evidence 502(b) governs waiver of privilege in federal proceedings.

26 The disclosure of a privileged document normally operates as a waiver unless three conditions are

27 satisfied:  "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took

28 reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to

United States District Court

For the Northern District of California

1    rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

2    Fed. R. Evid. 502(b).  The burden of proving that the attorney-client privilege applies rests not

3    with the party contesting the privilege, but with the party asserting it.  *Weil v.*

4    *Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 2005).

5    Plaintiff fails to meet this burden.

6         Plaintiff argues that disclosure of the letter was inadvertent because counsel for plaintiff

7    declared that the disclosure was not intentional.  This order need not find whether disclosure was

8    inadvertent because plaintiff did not take reasonable steps to prevent disclosure, and in failing to

9    do so, waived privilege.  If a party carelessly produced a privileged document, the privilege

10   associated with that document is waived.  *Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl.

11   480, 510 (2009).  The letter disclosed by plaintiff was not marked confidential or privileged in

12   either 2003 or 2010.  In addition, plaintiff's counsel acknowledges she did not review the

13   privilege logs from the Ovion litigation to determine if the letter was initially intended as

14   privileged.

15        Plaintiff admitted it did not review the large amount of documents disclosed to defendant

16   because it understood that prior counsel had reviewed the documents before providing them to

17   Ovion.  Plaintiff does not, however, describe any reasonable steps taken to prevent disclosure of

18   the letter.  Merely asserting that prior counsel inadvertently disclosed the letter does not meet the

19   burden of proof.  *Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564, 566 (C.D. Cal. 2009).

20   Plaintiff does not describe in what manner the letter was specifically disclosed during the Ovion

21   litigation.  Plaintiff did not provide information on the number of documents produced at the

22   same time as the letter, the nature of review before disclosure, or the time taken to conduct the

23   review.  Plaintiff's prior counsel declares that disclosure of the two-page letter was inadvertent,

24   but this declaration is insufficient.  *International Business Machines Corp. v. United States*, 37

25   Fed. Cl. 599, 604 (1997).

26        Plaintiff argues the disclosure was inadvertent and that it acted promptly to rectify the

27   error once it became aware of disclosure.  These arguments do not address prevention of

28

3

1   disclosure.  Plaintiff failed to meet its burden in showing it took reasonable steps to prevent the

2   disclosure from occurring in either instance.

3   **CONCLUSION**

4          For the reasons provided herein, the motion to declare attorney-client privilege waived for

5   the document bates-numbered CONOVI0004816-17 is **GRANTED**.  In addition, defendant moves

6   to compel deposition testimony from Mr. Gurskis.  After submission of this motion, however, the

7   parties agreed to a deposition date, so this motion is **DENIED AS MOOT.**  The hearing scheduled

8   for these motions is **VACATED**.

9

10         **IT IS SO ORDERED.**

11

12  Dated:  October 4, 2010.

13  _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4