**ARNOLD & PORTER LLP**
MATTHEW M. WOLF (*pro hac vice*)
matthew.wolf@aporter.com
JOHN E. NILSSON (*pro hac vice*)
john.nilsson@aporter.com
SARA P. ZOGG (*pro hac vice*)
sara.zogg@aporter.com
555 Twelfth Street, NW
Washington, DC 20004
Telephone:     202-942-5000
Facsimile:     202-952-5999

JENNIFER A. SKLENAR (SBN 200434)
jennifer.sklenar@aporter.com
NICHOLAS H. LEE (SBN 259588)
nicholas.lee@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90071
Telephone:     213-243-4000
Facsimile:     213-243-4199

MICHAEL A. BERTA (SBN 194650)
michael.berta@aporter.com
One Embarcadero Center, 22nd Floor
San Francisco, CA  94111-3711
Telephone:     415-356-3000
Facsimile:     415-356-3099

Attorneys for Defendant
HOLOGIC, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCEPTUS, INC., | Case No. C 09-02280 WHA |
| Plaintiff, | **HOLOGIC, INC.'S MOTION IN LIMINE NO. 3 REGARDING ADMISSIBILITY OF EVIDENCE TO SHOW KNOWLEDGE OF INFRINGEMENT FOR INDIRECT INFRINGEMENT LIABILITY** |
| v. | |
| HOLOGIC, INC., | |
| Defendant. | Hearing Date: September 16, 2011<br>Hearing Time: 9:00 a.m.<br>Courtroom:     9, 19th Floor<br>Judge:          Hon. William Alsup |

1   **I.     INTRODUCTION**

2          Hologic, Inc. ("Hologic") moves *in limine* under Fed. R. Evid. 402 and 403 and *Global-Tech*

3   *Appliances, Inc., v. SEB S.A.*, 131 S.Ct. 2060 (2011) ("*Global-Tech*") (i) to preclude Conceptus from

4   offering evidence or argument that its own allegations of infringement are proof that Hologic

5   possessed the requisite knowledge for indirect infringement liability or, in the alternative, (ii) to allow

6   Hologic to present evidence of the full history of this case to rebut any such theory.

7          Since the close of fact discovery, Conceptus has indicated that it intends to rely on its own

8   allegations of infringement in pre-suit correspondence and in this case as somehow probative of the

9   scienter element of indirect infringement.  In all of its various disclosures prior to the close of

10  discovery, Conceptus' cited bases for its claim of indirect infringement were limited to:  (1) Hologic's

11  notice of the asserted patents (which is undisputed) and (2) Hologic's instructions and components for

12  using the Adiana method that supposedly result in infringement.  Conceptus never cited any evidence

13  that Hologic had actual knowledge or a belief that use of its Adiana product infringed asserted claims

14  37 and 38.  Now, in a vain and belated attempt to satisfy the *Global-Tech* requirement of "knowledge

15  of infringement" for both induced and contributory infringement, Conceptus suggests that its notice

16  letter, and allegations of infringement, are together sufficient evidence not just of ***notice of the patent***,

17  but also of Hologic's supposed ***knowledge of infringement***.  (*See, e.g.*, Dkt. No. 376 at 2.)  This

18  argument should be excluded as untimely.

19         In the alternative, if Conceptus is permitted to rely upon its own allegations of infringement, or

20  any of the events in this case, Hologic requests that it be permitted to introduce evidence as to the

21  disposition of Conceptus' other infringement allegations.  While recognizing that Courts are reluctant

22  to allow testimony of prior court proceedings or rulings, it would be fundamentally unfair for

23  Conceptus to suggest that Hologic's state of mind should have been conclusively influenced by

24  Conceptus' allegations of infringement as to claims 37 and 38 while at the same time excluding:  (1)

25  evidence that certain issues relevant to the asserted claims have been decided in Hologic's favor in the

26  context of preliminary injunction and summary judgment proceedings, and (2) evidence that

27  Conceptus' other allegations as to numerous claims and patents were withdrawn.

28

1    **II.      ARGUMENT**

2          **A.      Conceptus Should Be Barred From Raising An Untimely Argument**

3          From the first articulation of Conceptus' claims of indirect infringement with respect to the

4    '361 patent, Conceptus asserted only that Hologic instructed its physicians in an allegedly infringing

5    FDA-approved method of how to use the Adiana system (alleged inducement) and that the Adiana

6    system has no substantial non-infringing uses (alleged contributory infringement).  (Dkt. No. 285-1 at

7    Section D.)  Absent from Conceptus' allegations was any claim that Hologic has any specific

8    knowledge of infringement or specific intent to cause particular acts with knowledge that those acts

9    infringe.  (*See generally id.*)  Despite reserving the right to do so (*see id.*), Conceptus never amended

10   or updated its Patent Local Rule disclosures on these issues.

11         Similarly, in its discovery responses, Conceptus was required to set forth its contentions and

12   any facts to support its allegations of indirect infringement.  With respect to contributory infringement,

13   Conceptus averred that the Adiana system was "especially made or adapted for use in the directly

14   infringing procedures and use" and went on to set forth contentions as to how the procedures and use

15   allegedly directly infringe, but offered no contentions that would show or even suggest that Hologic

16   has <u>knowledge</u> that those acts "constitute patent infringement."  (*See* Dkt. No. 285-8 at 11-12.)  With

17   respect to alleged inducement, Conceptus conclusorily averred that "Hologic was aware of the '361

18   patent and that the intended and prescribed use of the Adiana System (including the matrix) infringed

19   claims 8, 37 and 38 of the '361."  (*Id*. at 12-13.)  In support of this averment, Conceptus alleged that

20   Hologic instructs physicians in how to use the Adiana system, and then goes on to assert that

21   "Hologic's opinions of counsel are deficient, Hologic did not reasonably or in good faith rely on the

22   opinions, and Hologic failed to seek any further opinions of counsel subsequent to the Court's

23   construction of claims 8, 37 and 38."  (*Id*.)  None of these assertions, however, disclosed any theory or

24   evidence that Hologic had "knowledge of infringement."

25         It is only now, long after the close of discovery, that Conceptus has come forward with a new

26   theory regarding indirect liability.  Conceptus is now signaling that it intends to rely on certain notice

27   letters, and the infringement allegations in this case, as indirect evidence of Hologic's "knowledge of

28   infringement."  For example, in its opposition to Hologic's motion for leave to file summary judgment

1   papers in light of *Global-Tech*, Conceptus asserts that "a notice letter identifying the patent *and the*

2   *accused acts of infringement*" would be "conclusiv[e]" evidence of knowledge of infringement.  (Dkt.

3   No. 372 at 2-3.)  Conceptus thus seeks to establish "knowledge of infringement" by relying on its

4   allegations of infringement – a new theory that is nowhere reflected in Conceptus' discovery

5   disclosures.

6         Conceptus' reliance on this new theory should be precluded.  Having never made the required

7   disclosures in discovery, Conceptus should not be permitted to advance this untimely theory now.[1]

8   **B.   If Conceptus Is Permitted To Argue That Its Allegations Or Events In This**
        **Litigation Are Evidence Of Hologic's State Of Mind, Hologic Should Be Permitted**
9       **To Tell The Whole Story**

10        In the event that Conceptus is permitted to make its thirteenth-hour argument to the jury that

11  Hologic has "knowledge of infringement" by virtue of Conceptus' allegations or any of the events in

12  this litigation, Hologic would be seriously prejudiced unless it were permitted to tell the complete story

13  of its litigation with Conceptus.  Recognizing that Courts are reluctant to allow evidence concerning

14  prior court proceedings or rulings, it was Hologic's understanding that neither party would raise any of

15  the events in this case as evidence.  Indeed, for this reason, Hologic agreed to stipulations when

16

17  ─────────────────

18  [1]   In addition, Conceptus is simply wrong as a matter of proof that notice of an allegation of
    infringement can be conclusive evidence of "knowledge of infringement" on the part of the recipient.
19  Rather, knowledge of infringement requires a subjective belief and specific intent to infringe.  This
    was the holding of the Supreme Court in *Global-Tech*, where it stated that an accused does not need
20  mere <u>notice</u> of infringement, but instead needs "***knowledge of infringement***."  *Global-Tech*, 131 S.Ct.
    at 2068.  This is also the import of the holding in *Aro Mfg. Co. v. Convertible Top Replacement Co.*,
21  377 U.S. 476 (1964) ("*Aro II*"), on which *Global Tech* relies, where the accused infringer could not be
    liable absent a showing of knowledge that the accused device was "patented ***and*** infringing."  *Aro II*,
22  377 U.S. at 491.

23  This is also consistent with the decision of the Federal Circuit in *DSU Medical* (*en banc* in part), which
    upheld a jury finding of no inducement where, even though the patent-holder had written a letter to the
24  defendant asserting infringement, the defendant had obtained opinions of counsel that its device did
    not infringe and thus <u>did not</u> have the requisite "intent to infringe."  *DSU Med. Corp. v. JMS Co., Ltd.*,
25  471 F.3d 1293, 1307 (Fed. Cir. 2006).  Thus, *DSU Medical* directly affirms that the subjective belief of
    the accused determines "knowledge of infringement," <u>not</u> the allegation of infringement by the
26  accuser.  *See also Water Tech. Corp. v. Calco, Ltd.*, 850 F.2d 660 (Fed. Cir. 1988) (cited with approval
    by *DSU Medical* and by *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)) (recognizing that
27  an opinion of counsel was relevant to intent to induce infringement).

28

1  Conceptus dismissed with prejudice certain patents and claims from the litigation that neither party

2  would refer to the dismissed patents and claims in front of the jury.  (*See, e.g.*, Dkt. Nos. 141, 219.)

3  Here, however, long after the stipulations were signed, Conceptus is now seeking to open the door into

4  part of that evidence – but only the part favorable to it – seeking to use as evidence its assertions of

5  infringement against Hologic.  The problem is that this will lead to unfair prejudice, because the

6  relevant evidence, considered as a whole, dictates that no reasonable juror could infer that Hologic

7  believes it infringes claims 37 and 38 based merely on the fact that Conceptus has provided Hologic

8  with notice of its allegations of infringement of these claims.

9       Rather, the events of this litigation only confirm the reasonableness of Hologic's belief that it

10  does not infringe any of Conceptus' intellectual property rights.  For example, when Conceptus

11  initiated this lawsuit, it accused Hologic of infringement of 26 claims spread over five different

12  patents. (Dkt. No. 285-1 at Section A.)  When Conceptus moved for a preliminary injunction,

13  Conceptus alleged infringement of eight (8) separate claims from three different patents.  (*See* Dkt. No.

14  20.)  Conceptus then dropped seven of the asserted claims and two of the asserted patents (*see* Dkt. No.

15  91), and lost its bid for preliminary relief on the one remaining claim of the last patent after the Court

16  found, among other things, a substantial question concerning infringement and validity.  (*See* Dkt. No.

17  131.)  Now, at this stage of the litigation, Conceptus is only proceeding on the '361 patent.  However,

18  of the 6 claims of the '361 patent initially at issue, Conceptus has dropped three claims and the Court

19  granted Hologic's summary judgment motion of another claim.  (*See* Dkt. No. 356.)  This leaves only

20  claims 37 and 38, regarding which the Court has already determined that reasonable persons could find

21  non-infringement.  (*Id*. at 12.)

22       If Conceptus is now permitted to pursue its new theory and open the door with respect to what

23  a reasonable juror should infer from the fact of Conceptus' allegations, Hologic requests that it be able

24  to respond with the remaining evidence as to whether Conceptus' allegations carry any evidentiary

25  weight; namely, evidence of all of the remaining claims that Conceptus has leveled at Hologic and

26  what their disposition has been.  When the parties stipulated in January and June 2010, before the close

27  of discovery, not to refer to dismissed allegations in front of the jury, Conceptus had not disclosed any

28  theory that it could argue about Hologic's subjective knowledge of infringement based on Conceptus'

1  allegations in this case.  Now that Conceptus is advancing this new theory, preventing Hologic from

2  introducing the remaining evidence as to the accuracy of Conceptus' claims will only lead the jury to a

3  false inference.

4

5  Dated:  August 29, 2011                    Respectfully submitted,

6

7                                      By:  */s/ Nicholas H. Lee*
                                          Nicholas H. Lee (SBN 259588)

8
                                          **Arnold & Porter LLP**
9                                         44th Floor
                                          777 South Figueroa Street
10                                        Los Angeles, CA  90071
                                          Telephone:  (213) 243-4000
11                                        Facsimile:  (213) 243-4199
                                          Email:  nicholas.lee@aporter.com

12                                        *Attorneys for Defendant HOLOGIC, INC.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIDLEY AUSTIN LLP**
M. PATRICIA THAYER (SBN 90818)
pthayer@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:     415-772-1200
Facsimile:      415-772-7400

BRYAN K. ANDERSON (SBN 170666)
bkanderson@sidley.com
AARON R. BLEHARSKI (SBN 240703)
ableharski@sidley.com
1801 Page Mill Road, Suite 110
Palo Alto, CA 94304
Telephone:     650-565-7000
Facsimile:      650-565-7100

NITIN REDDY (SBN 229451)
nreddy@sidley.com
TASHICA T. WILLIAMS (SBN 256449)
ttwilliams@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Telephone:     213- 896-6000
Facsimile:      213- 896-6600

Attorneys for Plaintiff
Conceptus, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCEPTUS, INC., | Case No. 09-cv-02280-WHA |
| Plaintiff, | **CONCEPTUS' OPPOSITION TO HOLOGIC'S MOTION *IN LIMINE* #3** |
| v. | Trial Date:    September 16, 2011 |
| HOLOGIC, INC., | Time:           9:00 am |
| Defendant. | Courtroom:   9, 19th Floor |
| | Judge:          Hon. William H. Alsup |

1    Conceptus respectfully requests that this Court deny Hologic's Motion in Limine No. 3.

2  From the start of this litigation, Conceptus has set forth its theory that its letters notifying Hologic

3  of the '361 patent and the filing of its initial complaint prior to FDA approval and any infringement

4  helped establish that Hologic knew that the Adiana method of permanent contraception infringed

5  claims 37 and 38 of the '361 patent.  The Court thus should reject Hologic's attempt to paint

6  Conceptus's argument as "new" or "untimely."  Nor should the Court permit Hologic to renege on

7  its stipulation and this Court's order that "[n]either side will make reference to a jury that the

8  dismissed patents and claims were once asserted in the case."  Dkt Nos. 141 & 219.  Contrary to

9  Hologic's assertions, the dismissed patent claims have absolutely nothing to do with whether

10  Hologic knew that Adiana infringed claims 37 and 38 of the '361 patent.  The Court thus should

11  deny Hologic's motion in its entirety.

12                              **ARGUMENT**

13  **I.    Conceptus's Disclosures Concerning Knowledge Of Infringement Were Sufficient And**
14  **Timely.**

15    It is "undisputed" that on February 1, 2007 and March 16, 2007, Conceptus provided Hologic

16  "notice of [Conceptus's] asserted patents," including the '361 patent.  Mot. at 1.  It is also

17  undisputed that Conceptus instituted this action on May 22, 2009, more than a month before the

18  FDA approved the Adiana Permanent Contraception System for sale in the United States and thus

19  before any infringement of the '361 patent had occurred.  Dkt. No. 1.  Yet Hologic now seeks to

20  prevent Conceptus from using these undisputed facts to help establish Hologic's knowledge of

21  infringement.  The Court should reject Hologic's ploy.

22    By selectively and misleadingly quoting from Conceptus's discovery responses, Hologic

23  argues that Conceptus never disclosed that it planned to use the notice letters and the filing of this

24  case as evidence relevant to the knowledge element of indirect infringement.  Mot. at 2.  In fact,

25  from the inception of this case, Conceptus has consistently advanced the precise theory of which

26  Hologic now curiously claims it had no notice.

27    Conceptus first advanced its contention that the notice letters and filing of this lawsuit help

28  show that Hologic had knowledge of infringement in *the initial Complaint* for declaratory relief filed

-1-

1  in 2009.  There, Conceptus pointed to the notice letters sent on February 1, 2007 and March 16, 2007

2  (Dkt. No. 1 at ¶¶ 27-28), alleged that "Hologic had (and continues to have) actual notice of

3  Conceptus' patent rights" (*id*. at ¶ 30), and advanced the theory that Hologic's actions were knowing

4  and "deliberate" because it "has continued with its plan to release the infringing product after

5  receiving notice of Conceptus' patents," (*id*. at ¶ 32).  Hologic cannot credibly claim that it lacked

6  knowledge of these allegations.  It admitted receiving the notice letters in its Answer.  See Dkt. No.

7  69 at ¶¶26-27; *see also* Dkt. No. 205 at ¶¶ 23-24; Dkt. No. 209 at ¶¶ 23-24.

8       Similarly, Conceptus timely disclosed the same theory of knowledge in discussing

9  willfulness in its patent disclosures, which were served on November 19, 2009:

> Conceptus *provided Hologic with notice of infringement* of each of the Patents-In-Suit, *at least as early as May 2009, when Conceptus served its complaint in this action*. This was prior to the FDA approval of Adiana, and prior to Hologic's first commercial sale of Adiana. As a result, prior to Hologic's first commercial sale of Adiana, Hologic knew or should have known that Adiana infringed the Asserted Claims, but Hologic has continued to make, use, sell, offer to sell, and import Adiana.

> * * *

> *On February 1, 2007, Conceptus through its counsel, provided written notice to Adiana, Inc.* (since purchased by Cytyc prior to Cytic's merger with Hologic) informing it of Conceptus's patent rights. *Again on March 16, 2007, Conceptus through its counsel, provided written notice to Cytyc informing it of Conceptus's patent rights.*

> * * *

> *Hologic's conduct has been deliberate because, inter alia, it continued its plan to release, and in fact released, its infringing product after receiving notice of Conceptus's patents, and after this lawsuit was filed.*

Conceptus's Patent Local Rule 3-1 (h) Disclosure (Dkt. No. 285-1 at 8:6-9:1) (emphases added).

Likewise, in its discovery responses, Conceptus expressly incorporated its prior patent disclosures.  *See* Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories at 21:16-17 (referring to "its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3-1").  After Hologic produced additional documents, Conceptus supplemented its interrogatory responses and articulated the same theory that it has since the beginning of the case.

-2-

1    In its supplemental response to interrogatories on contributory infringement and inducement,

2    Conceptus stated:

3              Hologic contributes to the direct infringement of claims 8, 37 and 38 of
               the '361 patent. Hologic began commercially distributing the Adiana

4              System (including the matrix) in the United States in July, 2009,
               subsequent to the filing of this lawsuit.

5              * * *

6              At the time Hologic began commercial sales and distribution of the
               Adiana System (including the matrix) in July, 2009, Hologic was

7              aware of the '361 patent and that the intended and prescribed use of
               the Adiana System (including the matrix) infringed claims 8, 37 and

8              38 of the '361 patent.

9    Dkt. No. 285-8 at 11:21-23 (contributory infringement); 12:28-13:3 (inducement).

10            Hologic was well-aware of the importance of the notice letters and the filing of the complaint

11   to Conceptus' infringement case throughout discovery.  Indeed, Hologic attempted to make

12   affirmative use of the dates of the notice letters when it opposed Conceptus' motion for summary

13   adjudication and offered 2007 as an alternative date for the hypothetical negotiation for purposes of

14   a reasonable royalty determination.  It expressly conceded that "Conceptus provided notice of the

15   '361 [patent] in early 2007."  *See* Dkt. No. 296 at 30:10-11.

16            Further, in part to rebut the notice letters and in an attempt to negate intent, Hologic has

17   produced and relied on opinions of counsel.  The correspondence, dating back to February 6, 2007,

18   identifies and discusses claims 37 and 38 of the '361 patent.  *See*, *e.g.*, HOL-CON 0107852-63.

19   Conceptus updated its discovery responses concerning indirect infringement after Hologic disclosed

20   these opinions to address them in the context of Hologic's intent to induce infringement.  *See* Dkt.

21   No. 285-8 at 13:8-10.  This further demonstrates that Hologic's arguments concerning lack of notice

22   are not credible.

23            Put simply, far from being a "new" and "untimely" theory (Mot. at 2), Conceptus's theory all

24   along has been (and continues to be) that the notice letters and the filing of this case prior to the

25   alleged infringement provide (powerful) indirect and circumstantial evidence of Hologic's

26   knowledge of infringement.  The jury should be permitted to consider this evidence to decide

27   whether it is sufficient to establish Hologic's knowledge.  Hologic cites no case (and Conceptus is

28

-3-

1    not aware of any) requiring a contrary result.  The Court thus should deny Hologic's motion *in*

2    *limine*.

3    **II.    Hologic Should Not Be Permitted To Renege On Its Prior Stipulations And Tacitly
         Move For Reconsideration Of This Court's Orders Narrowing The Case For Discovery**

4    **And Trial Purposes.**

5            In order to narrow the case for trial, and at the express urging of this Court, the parties

6    stipulated to the dismissal of asserted patent claims except for claims 8, 37 and 38 of U.S. Patent

7    Nos. 6,634,361.  One of the considerations for Conceptus's dismissal of these claims was the

8    agreement by Hologic that "[n]either side will make reference to a jury that the dismissed patents

9    and claims were once asserted in the case."  Dkt Nos. 141 & 219.  Hologic now wants to disregard

10   these stipulations and orders and introduce evidence regarding previously dismissed claims to

11   "confirm the reasonableness of Hologic's belief that it does not infringe any of Conceptus'

12   intellectual property rights."  Mot. at 4.  The Court should reject Hologic's attempt to retract one of

13   the principle foundations of the stipulations and orders entered long before close of fact and expert

14   discovery.[1]

15           *First*, Hologic's entire argument is premised on its contention that "[w]hen the parties

16   stipulated in January and June 2010 . . . not to refer to dismissed allegations in front of the jury,

17   Conceptus had not disclosed" its theory of knowledge of infringement.  As explained above, this

18   contention is false.  Long prior to the stipulations, Hologic was on notice that Conceptus intended to

19   establish Hologic's knowledge of infringement by pointing to the fact that Hologic "continued with

20   its plan to release the infringing product after receiving notice of Conceptus' patents."  Dkt. No. 1 at

21   ¶ 32.  It thus should be held to its agreements not to "make reference to a jury that the dismissed

22   patents and claims were once asserted in the case."  Dkt Nos. 141 & 219.

23           *Second*, by pointing to its notice letters and its infringement allegations, Conceptus is in no

24   way "open[ing] the door" to evidence of "the dismissed patents and claims in front of the jury."

25   _____

26   [1] The parties entered into two stipulations and orders regarding the dismissed claims.  The first was
     entered by the Court on January 19, 2010 (Dkt. No. 141), and the second was entered on June 24,
     2010 (Dkt. No. 219).  These stipulations were entered into before the close of fact discovery on

27   August 31, 2010, the close of expert discovery on October 5, 2010, and the parties' cross motions for
     summary judgment filed on October 28, 2010.  *See* Dkt. No. 147 (first amended scheduling order).

28

1   Mot. at 4.  To the contrary, Conceptus will abide by the parties' stipulation.  It will not introduce

2   evidence of the dismissed patents or claims in front of the jury, but instead will limit its discussion of

3   these events to the fact that the notice letters and the initial complaint provide circumstantial

4   evidence of Hologic's knowledge that the Adiana Permanent Contraception System infringes claims

5   37 and 38 *of the '361 patent*.

6          *Third*, the story Hologic seeks to tell regarding the dismissed patents and claims has nothing

7   to do with whether it had knowledge of infringement of claims 36 and 37 *of the '361 patent* and

8   would serve only to confuse the jury about issues no longer in the case and to prejudice Conceptus.

9   Indeed, courts routinely exclude references to dismissed claims and patents because such matters

10  "have little relevance and [are] highly prejudicial."  *Paltalk Holdings, Inc. v. Microsoft Corp.*, 2009

11  U.S. Dist. LEXIS 131090, at *6-8 (E.D. Tx. Feb. 25, 2009) (excluding "[r]eference to any prior

12  patent claims, causes of action, or forms of relief that had been dismissed . . . during this lawsuit");

13  *see also Bryce v. Trace, Inc.*, 2008 U.S. Dist. LEXIS 27310, at *6 (W.D. Okla. March 31, 2008)

14  (excluding *in limine* references to dismissed claims because "shielding such matters from the jury is

15  common practice"); *Fallon v. Potter*, 2008 U.S. Dist. LEXIS 103644, at *4-6 (M.D. La. Dec. 23,

16  2008) (same).

17         Similarly, permitting Hologic to introduce evidence of the "disposition" of Conceptus's long

18  dismissed claims would be highly prejudicial and would mislead the jury into prejudging the case

19  actually before it .  *See Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm. Inc.*, 2011 U.S. Dist.

20  LEXIS 10512, *8-10 (D.N.J. Feb. 3, 2011) (excluding references to the court's preliminary

21  injunction ruling because denial of the preliminary injunction is irrelevant and prejudicial); *Park W.*

22  *Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (same).  The Court

23  thus should hold Hologic to its prior stipulations.  Any other ruling would highly prejudice

24  Conceptus.

25

26

27

28

1

## CONCLUSION

2          For all of the foregoing reasons, the Court should deny Hologic's Motion in Limine #

3   3 regarding the admissibility of evidence to show knowledge of infringement.

4

5   Dated:  September 8, 2011                    SIDLEY AUSTIN LLP

6                                                   /s/ M. Patricia Thayer
                                                 M. PATRICIA THAYER (SBN 90818)
7                                                pthayer@sidley.com
                                                 555 California Street, Suite 2000
8                                                San Francisco, CA 94104
                                                 Telephone:415-772-1200
9                                                Facsimile: 415-772-7400

10                                               BRYAN K. ANDERSON (SBN 170666)
                                                 bkanderson@sidley.com
11                                               AARON R. BLEHARSKI (SBN 240703)
                                                 ableharski@sidley.com
12                                               1001 Page Mill Road, Building 1
                                                 Palo Alto, CA 94304
13                                               Telephone:650-565-7000
                                                 Facsimile: 650-565-7100
14
                                                 NITIN REDDY (SBN 229451)
15                                               nreddy@sidley.com
                                                 TASHICA T. WILLIAMS (SBN 256449)
16                                               ttwilliams@sidley.com
                                                 555 West Fifth Street, Suite 4000
17                                               Los Angeles, CA 90013
                                                 Telephone:213-896-6000
18                                               Facsimile: 213-896-6600

19                                               *Counsel for Plaintiff Conceptus, Inc.*

20

21

22

23

24

25

26

27

28