**ARNOLD & PORTER LLP**
MATTHEW M. WOLF (*pro hac vice*)
matthew.wolf@aporter.com
JOHN E. NILSSON (*pro hac vice*)
john.nilsson@aporter.com
SARA P. ZOGG (*pro hac vice*)
sara.zogg@aporter.com
555 Twelfth Street, NW
Washington, DC 20004
Telephone:    202-942-5000
Facsimile:     202-952-5999

JENNIFER A. SKLENAR (SBN 200434)
jennifer.sklenar@aporter.com
NICHOLAS H. LEE (SBN 259588)
nicholas.lee@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90071
Telephone:    213-243-4000
Facsimile:     213-243-4199

MICHAEL A. BERTA (SBN 194650)
michael.berta@aporter.com
One Embarcadero Center, 22nd Floor
San Francisco, CA  94111-3711
Telephone:    415-356-3000
Facsimile:     415-356-3099

Attorneys for Defendant
HOLOGIC, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CONCEPTUS, INC.,<br><br>                Plaintiff,<br><br>      v.<br><br>HOLOGIC, INC.,<br><br>                Defendant. | Case No. C 09-02280 WHA<br><br>**HOLOGIC, INC.'S MEMORANDUM OF LAW REGARDING JURY INSTRUCTIONS**<br><br>Date:           September 16, 2011<br>Time:          9:00 a.m.<br>Courtroom:  9, 19th Floor<br>Judge:         Hon. William Alsup |

Hologic Memo. Of Law Re: Jury Instructions
Case No. C 09-02280 WHA

## I. INTRODUCTION

Hologic submits this memorandum in support of its proposed versions of disputed jury instruction nos. 4, 6, 7, 9, 10, 11, 12, 14, 15, 16, 18 and 19.

## II. HOLOGIC JURY INSTRUCTION NO. 4 RE INTERPRETATION OF CLAIMS

Hologic's proposed jury instruction no. 4 follows the Model Patent Jury Instructions for the Northern District of California (the "Model Instructions"). Hologic and Conceptus' proposed instructions differ with respect to the terms that were construed in this Court's March 24, 2010 Claim Construction Order. Hologic's proposal contains the exact construction provided by the Court in its Order for the claim terms that remain at issue. *See* Dkt. No. 189 at 10:16-17 (referring to 6:4-5) ("pre-formed resilient structure" construction), 17:12-15 ("lumen traversing region of the resilient structure" construction), 19:4-6 ("so that at least a portion of the fallopian tube is open" construction). For example, with respect to the claimed "pre-formed resilient structure" of claims 37 and 38, where the Court stated that "it adopts Conceptus' proposed constructions" (*see id*. at 10:16-17), Hologic has faithfully reproduced Conceptus' proposed construction, namely a "pre-formed resilient intrafallopian device." *See, e.g.*, *id*. at 6:2-6. Conceptus' proposed jury instruction, by contrast, goes beyond the Court's construction (and beyond Conceptus' own adopted proposed construction) to include paraphrased portions of the Court's Order that it presumably believes to be favorable to it. This proposal should be rejected for each of the construed claim terms.

Hologic has no intention of arguing to the jury that the claims at issue have requirements inconsistent with the Court's Claim Construction Order. However, Hologic does not agree that the parties should be cherry-picking and paraphrasing portions of the Court's Order that were not part of the Court's stated construction. If that were appropriate, Hologic could have included, for example, the Court's discussion agreeing that the specification of the '361 patent "never discloses any embodiments that did not use metal" (*see id*. at 7:9-11), which is highly relevant to Hologic's lack of written description argument. This statement, like the statements that Conceptus has included in its proposed instruction, are not the Court's actual claim construction. Accordingly, Hologic's proposed jury instruction No. 4 should be adopted.

### III. HOLOGIC JURY INSTRUCTION NO. 6 RE DIRECT INFRINGEMENT

Hologic's proposed instruction no. 6 regarding direct infringement tracks the Model Instructions, but is edited for clarity to reflect the fact that the Model Instructions contemplate patent infringement matters where the defendant may be accused of direct infringement; where infringement under the doctrine of equivalents may be at issue, and where independent claims are at issue in the litigation. None of the foregoing issues is present in this case. Thus, in agreement with Conceptus, Hologic has added a sentence to reflect that it is use of the Adiana system by physicians that is alleged to directly infringe the asserted claims in this matter. *See* Hologic Instr. No. 6:8-9. Also in agreement with Conceptus, Hologic has removed the language regarding the doctrine of equivalents. *Id*. at No. 6:16-19.

Where Hologic and Conceptus differ is how to edit the Model Instructions discussing infringement of independent and dependant claims. Hologic's edits more faithfully track the Model Instructions in informing the jury of how the requirements of an independent claim and a dependent claim interrelate for purposes of direct infringement. This is particularly important in this case where only dependent claims are at issue. Consistent with the Model Instruction, Hologic's proposed instruction informs the jury that if an independent claim is not infringed, then its dependent claims also cannot be infringed. Conceptus' proposed instruction omits this explanation. *See* Conceptus Instr. No. 6:10-15 (omitting Model Instruction language informing jury that where an independent claim is not infringed, the dependant claims also cannot be infringed). As provided in the Model Instructions, Hologic believes that the jury should be clearly told how to go about determining direct infringement in a case where solely dependent claims are at issue.

### IV. HOLOGIC JURY INSTRUCTION NO. 7 RE LITERAL INFRINGEMENT

The primary disagreement between Conceptus and Hologic with respect to instruction no. 7 is that Conceptus has omitted language from the Model Instructions directed to the issue of divided infringement. *Compare* Hologic Instr. No. 7:8-10 *with* Conceptus Instr. No. 7:7-9. Consistent with the Model Instructions on this issue, Conceptus has the burden to prove that a single actor has performed each step of the method claims at issue. *See also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) ("[D]irect infringement requires a single party to perform every step of a

Hologic Memo. Of Law Re: Jury Instructions
Case No. C 09-02280 WHA

2

claimed method.") Conceptus' proposed instruction seeks to edit part of its burden of proof out of this case, even though Conceptus did not prevail at summary judgment on this issue. *See, e.g.*, Dkt. No. 271 at n.8; Dkt. No. 309 at 7 (raising issue of divided infringement with respect to claims 37 and 38). Conceptus' *sub silentio* attempt to prevail on a finding of fact by failing to instruct the jury as to the issues in dispute should be denied.

Hologic's proposed instruction no. 7 also differs from the Model Instruction and Conceptus' instruction by including language clarifying that it is physicians' actions that have been alleged to be direct infringement. *See* Hologic Instr. No. 7:2-3. Where Hologic is not accused of direct infringement, this clarification instructs the jury on specifically what actions and by whom are accused of direct infringement.

**V.     HOLOGIC JURY INSTRUCTION NO. 9 RE CONTRIBUTORY INFRINGEMENT**

Hologic's proposed instruction no. 9 clarifies the Model Instruction in light of the Supreme Court's recent holding in *Global-Tech Appliances, Inc., v. SEB S.A.*, 131 S.Ct. 2060 (2011) ("*Global Tech*"). In *Global Tech*, the Supreme Court explained that, as held in *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476 (1964) ("*Aro II*"), "a violator of § 271(c) must know 'that the combination for which his component was especially designed was both ***patented*** and ***infringing***.'" *Global Tech*, 131 S.Ct. at 2067 (emphasis added).

By contrast, the jury instruction that Conceptus has proposed (which tracks the Model Instruction) contains language stating that contributory infringement exists if, *inter alia*, "Hologic supplied the component with the knowledge of the '361 patent and knowledge that the component was especially made or adapted for use in an infringing manner." *See* Conceptus Instr. 9:10-11. This instruction, without explanation, is ambiguous. As the Supreme Court in *Global Tech* observed with reference to inducement:

> If a used car salesman induces a customer to buy a car, the salesman knows that the desired result is the purchase of the car. But what if it is said that the salesman induced the customer to buy a damaged car? Does this mean merely that the salesman induced the customer to purchase a car that happened to be damaged, a fact of which the salesman may have been unaware? Or does this mean that the salesman knew that the car was damaged? The statement that the salesman induced the customer to buy a damaged car is ambiguous.

Hologic Memo. Of Law Re: Jury Instructions         3
Case No. C 09-02280 WHA

*Global Tech*, 131 S.Ct. at 2065. Conceptus' proposed instruction suffers from the same ambiguity. It is not clear whether the jury is supposed to decide that a component was especially made or adapted by Hologic for use in a manner that turns out to be infringing, or whether Conceptus must show that Hologic knew that the use of the component would, in fact, be infringing. Per *Global Tech*, the standard for contributory infringement is the latter, not the former. *Id*. at 2067; *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ("A violator of 35 U.S.C.A. 271(c) '***must know*** that the combination for which his component was especially designed was both patented and infringing.'" (emphasis added) (citing *Global-Tech*, 131 S.Ct. at 2067)). Hologic's proposed additions to the Model Instruction make this clear.

The specific language of Hologic's proposed instruction is from Federal Circuit cases that discuss the knowledge requirement for indirect infringement. These cases have heretofore largely been cases regarding inducement of infringement. This language, however, is equally applicable to contributory infringement. The Supreme Court's decision in *Global Tech* makes clear that the knowledge requirement for contributory infringement and for inducement both require the same knowledge of infringement:

> In *Aro II*, a majority held that a violator of § 271(c) must know "that the combination for which his component was especially designed was both patented and infringing," and, as we explain below, that conclusion compels the same knowledge requirement for liability under § 271(b).

*Global Tech*, 131 S.Ct. at 2067.

Specifically, Hologic's instruction clarifies that direct infringement by physicians and Hologic's knowledge of the acts of physicians is insufficient to find contributory inducement. *See* Hologic Instr. 9:12-13; *see also DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.").

Hologic's instruction also clarifies that knowledge of infringement cannot be satisfied by recklessness or negligence, but instead requires a species of actual knowledge. *See Global Tech*, 131 S.Ct. at 2070-71 (acknowledging that willful blindness, where a defendant "can almost be said to have actually known the critical facts," is a standard that surpasses recklessness and negligence); *see also*

*DSU Medical*, 471 F.3d at 1306 ("In the words of a recent decision, inducement requires 'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'") (*citing MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).

Finally, Hologic's instruction makes clear that the jury can consider evidence as to Hologic's actual belief as relevant to the determination of whether Hologic had knowledge of infringement. *See* Hologic Instr. 9:15-17; *see also DSU Medical*, 471 F.3d at 1307 (upholding jury finding of no inducement where "the record contains evidence that ITL did not believe its Platypus infringed. Therefore, it had no intent to infringe."). Hologic requests that its proposed instruction be adopted to clearly reflect that contributory infringement requires knowledge that the accused combination is "patented *and* infringing."

## VI. HOLOGIC JURY INSTRUCTION NO. 10 RE INDUCING PATENT INFRINGEMENT

Hologic's proposed instruction no. 10 regarding inducement is consistent with *Global Tech* and with Hologic's instruction no. 9 on contributory infringement. As the Supreme Court has held, "induced infringement under § 271(b) requires knowledge that the induced acts **constitute patent infringement**." *Global Tech*, 131 S.Ct. at 2068 (emphasis added).

Specifically, Hologic has edited the instructions to remove the suggestion that Hologic can be held liable for inducement if it must "have known or should have known that its actions would cause direct infringement by another." *See* Hologic Instr. 10:8-9. The construction proposed by Conceptus (and as reflected in the Model Instructions) contains the same ambiguity cautioned against by the Supreme Court in *Global Tech* regarding whether Hologic must know of and intend the acts of physicians that happen to constitute infringement, or must know and intend that the induced acts in fact infringe. Conceptus' proposed instruction is also incorrect because it suggests that Hologic can be held liable for mere negligence regarding knowledge of infringement, rather than by actual knowledge or, at most, willful blindness. *See Global Tech*, 131 S.Ct. at 2071 (rejecting standard of negligence where "a negligent defendant is one who should have known of a similar risk, but, in fact, did not").

Hologic's edits reflect that the standard is not negligence, but is instead knowledge or a species of knowledge. *See* Hologic Instr. 10:9-15. And, as with contributory infringement, Hologic's

proposed instruction confirms that specific intent is required for inducement, and the subjective belief of the defendant in non-infringement is a defense to inducement. Hologic Instr. 10:21-26; *see also DSU Medical*, 471 F.3d at 1306-07.

## VII. HOLOGIC JURY INSTRUCTION NO. 11 RE WILLFUL INFRINGEMENT

Hologic's proposed instruction no. 11 on willfulness tracks the Model Instruction, which is based on *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Hologic's proposed instruction contains an addition to reflect that *In re Seagate* specifically discusses the impact of a preliminary injunction proceeding on the factual determination of willfulness after a lawsuit has been filed:

> By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Id.* at 1374. Conceptus ultimately agreed with Hologic that, based on *In re Seagate*, the jury should be provided guidance as to how the preliminary injunction proceeding impacts the jury's decision regarding willfulness. Conceptus' proposed edit to the Model Instruction, however, does not provide any such guidance. It simply asserts that Conceptus did not seek a preliminary injunction on claims 37 and 38 of the '361 patent. Hologic's proposed instruction, in contrast, more fairly tracks the language of *In re Seagate*, which suggests that the failure to seek or obtain preliminary relief is more likely than not dispositive of the issue of willfulness.

## VIII. HOLOGIC INSTRUCTION NO. 12 RE INVALIDITY – BURDEN OF PROOF

Hologic and Conceptus' proposed instructions no. 12 regarding the burden of proof for invalidity agree that the jury should be instructed to consider whether the Patent Office had certain art before it in making its determination of patentability, consistent with the Supreme Court's recent guidance in *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S.Ct. 2238, 2251 (2011) ("When warranted, the jury may be instructed to consider that it has heard evidence that the PTO had no opportunity to evaluate before granting the patent"). Hologic's proposed instruction varies from Conceptus' and the Model Instruction with regard to how the standard of proof is articulated to the jury.

Conceptus' instruction states that "to prove invalidity of any patent claim, Hologic must persuade you that it is highly probable that the claim is invalid." *See* Conceptus Instr. 12:3-4. As explained by the Supreme Court in *Microsoft v. i4i*, however, the correct standard of proof is that "§ 282 requires an invalidity defense to be proved by clear and convincing evidence." *Microsoft v. i4i*, 131 S.Ct. at 2242.

These are not equivalent statements. As discussed by Justice Breyer in his concurrence, "the evidentiary standard of proof applies to questions of fact and not to questions of law." *Id.* at 2253. Thus, consistent with Hologic's proposed instruction, while Hologic agrees that it must establish <u>facts</u> regarding invalidity by the clear and convincing standard (*see* Hologic Instr. 12:6-8 ("you must find that Hologic has offered sufficiently clear and convincing evidence")), the legal question of invalidity itself is not subject to this heightened standard. *See Microsoft v. i4i*, 131 S.Ct. at 2253 (Breyer, J., concurring) ("Where the ultimate question of patent validity turns on the correct answer to legal questions – what these subsidiary legal standards mean or how they apply to the facts as given – today's strict standard of proof has no application."). Hologic's instruction is particularly appropriate here where the jury is being asked to provide a finding on enablement and where Conceptus is seeking an advisory opinon from the jury on the ultimate question of obviousness. Hologic thus requests its instruction here to make it clear that, while Hologic must provide clear and convincing <u>evidence</u> regarding invalidity, the ultimate conclusion of invalidity, based on that evidence, is not subject to the heightened standard.

## IX. HOLOGIC JURY INSTRUCTION NO. 14 RE ENABLEMENT

Hologic's proposed instruction no. 14 tracks the Model Instruction on enablement. Hologic and Conceptus' instructions vary in two respects. First, Conceptus has added a statement of the law that is incorrect, namely that "a patent application does not need to include in the specification that which is already known to and available to one of ordinary skill in the art." *See* Conceptus Instr. 14:5-6. This is not an accurate statement of the law. Specifically, as reflected in the Model Instruction, lack of enablement cannot be cured by pointing to art that was merely "available" to a hypothetical person of skill in the art. Rather, enablement requires that the specification provide sufficient guidance to use

a claimed invention without undue experimentation and where well known technology and common knowledge in the industry need not be disclosed.

Conceptus relies on a quote from *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142 (Fed. Cir. 2004) for its averment, but fails to acknowledge that, in the context of that case, the party arguing for enablement had put in evidence that the relevant details were "standard in the industry." *Id*. at 1156. Consistent with the facts of *Koito Mfg.*, and as explained more clearly in *Chiron Corp. v. Genentech*, 363 F.3d 1247, 1254 (Fed. Cir. 2004), the question of what information must be disclosed in order to enable an invention is that "a patent disclosure need not enable information within the knowledge of an ordinarily skilled artisan. Thus, a patentee preferably omits from the disclosure any ***routine technology*** that is ***well known*** at the time of application." *Id*. (emphasis added); *see also Automotive Tech. Intern., Inc. v. BMW of N.A., Inc.*, 501 F.3d 1274, 1283-84 (Fed. Cir. 2007) (knowledge of one skilled in the art is insufficient to enable invention because "it is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention"); *In re Wands*, 858 F.2d 731, 735 (Fed. Cir. 1988) (a "patent need not disclose what is ***well known*** in the art.") (emphasis added) (*In re Wands* is cited in the Model Instruction on enablement). This is quite different from instructing the jury, as Conceptus proposes, that if something is somewhere within the prior art, it is then presumed to be part of a patent specification for purposes of enablement.

The Model Instructions provide specific and sufficient guidance with respect to how to determine what a person of skill would know with respect to the question of enablement. It strikes a balance between the knowledge of a person of skill and the fact that a patent specification must enable its claimed inventions. As explained by the Federal Circuit in *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361 (Fed. Cir. 1997):

> It is true, as Genentech argues, that a specification need not disclose what is ***well known*** in the art. *See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1385, 231 U.S.P.Q. (BNA) 81, 94 (Fed. Cir. 1986). However, that general, oft-repeated statement is merely a rule of supplementation, not a substitute for a basic enabling disclosure. It means that the omission of minor details does not cause a specification to fail to meet the enablement requirement. However, when there is no disclosure of any specific starting material or of any of the conditions under which a process can be carried out, undue experimentation is required; there is a failure to meet the enablement requirement that cannot be rectified by asserting that all the disclosure related to the process is within the skill of the art. It is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute

adequate enablement. This specification provides only a starting point, a direction for further research.

*Id*. at 1366 (emphasis added). Conceptus' proposed addition to the Model Instruction will mislead the jury as to the correct standard for enablement.

Hologic and Conceptus' proposed instructions also differ with respect to the field of the invention. Hologic's proposed field, namely "methods of contraception and occlusion using implantable devices," more accurately captures the technology at issue. Indeed, the title of the asserted '361 patent is "Contraceptive Transcervical Fallopian Tube Occlusion Devices and Methods." Conceptus' proposal, "methods of permanent female contraception," on the other hand, would encompass technologies, such as a hysterectomy, which are clearly not part of the claimed invention.

## X. HOLOGIC JURY INSTRUCTION NO. 15 RE ANTICIPATION

The parties' proposed jury instruction nos. 15 both track the Model Instructions on anticipation, but differ with respect to the correct field of the invention. As discussed above with respect to instruction no. 14, Hologic's proposed field of the invention more accurately reflects the field of invention of the '361 patent and Hologic requests that it be adopted.

## XI. HOLOGIC JURY INSTRUCTION NO. 16 RE OBVIOUSNESS

Consistent with its verdict form, Hologic requests that the Court ask the jury to make express subsidiary findings relevant to the legal question of obviousness, rather than provide an advisory opinion solely on the ultimate question of obviousness. Hologic's proposed instruction no. 16 tracks the Model Instruction where the jury is not asked to provide an advisory opinion. An advisory opinion solely on the ultimate question of obviousness can obscure the jury's implicit findings on subsidiary questions of fact. *See, e.g., i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 845-846 (Fed. Cir. 2010) ("Our review is limited to determining whether the district court's legal conclusion of nonobviousness was correct, based on the presumed factual findings. In conducting this review, we must presume the jury resolved underlying factual disputes in i4i's favor because the jury made no explicit factual findings."). Rather than presume or infer the jury's findings on the subsidiary factual questions regarding obviousness set forth in *Graham v. John Deere Co.*, 383 U.S. 1 (1966) from an advisory finding on obviousness, Hologic requests that the jury be asked to make the specific factual

findings themselves, and leave for the Court the ultimate legal determination of obviousness based on the underlying facts determined by the jury.

### XII. HOLOGIC JURY INSTRUCTION NO. 18 RE DIFFERENCES OVER THE PRIOR ART

Hologic's proposed instruction tracks the Model Instruction, and is consistent with the prior art that Hologic intends to raise with the jury. To the extent Hologic does not put any of the listed art into evidence, Hologic will remove any such art from the jury instruction. Conceptus' proposed instruction seeks to limit the art the jury should consider *a priori*, and it does not reflect Hologic's obviousness case. Hologic anticipates that the parties should be able to reach agreement on this instruction, consistent with the evidence proffered and the Court's *in limine* rulings, prior to the instructions being read to the jury.

### XIII. HOLOGIC INSTRUCTION NO. 19 RE LEVEL OF ORDINARY SKILL

Hologic's instruction, as with Conceptus', tracks the Model Instruction. The difference between the two proposed instructions is that Hologic's instruction reflects the correct field of the invention, as discussed above with respect to instruction no. 14.

Dated: September 12, 2011                                             Respectfully submitted,

                                                                By:   */s/ Nicholas H. Lee*
                                                                      Nicholas H. Lee (SBN 259588)
                                                                      **Arnold & Porter LLP**
                                                                      44th Floor
                                                                      777 South Figueroa Street
                                                                      Los Angeles, CA  90071
                                                                      Telephone: (213) 243-4000
                                                                      Facsimile: (213) 243-4199
                                                                      Email: nicholas.lee@aporter.com

                                                                      *Attorneys for Defendant HOLOGIC, INC.*