Attorney Docket No.: 16355-002530US

I further declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

| Signature of Inventor 1 | Signature of Inventor 2 | Signature of Inventor 3 |
|---|---|---|
| Julian K. Nikolchev | Dai T. Ton | Ashish Khera |
| Date X 7-28-99 | Date 7/28/99 | Date 7-28-99 |

| Signature of Inventor 4 | Signature of Inventor 5 |
|---|---|
| Donnell W. Gurskis | Steven Bacich |
| Date 7-28-99 | Date 7/28/99 |

PA 3000105 v1

3 of 3

CON00028866





Atty. Docket No. 16355-002530

**VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS**
**(37 CFR 1.9(f) & 1.27(c)) - SMALL BUSINESS CONCERN**

Applicant or Patentee:   Julian N. Nikolchev et al.
Application or Patent No.:   Serial No. 09/324,078
Filed or Issued:   Filed June 1, 1999
Title:   CONTRACEPTIVE TRANSCERVICAL FALLOPIAN TUBE OCCLUSION DEVICES & METHODS

I hereby declare that I am:
[ ]   the owner of the small business concern identified below:
[X]   an official of the small business concern empowered to act on behalf of the concern identified below:

Name of Small Business Concern:   CONCEPTUS, INC.
Address of Small Business Concern:   1021 Howard Avenue
                                     San Carlos, California  94070

I hereby declare that the above-identified small business concern qualifies as a small business concern as defined in 13 CFR 121.12, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees to the United States Patent and Trademark Office, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons.  For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the small business concern identified above with regard to the invention, entitled   CONTRACEPTIVE TRANSCERVICAL FALLOPIAN TUBE OCCLUSION DEVICES & METHODS
by inventor(s)   Julian N. Nikolchev et al.   described in:

[X]   Application No.   09/324,078   , filed   June 1, 1999   .
[ ]   Patent No.   , issued   .

If the rights held by the above identified small business concern are not exclusive, each individual, concern or organization having rights in the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person made the invention, or by any concern that would not qualify as a small business concern under 37 CFR 1.9(d), or a nonprofit organization under 37 CFR 1.9(e).

       *NOTE:  Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

Name _____
Address _____
       [ ] Individual     [ ] Small Business Concern   -   [ ] Nonprofit Organization

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b)).

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

Name of Person Signing:   STEVEN BACICH
Title of Person if Other than Owner:   VICE PRESIDENT, RESEARCH & DEVELOPMENT
Address of Person Signing:   1021 Howard Avenue, San Carlos, CA 94070

Signature _____   Date   8/12/99

PA 3011536 v1

CONH00028867



*#. 3*

Attorney Docket No. 16355-002530

## POWER OF ATTORNEY BY ASSIGNEE

**Conceptus, Inc.** is the Assignee of the invention entitled: **Contraceptive Transcervical Fallopian Tube Occlusion Devices and Methods**, the specification of which ___ is attached hereto or  X  was filed on **June 1, 1999** as Application Serial No. 09/324,078.

Assignee hereby appoints the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

**Mark D. Barrish, Reg. No. 36,443**
James M. Heslin, Reg. No. 29,541
Gary T. Aka, Reg. No. 29,038
Robert C. Colwell, Reg. No. 27,431
Paul C. Haughey, Reg. No. 31,836
David N. Slone, Reg. No. 28,572
William M. Smith, Reg. No. 30,223
James F. Hann, Reg. No. 29,719
Darin J. Gibby, Reg. No. 38,464
Craig P. Wong, Reg. No. P45,231

| Send Correspondence to: | Direct Telephone Calls to: |
| --- | --- |
| Mark D. Barrish, Esq.<br>TOWNSEND and TOWNSEND and CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, CA 94111-3834 | Mark D. Barrish, Esq.<br>Reg. No. 36,443<br>(650) 326-2400 |

**CONCEPTUS, INC.**

Date: _7/28/99_

Signature: _____

Name: Steven Bacich _____

Title:  Vice President, Research and Development _____

PA 3007712 v1

1

361 FH 000070

CON00028868



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#3

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/324,078 | 06/01/99 | MIKULCHEV | 16305-002530 |

020350
TOWNSEND AND TOWNSEND AND CREW
TWO EMBARCADERO CENTER EIGHTH FLOOR
SAN FRANCISCO CA 94111

0232/0631

NOT ASSIGNED

0764

DATE MAILED:

06/28/99

## NOTICE TO FILE MISSING PARTS OF APPLICATION
*Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☐ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☑ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.

If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☐ small entity (statement filed) ☑ non-small entity is $ 2690 .

☑ 1. The statutory basic filing fee is:
   ☑ missing.
   ☑ insufficient.
   Applicant must submit $ 760 to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).

☑ 2. The following additional claims fees are due:
   $ 630 for 35 total claims over 20.
   $ 1170 for 15 independent claims over 3.
   $ for multiple dependent claim surcharge.
   Applicant must either submit the additional claim fees or cancel the additional claims for which fees are due.

☑ 3. The oath or declaration:
   ☑ is missing or unsigned.
   ☐ does not cover the newly submitted items.
   An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
   A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
   An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

☐ 6. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application was filed in a language other than English.
   Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).

☐ 9. OTHER:

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

### A copy of this notice MUST be returned with the reply.

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 9/98)

**PART 2 - COPY TO BE RETURNED WITH RESPONSE**

CON00002889

*H.y.*
PATENT

Attorney Docket No.: 16355-002530

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Assistant Commissioner for Patents,
Box: MISSING PARTS
Washington, D.C. 20231

on    OCTOBER 15, 1999
TOWNSEND and TOWNSEND and CREW LLP

By  *Nancy Pizzo*
NANCY A. PIZZO

OCT 19 1999
OIPE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

    JULIAN K. NIKOLCHEV et al.

Application No.:    09/324,078

Filing Date:    1 June 1999

For:   CONTRACEPTIVE TRANSCERVICAL FALLOPIAN
     TUBE OCCLUSION DEVICES & METHODS

Examiner:    Unassigned

Art Unit:    3738

**PETITION TO EXTEND TIME -
TWO MONTHS**

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

    Applicant petitions the Asst. Commissioner of Patents to extend the time for response to the *Notice of Missing Parts of Application (Filing Date Granted)* dated *June 28, 1999* for TWO (2) MONTHS, from August 28, 1999 to October 28, 1999. An appropriate Response is enclosed herewith.

    Please charge the fee of $190.00 to the undersigned's Deposit Account No. 20-1430. Please charge any additional fees or credit overpayment to the above deposit account. This petition is submitted in duplicate.

Respectfully submitted,

*[signature]*

MARK D. BARRISH, ESQ.
Reg. No. 36,443
Attorney of Record

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
Tel: (650) 326-2400 • Fax: (650) 326-2422
MDB:nap
PA 3012994 v2

CM 3764

I hereby certify that this cons.apt. idence is being deposited with the United
States Postal Service as first class mail in an envelope addressed to

Assistant Commissioner for Patents
Washington, D.C. 20231

PATENT
Attorney Docket No.: 16355-002530US

On     September 14, 1999

TOWNSEND and TOWNSEND and CREW LLP

By: _____
Brad J. Loos

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

    Julian N. Nikolchev et al.

Application No.: 09/324,078

Filed: 1 June 1999

For: CONTRACEPTIVE
TRANSCERVICAL FALLOPIAN TUBE
OCCLUSION DEVICES & METHODS

RECEIVED

Examiner:     Unassigned SEP 2 2 1999

Art Unit:     3764   TECHNOLOGY CENTER 3700

INFORMATION DISCLOSURE
STATEMENT UNDER 37 CFR §1.97 and
§1.98

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

    The references cited on attached form PTO-1449 are being called to the

attention of the Examiner. Copies of the references are enclosed. It is respectfully requested

that the cited information be expressly considered during the prosecution of this application,

and the references be made of record therein and appear among the "references cited" on any

patent to issue therefrom.

    As provided for by 37 CFR 1.97(g) and (h), no inference should be made that

the information and references cited are prior art merely because they are in this statement and

CON00028871

Julian N. Nikolchev e. al.                                             <u>PATENT</u>
Application No.: 09/324,078
Page 2

no representation is being made that a search has been conducted or that this statement encompasses all the possible relevant information.

        Applicant believes that <u>no fee is required</u> for submission of this statement, since it is being submitted prior to the first Office Action. However, if a fee is required, the Commissioner is authorized to deduct such fee from the undersigned's Deposit Account No. 20-1430. Please deduct any additional fees from, or credit any overpayment to, the above-noted Deposit Account.

                                                     Respectfully submitted,

                                                     Mark D. Barrish
                                                     Reg. No. 36,443

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
Tel: 650-326-2400
Fax: 650-326-2422
MDB:bjl

PA 3017174 v1

| FORM PTO-1449 (Modified) | Attorney Docket No.: 16355-002530US | | Application No.: 09/324,078 |
|---|---|---|---|
| LIST OF PATENTS AND PUBLICATIONS FOR APPLICANT'S INFORMATION DISCLOSURE STATEMENT (Use several sheets if necessary) | Applicant: Julian N. Nikolchev et al. | | |
| | Filing Date: 1 June 1999 | | Group: 3764 |

| Reference Designation | | **U.S. PATENT DOCUMENTS** | | | | Page 1 |
|---|---|---|---|---|---|---|
| Examiner Initial | Document No. | Date | Name | Class | Sub-class | Filing Date (If Appropriate) |
| MB AA | 3,561,438 | 02/09/1971 | Canel | | | |
| AB | 3,687,129 | 08/29/1972 | Nuwayser | | | |
| AC | 3,774,600 | 11/27/1973 | Cognat | | | |
| AD | 3,805,767 | 04/23/1974 | Erb | | | |
| AE | 3,858,586 | 01/07/1975 | Lessen | | | |
| AF | 3,858,571 | 01/07/1975 | Rudolph | | | |
| AG | 3,973,560 | 08/10/1976 | Emmett | | | |
| AH | RE 29,345 | 08/09/1977 | Erb | | | |
| AI | 4,057,063 | 11/08/1977 | Gieles et al. | | | |
| AJ | 4,111,196 | 09/05/1978 | Emmett | | | |
| AK | 4,185,618 | 01/29/1980 | Corey | | | |
| AL | 4,353,363 | 10/12/1982 | Sopeña Quesada | | | |
| AM | 4,365,621 | 12/28/1982 | Brundin | | | |
| AN | 4,416,660 | 11/22/1983 | Dafoe | | | |
| AO | 4,509,504 | 04/09/1985 | Brundin | | | |
| AP | 4,579,110 | 04/01/1986 | Hamou | | | |
| AQ | 4,595,000 | 06/17/1986 | Hamou | | | |
| AR | 4,606,336 | 08/19/1986 | Zeluff | | | |
| AS | 4,612,924 | 09/23/1986 | Cimber | | | |
| AT | 4,628,924 | 12/16/1986 | Cimber | | | |
| AU | 4,638,803 | 01/27/1987 | Rand | | | |
| AV | 4,700,701 | 10/20/1987 | Montaldi | | | |
| AW | 4,727,866 | 03/01/1988 | Livesay et al. | | | |
| AX | 4,788,966 | 12/06/1988 | Yoon | | | |
| AY | 4,932,421 | 06/12/1990 | Kaali et al. | | | |
| AZ | 4,994,069 | 02/19/1991 | Ritchart et al. | | | |
| BA | 5,065,751 | 11/19/1991 | Wolf | | | |
| BB | 5,095,917 | 03/17/1992 | Vancaillie | | | |
| BC | 5,207,684 | 05/04/1993 | Nobles | | | |
| BD | 5,226,911 | 07/13/1993 | Chee et al. | | | |
| BE | 5,234,437 | 08/10/1993 | Sepetka | | | |
| BF | 5,250,071 | 10/05/1993 | Palermo | | | |
| BG | 5,261,916 | 11/16/1993 | Engelson | | | |
| BH | 5,304,194 | 04/19/1994 | Chee et al. | | | |
| BI | 5,304,195 | 04/19/1994 | Twyford, Jr. et al. | | | |
| BJ | 5,312,415 | 05/17/1994 | Palermo | | | |

CON00028873

| FORM PTO-1449 (Modified) | | Attorney Docket No.: 16355-002530US | | | Application No.: 09/324,078 | |
|---|---|---|---|---|---|---|
| LIST OF PATENTS AND PUBLICATIONS FOR APPLICANT'S INFORMATION DISCLOSURE STATEMENT (Use several sheets if necessary) | | Applicant: Julian N. Nikolchev et al. | | | | |
| | | Filing Date: 1 June 1999 | | | Group: 3764 | |
| MB  BK | 5,354,295 | 10/11/1994 | Guglielmi et al. | | | |
| BL | 5,354,309 | 10/11/1994 | Schnepp-Pesch et al. | | | |
| BM | 5,382,259  NP | 01/17/1995 | Phelps et al. | | | |
| BN | 5,458,636 | 10/17/1995 | Brancato | | | |
| BO | 5,514,176 | 05/07/1996 | Bosley, Jr. | | | |
| BP | 5,474,089 | 12/12/1995 | Waynant | | | |
| BQ | 5,522,822 | 06/04/1996 | Phelps et al. | | | |
| BR | 5,556,396 | 09/17/1996 | Cohen et al. | | | |
| BS | 5,562,641 | 10/08/1996 | Flomemblit et al. | | | |
| BT | 5,582,619 | 12/10/1996 | Ken | | | |

### FOREIGN PATENT DOCUMENTS

| | Document No | Date | Country | Class | Sub-class | Translation (Yes/No) |
|---|---|---|---|---|---|---|
| BU | 0 010 812 A1 | 05/14/1980 | Europe | | | |
| BV | 28 03 685 A1 | 08/02/1979 | Germany | | | |
| BW | 7810696 | 04/29/1990 | Netherlands | | | |
| BX | CN 1047447A | 05/12/1990 | China | | | |
| BY | EP 0 891 757 A2 | 20/01/1999 | Europe | | | |
| BZ | GB 2 038 186 | 07/23/1980 | United Kingdom | | | |
| CA | GB 2 221 095 | 06/28/89 | United Kingdom | | | |
| CB | WO 93/06884 | 04/15/93 | WIPO | | | |
| CC | WO 94/06503 | 03/31/94 | WIPO | | | |
| CD | WO 94/10936 | 05/26/94 | WIPO | | | |
| CE | WO 94/11051 | 05/26/94 | WIPO | | | |
| CF | WO 98/26737 | 06/25/1998 | PCT | | | |
| CG | WO 98/55046 | 12/10/1998 | PCT | | | |

### OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| CH | Brueschke, E.E., et al., "Transcervical tubal occlusion with a steerable hysteroscope: Implantation of devices into extirpated human uteri," Am. J. Obstet. Gynecol., Vol. 127, No. 2, pp. 118-124, 1977. |
| CI | Brundin, J., "Transcervical sterilization in the human female by ysteroscopic application of hydrogelic occlusive devices into the intramural parts of the Fallopian tubes: 10 years experience of the P-block," European Journal of Obstetrics & Gynecology and Reporductive Biology, Vol. 39, pp. 41-49, 1991. |
| CJ | Complete Chinese-to-English translation of Chinese Patent Publication No. CN 1047447A. |
| CK | Conceptus Annual Report (1995) pp. 3,5,7,9,13-14, and 22. |
| CL | Conceptus Annual Report (1996) pp. x,3,9,and 13-14. |
| CM | Erb, R.A. et al., "Hysteroscopic Oviductal Blocking with Formed-in-Place Silicone Rubber Plugs," The Journal of Reproductive Medicine, pp. 65-68, August, 1979. |

CON00028874

| FORM PTO-1449 (Modified) | Attorney Docket No.: 16355-002530US | Application No.: 09/324,078 |
|---|---|---|
| LIST OF PATENTS AND PUBLICATIONS FOR APPLICANT'S INFORMATION DISCLOSURE STATEMENT (Use several sheets if necessary) | Applicant: Julian N. Nikolchev et al. | |
| | Filing Date: 1 June 1999 | Group: 3764 |

| | | |
|---|---|---|
| CN | Gordon, A.G., et al., Atlas of Gynecologic Endoscopy, Mosby-Wolfe Press, 2nd Edition, 1995 (Title Page and Table of Contents are enclosed herewith). | |
| CO | Gupta, D.N. et al., "Antifertility Effect of an Intrafallopian Tubal Copper Device," Indian J. Exp. Biol., Vol. 14, pp. 316-319, May, 1976. | |
| CP | Hamou, J. et al., "Hysteroscopic Reversible Tubal Sterilization," ACTA Europaea Fertilitatis, Vol. 15, No. 2, 1984. | |
| CQ | Reed, T.P. et al., "Tubal Occlusion with Silicone Rubber," The Journal of Reproductive Medicine, pp. 25-28, July, 1980. | |
| CR | Ross, P.L. et al., "Transcatheter Tubal Sterilization in Rabbits," Investigative Radiology, Vol. 29, No. 5, pp. 570-573, 1994. | |
| CS | Sciarra, J.J., et al., eds., Advances in Female Sterilization Techniques, Harper & Row, Publishers, 1976, Title Page and Table of Contents are enclosed herewith, pp. 169-181, 186-189. | |
| CT | Steptoe, P.C., "The Potential Use of Intratubal Stents for Reversible Sterilization," Laaroscopy, pges. 91-99, circa 1976. | |

| EXAMINER | DATE CONSIDERED 7/4/0? |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

PA 3017174 v1

CON00028875



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
                Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/324,078 | 06/01/99 | NIKOLCHEV        JT | 16355-002530 |

| | |
|---|---|
| 020350 | **EXAMINER** |
| TOWNSEND AND TOWNSEND AND CREW | BROWN,M |
| TWO EMBARCADERO CENTER | |

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| EIGHTH FLOOR | 3764 | 6 |
| SAN FRANCISCO CA 94111-3834 | | |

**DATE MAILED:**   11/13/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

PTO-90C (Rev. 2/95)

1- File Copy

361 FH 000078

CON00028876

| **Office Action Summary** | Application No. 09/324078 | Applicant(s) Julian N. Nikolchev et al |
| | Examiner Michael Brown | Group Art Unit |

*—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

☐ Responsive to communication(s) filed on _____ .
☐ This action is **FINAL.**
☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle,* 1935 C.D. 1 1; 453 O.G. 213.

**Disposition of Claims**

☑ Claim(s) _1-55_ _____ is/are pending in the application.

    Of the above claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☑ Claim(s) _1-55_ _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.
☐ The drawing(s) filed on _____ is/are objected to by the Examiner.
☐ The specification is objected to by the Examiner.
☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).
    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
    ☐ received.
    ☐ received in Application No. (Series Code/Serial Number) _____ .
    ☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).

    *Certified copies not received: _____ .

**Attachment(s)**

☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____     ☐ Interview Summary, PTO-413
☑ Notice of Reference(s) Cited, PTO-892                    ☐ Notice of Informal Patent Application, PTO-152
☑ Notice of Draftsperson's Patent Drawing Review, PTO-948     ☐ Other _____

**Office Action Summary**

CON00028877

Application/Control Number: 09/324,078                                   Page 2

Art Unit: 3764

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

1.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

2.     Claims 1-2 are rejected under 35 U.S.C. 102(b) as being anticipated by Chee '194.

       Chee discloses in figure 1 an occlusion device that anticipates a tissue reaction

contraceptive device, comprising a coil 11 and an element 12 disposed along the coil.

3.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4.     Claims 27-34, 36-39, 42-44 and 47-48 are rejected under 35 U.S.C. 102(b) as being

clearly anticipated by Erb '345 .

### *Double Patenting*

5.     The nonstatutory double patenting rejection is based on a judicially created doctrine
grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or
improper timewise extension of the "right to exclude" granted by a patent and to prevent possible

361 FH 000080                                                        CON00028878

Application/Control Number: 09/324,078                                    Page 3

Art Unit: 3764

harassment by multiple assignees.  See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.
Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686
F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619
(CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321© may be used to
overcome an actual or provisional rejection based on a nonstatutory double patenting ground
provided the conflicting application or patent is shown to be commonly owned with this
application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal
disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

6.      Claims 1-55 are provisionally rejected under the judicially created doctrine of obviousness-
type double patenting as being unpatentable over claims 1-50 of copending Application
No. 08/474,779.  Although the conflicting claims are not identical, they are not patentably distinct
from each other because the claims recited in the present invention are broader than the claims set
forth in Ser. No. 08/474,779.

This is a <u>provisional</u> obviousness-type double patenting rejection because the conflicting
claims have not in fact been patented.

## *Conclusion*

7.      The prior art made of record and not relied upon is considered pertinent to applicant's
disclosure.  No additional prior art was cited in the first office action.

                                                    CON00028879

Application/Control Number: 09/324,078                                              Page 4

Art Unit: 3764

8.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Michael Brown whose telephone number is (703) 308-2682.


M. Brown
October 2, 2000

**Michael A. Brown**
**Primary Examiner**

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892<br>(REV. 2-92) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>09/324,078 | GROUP ART UNIT<br>3764 | ATTACHMENT<br>TO<br>PAPER<br>NUMBER | 6 |
|---|---|---|---|---|---|

**NOTICE OF REFERENCES CITED**

APPLICANT(S) *Julian N. Nikolchev et al*

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | *NONE* | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER<br>*Michael Brown* | DATE<br>9/25/00 | |
|---|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

CON00028881

Form PTO 948 (Rev. 8-98)     U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office     Application No. 82/078

## NOTICE OF DRAFTSPERSON'S
## PATENT DRAWING REVIEW

The drawing(s) filed (insert date) 6/1/99 are:
A. ☒ approved by the Draftsperson under 37 CFR 1.84 or 1.152.
B. ☐ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 for the reasons indicated below. The Examiner will require
submission of new, corrected drawings when necessary. Corrected drawing must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings.
Black ink. Color.
____ Color drawings are not acceptable until petition is granted
Fig(s)____
____ Pencil and non black ink not permitted. Fig(s)____
2. PHOTOGRAPHS. 37 CFR 1.84 (b)
____ 1 full-tone set is required. Fig(s)____
____ Photographs not properly mounted (must use brystol board or
photographic double-weight paper). Fig(s)____
____ Poor quality (half-tone). Fig(s)____
3. TYPE OF PAPER. 37 CFR 1.84(e)
____ Paper not flexible, strong, white, and durable.
Fig(s)____
____ Erasures, alterations, overwritings, interlineations,
folds, copy machine marks not accepted. Fig(s)____
____ Mylar, velum paper is not acceptable (too thin).
Fig(s)____
4. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
____ 21.0 cm by 29.7 cm (DIN size A4)
____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
____ All drawing sheets not the same size.
Sheet(s)____
____ Drawings sheets not an acceptable size. Fig(s)____
5. MARGINS. 37 CFR 1.84(g): Acceptable margins.

Top 2.5cm  Left 2.5cm  Right 1.5 cm  Bottom 1.0 cm
SIZE: A4 Size
Top 2.5 cm  Left 2.5 cm  Right 1.5 cm  Bottom 1.0 cm
SIZE: 8 1/2 x 11
Margins not acceptable. Fig(s)____
_____ Top (T)  _____ Left (L)
_____ Right (R)  _____ Bottom (B)
6. VIEWS. 37 CFR 1.84(h)
REMINDER: Specification may require revision to
correspond to drawing changes.
Partial views. 37 CFR 1.84(h)(2)
____ Brackets needed to show figure as one entity.
Fig(s)____
____ Views not labeled separately or properly.
Fig(s)____
____ Enlarged view not labeled separetely or properly.
Fig(s)____
7. SECTIONAL VIEWS. 37 CFR 1.84 (h)(3)
____ Hatching not indicated for sectional portions of an object
Fig(s)____
____ Sectional designation should be noted with Arabic or
Roman numbers. Fig(s)____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
____ Words do not appear on a horizontal, left-to-right fashion
when page is either upright or turned so that the top
becomes the right side, except for graphs. Fig(s)____
9. SCALE. 37 CFR 1.84(k)
____ Scale not large enough to show mechanism without
crowding when drawing is reduced in size to two-thirds in
reproduction.
Fig(s)____
10. CHARACTER OF LINES, NUMBERS, & LETTERS.
37 CFR 1.84(l)
____ Lines, numbers & letters not uniformly thick and well
defined, clean, durable, and black (poor line quality).
Fig(s)____
11. SHADING. 37 CFR 1.84(m)
____ Solid black areas pale. Fig(s)____
____ Solid black shading not permitted. Fig(s)____
____ Shade lines, pale, rough and blurred. Fig(s)____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
37 CFR 1.84(p)
____ Numbers and reference characters not plain and legible.
Fig(s)____
____ Figure legends are poor. Fig(s)____
____ Numbers and reference characters not oriented in the
same direction as the view. 37 CFR 1.84(p)(1)
Fig(s)____
____ English alphabet not used. 37 CFR 1.84(p)(2)
Figs____
____ Numbers, letters and reference characters must be at least
.32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3)
Fig(s)____
13. LEAD LINES. 37 CFR 1.84(q)
____ Lead lines cross each other Fig(s)____
____ Lead lines missing. Fig(s)____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
____ Sheets not numbered consecutively, and in Arabic numerals
beginning with number 1. Sheet(s)____
15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
____ Views not numbered consecutively, and in Arabic numerals,
beginning with number 1. Fig(s)____
16. CORRECTIONS. 37 CFR 1.84(w)
____ Corrections not made from prior PTO-948
dated____
17. DESIGN DRAWINGS. 37 CFR 1.152
____ Surface shading shown not appropriate. Fig(s)____
____ Solid black shading not used for color contrast.
Fig(s)____

COMMENTS

REVIEWER  S. Field     DATE 12/22/99  TELEPHONE NO.____

ATTACHMENT TO PAPER NO. 0

CONQ00028882

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail m an envelope addressed to:

Assistant Commissioner for Patents
Washington, D.C. 20231

On _February 13, 2001_

TOWNSEND and TOWNSEND and CREW LLP

By: _____

**PATENT**
Attorney Docket No.: 16355-002530US

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner: M. Brown |
| Julian N. Nikolchev et al. | Art Unit: 3764 |
| Application No.: 09/324,078 | **AMENDMENT** |
| Filed: June 1, 1999 | |
| For: CONTRACEPTIVE TRANSCERVICAL FALLOPIAN TUBE OCCLUSION DEVICES & METHODS | |

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Office Action mailed 11/13/00, please amend the above-identified application as follows:

IN THE SPECIFICATION:

On page 1, line 11, after "reference." please insert the following sentence:

--This application is also a continuation-in-part of, and claims the benefit of priority from, U.S. Patent Application No. 08/475252, filed June 7, 1995, which was abandoned on June 22, 1998, the full disclosure of which is incorporated herein by reference.--

IN THE CLAIMS:

Please amend claims 3, 5, 27, 35, 39 and 42 and cancel claims 1-2 as follows. All pending claims are reproduced for convenient reference.

361 FH 000085

CON00028883

Julian N. Nikolchev et al.                                                PATENT
Application No.: 09/324,078
Page 2

Please cancel claims 1 and 2.

3.      (Amended) A tissue reaction contraceptive device for use in a fallopian tube, the fallopian tube having tubal tissues, the contraceptive device comprising:

a coil having a proximal end and a distal end and defining an axis therebetween, the coil being axially flexible and having a cross-section suitable for insertion into the fallopian tube; and

an element disposed along the coil, the element adapted to incite a tissue reaction in the tubal tissues adjacent the coil so as to inhibit conception [A contraceptive device as claimed in claim 1], wherein the element comprises a perforate material defining surface pores which promote tissue ingrowth of the tubal tissues.

4.      (As filed) A contraceptive device as claimed in claim 3, wherein the perforate material comprises a member selected from the group consisting of PTFE, ceramic, or microporous polymer.

5.      (Amended) A tissue reaction contraceptive device for use in a fallopian tube, the fallopian tube having tubal tissues, the contraceptive device comprising:

a coil having a proximal end and a distal end and defining an axis therebetween, the coil being axially flexible and having a cross-section suitable for insertion into the fallopian tube; and

an element disposed along the coil, the element adapted to incite a tissue reaction in the tubal tissues adjacent the coil so as to inhibit conception [A contraceptive device as claimed in claim 1], wherein the element comprises a polymer coating which promotes at least one of scarring of the tubal tissues, ingrowth of the tubal tissues, and sclerosing of the tubal tissues.

6.      (As filed) A tissue ingrowth contraceptive device for use in a fallopian tube having a tubal tissue, the contraceptive device comprising:

a tubular retention structure having a proximal end, a distal end, and an axis therebetween, the retention structure being axially flexible and insertable within the fallopian tube;

a material which can incite ingrowth of the tubal tissue therein, the ingrowth material attached to the retention structure.

Julian N. Nikolchev et al.                                          <u>PATENT</u>
Application No.: 09/324,078
Page 3

7.      (As filed) A contraceptive device as claimed in claim 6, wherein the material comprises braided or woven polyester.

8.      (As filed) A contraceptive device as claimed in claim 7, wherein the retention structure comprises a perforate frame having at least one radial opening, and wherein the braided or woven polyester extends radially beyond the tubular retention structure through the at least one radial opening.

9.      (As filed) A contraceptive device as claimed in claim 6, wherein the retention structure comprises a helical outer coil having a sharp edge.

10.     (As filed) A contraceptive device as claimed in claim 6, further comprising an inner coil disposed within the tubular retention structure, wherein at least a portion of the material is disposed in an annular space between the inner coil and the retention structure.

11.     (As filed) A contraceptive device as claimed in claim 10, wherein the inner coil extends distally beyond the retention structure with sufficient resilient flexibility to help guide the contraceptive device axially within the fallopian tube.

12.     (As filed) A tissue ingrowth contraceptive device for use in a fallopian tube, the contraceptive device comprising:
        a resilient elongate body having a proximal end and a distal end and defining an axis therebetween;
        a retention structure disposed along the resilient body, the retention structure adapted to restrain the resilient body within the fallopian tube;
        a bond affixing the retention structure to the resilient body;
        wherein at least one of the resilient body, the retention structure, and the bond comprises a microporous material which promotes tissue ingrowth therein.

13.     (As filed) A contraceptive method comprising:
        transcervically inserting a contraceptive device within a fallopian tube by resiliently deflecting a distal body of the contraceptive device against a tubal wall so that the distal body guides the contraceptive device axially along the fallopian tube; and
        inciting a tissue reaction of tubal tissues with an element of the contraceptive device so as to affix the contraceptive device within the fallopian tube.

14.     (As filed) A contraceptive method as claimed in claim 13, wherein the inciting a tissue reaction step comprises promoting tissue ingrowth into the element.

Julian N. Nikolchev et al.                                                    PATENT
Application No.: 09/324,078
Page 4

15.    (As filed) A contraceptive method as claimed in claim 14, wherein the inciting a tissue reaction step comprises mechanically promoting scar formation by embedding a radially oriented edge into the tubal wall without penetrating through the tubal wall.

16.    (As filed) A contraceptive method as claimed in claim 13, wherein a polymeric coating of the contraceptive device incites a tissue reaction selected from the group consisting of scarring, ingrowth, or sclerosing.

17.    (As filed) A contraceptive device for use in a fallopian tube having a tubal wall, the contraceptive device comprising:

a tubular retention structure having a proximal end, a distal end, and an axis therebetween, the retention structure radially expandable in situ from a narrow diameter configuration, the retention structure in the narrow configuration having a first diameter suitable for axial insertion into the fallopian tube, the expanded retention structure having a second diameter larger than the first diameter and adapted to engage the surrounding tubal wall and retain the contraceptive device within the fallopian tube.

18.    (As filed) A contraceptive device as claimed in claim 17, wherein the retention structure comprises a resilient helical coil.

19.    (As filed) A contraceptive device as claimed in claim 18, wherein the coil expands resiliently to safely engage the tubal wall throughout a range of tubal cross-sectional sizes.

20.    (As filed) A contraceptive device as claimed in claim 19, wherein the coil resiliently expands to open diameters throughout the range from about 0.10 to about 1.0 mm with an expansion force sufficient to help retain the contraceptive device in the fallopian tube and insufficient to penetrate through the tubal wall.

21.    (As filed) A contraceptive device as claimed in claim 18, wherein the coil has a sharp outer edge.

22.    (As filed) A contraceptive device as claimed in claim 18, further comprising a conception inhibiting body attached to the coil.

23.    (As filed) A contraceptive device as claimed in claim 22, wherein a portion of the coil is affixed to the body and an end of the coil moves relative to the body when the coil expands from the first diameter.

361 FH 000088                                                              CON00028886

Julian N. Nikolchev et al.                                                    <u>PATENT</u>
Application No.: 09/324,078
Page 5

24.   (As filed) A contraceptive device as claimed in claim 22, wherein the body extends distally of the coil and is resiliently flexible to help guide the contraceptive device distally within the fallopian tube.

25.   (As filed) A contraceptive device as claimed in claim 24, further comprising woven or braided polyester attached to the body.

26.   (As filed) A contraceptive device for use in a fallopian tube having a tubal wall, the contraceptive device comprising:

a conception inhibiting body defining an axis;

a helical coil disposed about the body, a portion of the helical coil movable relative to the body so that the helical coil can expand resiliently throughout a range of tubal cross-sectional sizes to radially engage the surrounding tubal wall and safely affix the contraceptive device within the fallopian tube.

27.   (Amended) A contraceptive method comprising:

introducing a contraceptive device into a fallopian tube;

radially expanding a <u>pre-formed</u> retention structure of the contraceptive device within the fallopian tube so that the retention structure engages a tubal wall and affixes the contraceptive device within the fallopian tube.

28.   (As filed) An intrafallopian contraceptive device for use in a fallopian tube, the contraceptive device comprising:

an elongate coil having a proximal end, a distal end, and an axis therebetween, the axis being substantially straight when the coil is at rest, the coil being axially resilient to facilitate insertion of the body axially into the fallopian tube, the device being adapted to be retained within the tube so as to inhibit conception.

29.   (As filed) A contraceptive device as claimed in claim 28, further comprising an element disposed along the coil, the element adapted to affix the body within the fallopian tube.

30.   (As filed) An intrafallopian contraceptive device for use in a fallopian tube, the tube having a tubal wall with a tubal cross-section and an axial curvature, the contraceptive device comprising:

an elongate body having a proximal end and a distal end and defining an axis therebetween, the body having a cross-section suitable for axial insertion within the tubal cross-section, at least a portion of the body being straighter than the axial curvature of the fallopian tube, the body being sufficiently flexible to deflect against the tubal wall without injuring the tubal wall, the body being sufficiently resilient to impose an anchoring force against the tubal wall when the straight portion flexes along the axial curvature of the fallopian tube.

Julian N. Nikolchev et al.                                    PATENT
Application No.: 09/324,078
Page 6

31.   (As filed) A contraceptive device as claimed in claim 30, further comprising an element disposed along the body, the element adapted to affix the body within the fallopian tube.

32.   (As filed) A contraceptive device as claimed in claim 31, wherein the body is adapted to resiliently engage the tubal wall with sufficient force to retain the body in the fallopian tube during ingrowth of tubal wall tissues into the element.

33.   (As filed) A contraceptive device as claimed in claim 31, wherein the element is adapted to penetrate into the tubal wall without perforating through the tubal wall to mechanically retain the body in the fallopian tube.

34.   (As filed) A contraceptive device as claimed in claim 33, wherein the element is adapted to promote scar tissue.

35.   (Amended) A contraceptive device as claimed in claim 31[30], wherein the element comprises an electrode attached to the body, the electrode being oriented to engage and desiccate the tubal wall.

36.   (As filed) A contraceptive device for use in a fallopian tube having an axis, the contraceptive device comprising:

a structure having a proximal end, a distal end, and an axis therebetween, the structure adapted to provide effective tubal occlusion when disposed substantially coaxially within the fallopian tube;

an elongate member affixed to the occlusion structure, the member extending distally of the occlusion structure and being sufficiently flexible and axially resilient to help guide distal advancement of the occlusion structure within the fallopian tube.

37.   (As filed) A contraceptive device as claimed in claim 36, wherein the elongate member comprises a coil and a corewire.

38.   (As filed) A contraceptive device as claimed in claim 37, wherein the corewire is removable from the coil when the coil is disposed in the fallopian tube.

39.   (Amended) A contraceptive method comprising:

transcervically inserting a[n] pre-formed elongate resilient body into an axially curving fallopian tube so that the fallopian tube imposes an axial bend on the body, and so that the bent body imposes an anchoring force which helps anchor the bent body within the fallopian tube; and

Julian N. Nikolchev et al.                                        PATENT
Application No.: 09/324,078
Page 7

6        affixing the anchored body within the fallopian tube so that the affixed resilient
7    body inhibits conception.

1        40.    (As filed) A contraceptive method comprising:
2            transcervically inserting an intrafallopian contraceptive device along the fallopian tube by
3    guiding the contraceptive device with a distal guidewire-like structure of the contraceptive device; and
4            retaining the device, including at least a portion of the guidewire-like structure, within the
5    fallopian tube so that the device inhibits conception.

1        41.    (As filed) A contraceptive method as claimed in claim 40, further comprising removing
2    a corewire of the guidewire-like structure from within a coil of the guidewire-like device while the device is
3    retained within the fallopian tube and promoting ingrowth of tubal tissues into the contraceptive device.

1        42.    (Amended) A contraceptive kit comprising:
2        a[n] pre-formed intrafallopian contraceptive device; and
3        instructions describing methods steps including;
4            transcervically introducing the contraceptive [contractive] device into a
5    fallopian tube; and
6            affixing the contraceptive device within the tube.

1        43.    (As filed) An intrafallopian contraceptive device comprising:
2            a proximal anchor;
3            a pre-formed distal anchor which is adapted for insertion into a fallopian tube, and which is
4    capable of imposing resilient anchoring forces against an inner surface of a tubal wall; and
5            a lumen-traversing region extending between the proximal anchor and the distal anchor, the
6    lumen traversing region comprising means for affixing the intrafallopian contraceptive device to the adjacent
7    tubal wall while the device is restrained within the fallopian tube by the proximal and distal anchors.

1        44.    (As filed) An intrafallopian contraceptive device as claimed in claim 43, wherein the
2    affixing means comprises a helical outer surface which can be embedded into the adjacent tubal wall without
3    perforating the tubal wall.

1        45.    (As filed) An intrafallopian contraceptive device as claimed in claim 43, wherein the
2    affixing means comprises means for promoting tissue growth of the tubal wall so as to permanently affix the
3    intrafallopian contraceptive device within the fallopian tube.

CON00028889

Julian N. Nikolchev et al.                                                    PATENT
Application No.: 09/324,078
Page 8

46.   (As filed) An intrafallopian contraceptive device as claimed in claim 45, wherein the
growth promoting means comprises an element selected from the group containing polyester fibers for promoting
tissue ingrowth and an electrically conductive surface coupleable to the tubal wall so as to promote formation of
scar tissues.

47.   (As filed) An intrafallopian contraceptive device comprising:
    a pre-formed proximal anchor having a resilient coil which is restrainable in a straight
configuration for insertion into a fallopian tube, and which is capable of imposing resilient anchoring forces
against an inner surface of a tubal wall;
    a pre-formed distal anchor having a resilient coil which is restrainable in a straight configuration
for insertion into the fallopian tube, and which is capable of imposing resilient anchoring forces against the inner
surface of the tubal wall; and
    a lumen-traversing region extending between the proximal and distal anchors, the lumen-
traversing region comprising a resilient structure having a helical outer surface which is adapted to engage the
inner surface of the tubal wall so as to prevent expulsion of the intrafallopian contraceptive device while the
proximal and distal anchors impose the anchoring forces.

48.   (As filed) An intrafallopian contraceptive method comprising:
    transcervically introducing a pre-formed resilient structure into a target region of a fallopian
tube;
    imposing an anchoring force against a tubal wall of the fallopian tube by resiliently engaging an
inner surface of the tubal wall with the resilient structure; and
    affixing the resilient structure within the fallopian tube with a lumen-traversing region of the
resilient structure.

49.   (As filed) A method as claimed in claim 48, wherein the affixing step comprises
promoting tissue ingrowth of the tubal wall surrounding the resilient structure.

50.   (As filed) A method as claimed in claim 49, wherein the tissue ingrowth occludes the
fallopian tube to inhibit conception.

51.   (As filed) A method as claimed in claim 48, further comprising promoting the
formation of scar tissue by electrically energizing the resilient structure within the fallopian tube.

52.   (As filed) An intrafallopian contraceptive system comprising:
    an elongate delivery body having a proximal end and a distal end with a first energy conduit
extending therebetween;

Julian N. Nikolchev et al.                                      <u>PATENT</u>
Application No.: 09/324,078
Page 9

4         an intrafallopian structure near the distal end of the delivery body, the structure having a first
5   cross-section;
6         an energy source coupled to the structure by the first conduit so that energy from the energy
7   source reconfigures the structure to a second cross-section to restrain the structure within a fallopian tube and the
8   structure inhibits conception.

1         53.   (As filed) The contraceptive system of claim 52, further comprising a second conduit
2   extending from the energy source to the structure so that electrical energy is transmitted through at least a portion
3   of the structure between the conduits, the conduits comprising conductors.

1         54.   (As filed) The contraceptive system of claim 53, wherein the structure comprises a
2   shape memory alloy, the electrical energy effecting a phase change in the shape memory alloy to radially expand
3   the structure.

1         55.   (As filed) An intrafallopian contraceptive system comprising:
2         an elongate delivery body having a proximal end and a distal end with first and second
3   conductors extending therebetween;
4         an intrafallopian contraceptive structure near the distal end of the delivery body; and
5         an electrical power supply can be coupled to the structure by the first and second conductors.

### REMARKS

Claims 1-55 were examined and rejected.  Applicants note that the Examiner
has indicated that claims 3-26, 35, 40-41, 45-46, 49-55 are in condition for allowance except
for the provisional double patenting rejection.  Claims 1-55 were provisionally rejected under
the judicially created doctrine of obviousness-type double patenting as being unpatentable over
claims 1-50 of copending Application No. 08/474,779.  To this end, Applicants submit
herewith a Terminal Disclaimer as described in more detail below.  The remaining claims have
been amended as noted above.  Claims 35 and 42 have been amended for formal reasons only.
Reexamination and reconsideration of the claims, as amended, are respectfully requested.

**Claims 1-2 were rejected under 35 U.S.C. 102(b) as being anticipated by
Chee '194.**  Claims 1-2 have been canceled without prejudice.

**Claims 27-34, 36-39, 42-44 and 47-48 were rejected under 35 U.S.C. 102(b)
as being anticipated by Erb '345.**  Such rejections are traversed in part and overcome in part.

Independent **claim 27** has been amended to specify that the expansion step
involves radially expanding a <u>pre-formed</u> retention structure.  Erb '345 describes injecting an

CON00028891

Julian N. Nikolchev et al.                                    <u>PATENT</u>
Application No.: 09/324,078
Page 10

uncured elastomeric composition into the oviduct in an amount sufficient to fill the portion of

the oviduct adjacent to the uterus.  Although Applicants do not agree that injecting additional

quantities of a viscous fluid into an oviduct is equivalent to expanding a retention structure so

that the retention structure engages a tubal wall, Applicants have amended claim 27 as stated

above in an effort to more quickly further prosecution.  Since an uncured elastomeric

composition is not pre-formed, Applicants believe **claim 27** to be in condition for allowance.

      Independent **claim 28** describes an intrafallopian contraceptive device

comprising an elongate coil; the device being, among others, adapted to be retained within the

tube so as to inhibit conception.  Applicants do not see mention of such a coil anywhere in the

Erb '345 patent.  Therefore, Applicants traverse the rejections of **claim 28** and dependent

**claim 29,** which are allowable.

      Independent **claim 30** describes an intrafallopian contraceptive device for use in

a fallopian tube comprising an elongate body having, among other elements, a cross-section

suitable for axial insertion <u>within</u> the tubal cross-section and being, among other things,

sufficiently flexible to deflect <u>against the tubal wall</u> without injuring the tubal wall.  Referring

to Erb '345, Applicants assume that the Examiner relies on apparatus 20, particularly tubular

extension 22 and tip 10, to anticipate the elongate body of the claimed invention.  The tubular

extension 22 with tip 10 installed is inserted into the vagina 54 and the tip 10 is then <u>aligned</u>

with the uterine end of one of the oviducts 12 (Col. 4, lines. 51-55).  There is no mention that

the tip 10 is inserted within an ostium of the fallopian tube.  Further, Erb '345 describes that

some of the injected material will flow back around the tip 10 so that the surface of the tip 10

will conform to the shape of the uterine end of the oviduct 12 (Col. 4, lines 67-68; Col. 5, lines

1-2).  This clearly illustrates that the end surface of the tip 10 is positioned outside of or against

the uterine end of the oviduct, not within the oviduct.

      If the Examiner intended to rely on the oviduct block 64 of Erb '345 to

anticipate the elongate body of the claimed invention, Applicants maintain traversal of the

rejection.  Claim 30 also specifies that at least a portion of the elongate body is straighter than

the axial curvature of the fallopian tube.  Erb '345 states that the solidified oviduct blocks 64

each have a configuration which conforms to the interior of the oviduct in which it is cast (Col.

CON00028892

5, lines 17-19). Therefore, there is no teaching or suggestion that a portion of the block 64 be straighter than the axial curvature of the fallopian tube from which it was molded.

For all of the above reasons, Applicants believe **claim 30** to be in condition for allowance. Further, Applicants believe dependent **claims 31-34** to be in condition for allowance for reasons stated above and because each presents additional features which are not anticipated by Erb '345.

Independent **claim 36** describes a contraceptive device comprising a structure and an elongate member affixed to the occlusion structure. Referring to Erb '345, Applicants assume that the Examiner relies on tip 10 to anticipate the structure of the claimed invention and the injected elastomeric material 60 to anticipate the elongate member of the claimed invention. To begin, claim 36 specifies that the structure is adapted to provide effective tubal occlusion when disposed substantially coaxially <u>within</u> the fallopian tube. Tip 10 does not enter the fallopian tube as shown above in relation to claim 30. Claim 36 also specifies that the elongate member is sufficiently flexible and axially resilient to help guide distal advancement of the occlusion structure within the fallopian tube. Again, the tip 10 is not advanced within the fallopian tube. Further, the injected elastomeric material 60 has been described to solidify to form an oviduct block which has a configuration which conforms to the interior of the oviduct in which it is cast, thus preventing conception (Col. 5, lines 17-19). Thus, conformation is an essential feature for preventing conception. Erb '345 does not teach any capability of the block for guiding distal advancement of the tip 10. Further, such capability would be highly undesirable since it would disrupt conformation and would advance the tip 10 within the fallopian tube making the retrieval process described in the Erb '345 reference difficult.

For these reasons, Applicants believe **claim 36** to be in condition for allowance. Further, Applicants believe dependent **claims 37-38** to be in condition for allowance for reasons stated above and because each presents additional features which are not anticipated by Erb '345.

Independent **claim 39** has been amended to specify that the elongate resilient body is <u>pre-formed</u>. Erb '345 describes injecting an uncured elastomeric composition into the oviduct in an amount sufficient to fill the portion of the oviduct adjacent to the uterus.

Julian N. Nikolchev et al.                                                    PATENT
Application No.: 09/324,078
Page 12

Although Applicants disagree that the injection of uncured elastomer into a fallopian tube anticipates any of the features described in claim 39, Applicants have amended claim 39 as stated above in an effort to quickly further prosecution. Since an uncured elastomeric composition is not pre-formed, Applicants believe **claim 39** to be in condition for allowance.

Independent **claim 42** has been amended to correct a typographical error. Claim 42 describes a contraceptive kit comprising an intrafallopian contraceptive device and instructions for use. Nonetheless, Applicants have amended claim 42 to recite a pre-formed contraceptive device. Applicants do not see mention of such a kit anywhere in the Erb '345 patent. Therefore, Applicants traverse rejection of **claim 42** which is allowable.

Independent **claim 43** describes an intrafallopian contraceptive device which is restrained within the fallopian tube by the proximal and distal anchors. Applicants do not see that the Erb '345 device provides any such anchors. Therefore, Applicants traverse rejection of **claim 43** and dependent **claim 44** which are allowable.

Independent **claim 47** describes an intrafallopian contraceptive device comprising, in part, proximal and distal anchors each having resilient coils. Applicants do not see that the Erb '345 device provides any such anchors, particularly with coils. Therefore, Applicants traverse rejection of **claim 47** which is allowable.

Independent **claim 48** describes a method which includes transcervically introducing a pre-formed resilient structure into a target region of a fallopian tube. The Erb '345 reference does not describe a pre-formed resilient structure which is introduced into a fallopian tube. Therefore, Applicants traverse rejection of **claim 48** which is allowable.

**Claims 1-55 were provisionally rejected under the judicially created doctrine of obviousness-type double patenting.** Claims 1-2 have been canceled as stated above. As per the Terminal Disclaimer submitted herewith, Applicants disclaim the terminal part of the statutory term of any patent granted on claims 3-55 of the instant application which would extend beyond the expiration date of the full statutory term, defined in 35 U.S.C. 154 to 156 and 173, of that set forth by copending Application No. 09/474,779 upon issue. It is submitted that the double patenting rejection is overcome by this Terminal Disclaimer and all claims are in condition for allowance.

361 FH 000096                                                    CON00028894

Julian N. Nikolchev et al.                                          PATENT
Application No.: 09/324,078
Page 13

In addition, we will be filing a Supplemental Declaration at a later date. The
Supplemental Declaration will reflect the claim in priority made in this Amendment.

CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this
Application are in condition for allowance. The issuance of a formal Notice of Allowance at
an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of
this application, please telephone the undersigned at 650-326-2400.

Respectfully submitted,

Lynn M. Thompson
Reg. No. P–47,991

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
Tel: (415) 576-0200
Fax: (415) 576-0300
LMT
PA 3121292 v1

CON00028895

02/13/2001 12:22 FAX 650 610 8363          CONCEPTUS                              ☑016

I hereby certify that this correspondence is being deposited with the United
States Postal Service as first class mail in an envelope addressed to:

Assistant Commissioner for Patents
Washington, D.C. 20231

On _February 13, 2001_

TOWNSEND and TOWNSEND and CREW LLP

By: _____

PATENT
Attorney Docket No.: 16355-002530US

FEB 1 5 2001

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner:   M. Brown |
|     Julian N. Nikolchev et al. | Art Unit:   3764 |
| Application No.: 09/324,078 | |
| Filed: June 1, 1999 | TERMINAL DISCLAIMER |
| For: CONTRACEPTIVE TRANSCERVICAL FALLOPIAN TUBE OCCLUSION DEVICES & METHODS | |

RECEIVED
FEB 20 2001
TECHNOLOGY CENTER 3700

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

    Petitioner, CONCEPTUS, INC., has an undivided interest in the instant
application. Petitioner hereby disclaims, except as provided below, the terminal part of the
statutory term of any patent granted on the instant application, which would extend beyond the
expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173 of that set
forth by copending Application No. 08/474,779 upon issue. Petitioners hereby agree that any
patent so granted on the instant application shall be enforceable only for and during such
period that it and the prior patent are commonly owned. This agreement runs with any patent
granted on the instant application and is binding upon the grantee, its successors or assigns.

    In making the above disclaimer, petitioners do not disclaim the terminal part of
any patent granted on the instant application that would extend to the expiration date of the full
statutory term as defined in 35 U.S.C. 154 to 156 and 173 of the patent resulting from the

                                                                     CON00028896

Julian N. Nikolchev et al.                                    PATENT
Application No.: 09/324,078
Page 2

copending Application stated above, as shortened by any terminal disclaimer, in the event that

it later expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by

a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed

under 37 CFR 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is

in any manner terminated prior to the expiration of its full statutory term as shortened by any

terminal disclaimer.

      For submissions on behalf of an organization (*e.g.*, corporation, partnership,

university, government agency), the undersigned (whose title is supplied below) is empowered

to act on behalf of the organization.

      I declare that all statements made herein of my own knowledge are true and that

all statements made on information and belief are believed to be true; and further that these

statements were made with the knowledge that willful false statements and the like so made are

punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United

States Code and that such willful false statements may jeopardize the validity of the application

or any patent issued thereon.

Date: 2/13/01

           BY:       CONCEPTUS, INC.

      Signature:   *Ashish Khera*

        Name:   ASHISH KHERA

        Title:   VICE PRESIDENT, R+D

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
Tel: (415) 576-0200
Fax: (415) 576-0300
LMT
PA 3121897 v1

*GAU 3764*

Amendment

**TOWNSEND and TOWNSEND and CREW LLP**
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
(415) 576-0200

In re application of: Julian N. Nikolchev et al.

Application No.: 09/324,078

Filed: June 1, 1999

Group Art Unit: 3764

For: CONTRACEPTIVE TRANSCERVICAL FALLOPIAN
TUBE OCCLUSION DEVICES & METHODS

**THE ASSISTANT COMMISSIONER FOR PATENTS**
**Washington, D.C. 20231**

Attorney Docket No. _____ 16355-002530US _____

Date: _____ February 13, 2001 _____

I hereby certify that this is being deposited with the United States
Postal Service as first class mail in an envelope addressed to:

Assistant Commissioner for Patents
Washington, D.C. 20231

Signed: _____

Sir:

Transmitted herewith is an amendment in the above-identified application.

[ ]  Enclosed is a petition to extend time to respond.
[ ]  Small entity status of this application under 37 CFR 1.9 and 1.27 has been established by a verified statement previously submitted.
[ ]  A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.
[X]  Terminal Disclaimer

If any extension of time is needed, then this response should be considered a petition therefor.
The filing fee has been calculated as shown below:

| | (Col. 1) CLAIMS REMAINING AFTER AMENDMENT | | (Col 2) HIGHEST NO. PREVIOUSLY PAID FOR | (Col 3) PRESENT EXTRA | | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | * 53 | MINUS | ** 55 | = 0 | | x $9.00 = | $0.00 | | x $18.00 = | |
| INDEP | * 17 | MINUS | *** 18 | = 0 | | x $40.00 = | $0.00 | | x $80.00 = | |
| [ ] FIRST PRESENTATION OF MULTIPLE DEP CLAIM | | | | | | + $135.00 = | | | + $270.00 = | |
| | | | | | | TOTAL ADDIT FEE | $0.00 | OR | TOTAL | |

*    If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
**   If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
***  If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, then write "3" in this space. The "Highest Number Previously Paid For" (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior amendment or the number of claims originally filed.

[X]  No fee is due.

Please charge Deposit Account No. 20-1430 as follows:

[ ]  Claims fee                                                    $
[X]  Any additional fees associated with this paper or during the pendency of this application.

_NO_ extra copies of this sheet are enclosed.

**Customer No. 20350**

**TOWNSEND and TOWNSEND and CREW LLP**
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
Telephone: (415) 576-0200
Fax: (415) 576-0300

PA 3127479 v1

TOWNSEND and TOWNSEND and CREW LLP

Lynn M. Thompson, Reg. No. P-47,991
Attorneys for Applicant

CON00028898



**UNITED STATE␣ DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/324,078 | 06/01/99 | NIKOLCHEV | J | 16355-002530 |

| EXAMINER |
|---|
| BROWN, M |

020350
TOWNSEND AND TOWNSEND AND CREW
TWO EMBARCADERO CENTER
EIGHTH FLOOR
SAN FRANCISCO CA 94111-3834

QM22/0411

| ART UNIT | PAPER NUMBER |
|---|---|
| 3764 | |

DATE MAILED:
04/11/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

361 FH 000101                                                      CON00028899

| **Office Action Summary** | Application No. 08/324 078 | Applicant(s) Julian N. Nikolchev et al |
|---|---|---|
| | Examiner Michael Brown | Group Art Unit 3764 |

*—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ____3____ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication .
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

## Status

- ☐ Responsive to communication(s) filed on _____.
- ☐ This action is **FINAL.**
- ☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed in** accordance with the practice under *Ex parte Quayle*, 1935 C.D. 1 1; 453 O.G. 213.

## Disposition of Claims

- ☑ Claim(s) _3-55_____ is/are pending in the application.
- Of the above claim(s) _____ is/are withdrawn from consideration.
- ☑ Claim(s) _3-5, 12, 17-25, 43-47 and 52-55_____ is/are allowed.
- ☑ Claim(s) _6-9 13-15, 26-34, 36, 31-40, 42 and 48-50_ is/are rejected.
- ☑ Claim(s) _10-11, 16, 35, 37-38, 41 and 51_____ is/are objected to.
- ☐ Claim(s) _____ are subject to restriction or election requirement.

## Application Papers

- ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
- ☐ The proposed drawing correction, filed on _____ Is  ☐ approved  ☐ disapproved.
- ☐ The drawing(s) filed on _____ Is/are objected to by the Examiner.
- ☐ The specification is objected to by the Examiner.
- ☐ The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. § 119 (a)-(d)

- ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).
  - ☐ All  ☐ Some*  ☐ None  of the CERTIFIED copies of the priority documents have been
  - ☐ received.
  - ☐ received in Application No. (Series Code/Serial Number)_____.
  - ☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).
  - *Certified copies not received:_____.

## Attachment(s)

- ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
- ☑ Notice of Reference(s) Cited, PTO-892
- ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
- ☐ Interview Summary, PTO-413
- ☐ Notice of Informal Patent Application, PTO-152
- ☐ Other _____

**Office Action Summary**

U. S. Patent and Trademark Office
PTO-326 (Rev 9-97)

Part of Paper No. _____

*U S GPO: 1998-454-457/97505

361 FH 000102

CON00028900

Application/Control Number: 09/324,078                    Page 2

Art Unit: 3764

## DETAILED ACTION

### Claim Rejections - 35 USC § 102

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

2.      Claims 6-9, 13-15, 26-34, 36, 39-40, 42 and 48-50 are rejected under 35 U.S.C. 102(a) as

being clearly anticipated by Callister.

### Allowable Subject Matter

3.      Claims 3-5, 12, 17-25, 43-47 and 52-55 are allowed.

4.      Claims 10-11, 16, 35, 37-38 , 41 and 51 are objected to as being dependent upon a

rejected base claim, but would be allowable if rewritten in independent form including all of the

limitations of the base claim and any intervening claims.

Note: These claims being allowable depends on the terminal disclaimer being approved.

CON00028901

Application/Control Number: 09/324,078                                    Page 3

Art Unit: 3764

*Conclusion*

5.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Michael Brown whose telephone number is (703) 308-2682.

M. Brown
April 9, 2001

*Michael A. Brown*

Michael A. Brown
Primary Examiner

| *Notice of References Cited* | Application No. 09/324,078 | Applicant(s) Julian N. Nikolchev et al |  |  |
|---|---|---|---|---|
| | Examiner Michael Brown | Group Art Unit 3264 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | | | | | |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | WO 9826737 | 12-1996 | WO | Callister | — | — |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | . |
| | W | | |
| | X | | |

\* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

Part of Paper No. _8_

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-96)

*U.S. GPO: 1998-454-457/97508

361 FH 000105

CON00028903

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to

Assistant Commissioner for Patents
Washington, D.C. 20231

On _April 9, 2001_

TOWNSEND and TOWNSEND and CREW LLP

By. _Patricia of expressing_

**PATENT**

Attorney Docket No.: 16355-002530US

OAU 3764

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner:   M. Brown |
| Julian N. Nikolchev et al. | Art Unit:   3764 |
| Application No.: 09/324,078 | SUPPLEMENTAL INFORMATION |
| Filed: June 1, 1999 | DISCLOSURE STATEMENT UNDER 37 CFR §1.97 and §1.98 |
| For: Contraceptive Transcervical Fallopian Tube Occlusion Devices & Methods | |

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

The references cited on attached form PTO-1449 are being called to the attention of the Examiner. Copies of the references are enclosed. It is respectfully requested that the cited references be expressly considered during the prosecution of this application, and the references be made of record therein and appear among the "references cited" on any patent to issue therefrom.

04/18/2001 SWILLIAM 00000001 201438   09324078

As provided for by 37 CFR 1.97(g) and (h), no inference should be made that

01 FC:126          100.00 CH

the information and references cited are prior art merely because they are in this statement and

CON00028904

Julian N. Nikolchev et al.                                          <u>PATENT</u>
Application No.: 09/324,078
Page 2

no representation is being made that a search has been conducted or that this statement

encompasses all the possible relevant information.

     This IDS is being filed after the mailing date of the first Office Action and more

than three months after the filing date, but prior to the Notice of Allowance or Final Office

Action.

     Please deduct $180.00, pursuant to 37 CFR §1.17(p), from the undersigned's

Deposit Account No. 20-1430.  Please deduct any additional fees from, or credit any

overpayment to, the above-noted Deposit Account.

     Respectfully submitted,

Lynn M. Thompson
Reg. No. 47,991

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
Tel: 650-326-2400
Fax: 650-326-2422
LMT:lah

PA 3137651 v1

*FB*

| FORM PTO-1449 (Modified) | Attorney Docket No.: 16355-002530US | Application No.: 09/324,078 |
|---|---|---|
| LIST OF PATENTS AND PUBLICATIONS FOR APPLICANT'S INFORMATION DISCLOSURE STATEMENT (Use several sheets if necessary) | Applicant: Julian N. Nikolchev et al. | |
| | Filing Date: June 1, 1999 | Group: 3764 |

Reference Designation          **U.S. PATENT DOCUMENTS**          Page 1

| Examiner Initial | Document No. | Date | Name | Class | Sub-class | Filing Date (If Appropriate) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | Document No. | Date | Country | Class | Sub-class | Translation (Yes/No) |
|---|---|---|---|---|---|---|
| MB 1 | 32520/78 | 01/18/78 | Australia | | | |
| 2 | WO83/00011 | 06/16/82 | WO | | | |
| 3 | 0105669 B1 | 9/21/83 | Europe | | | |
| 4 | WO95/25490 | 3/20/95 | WO | | | |
| 5 | WO80/02369 | 5/5/80 | WO | | | |
| | | | | | | |
| | | | | | | |

**OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED | |
|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609, Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

#10 / Amdt. B 7/27/01

PATENT
Attorney Docket No.: 16355-002530US

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Assistant Commissioner for Patents
Washington, D.C. 20231

On _____ July 11, 2001 _____

TOWNSEND and TOWNSEND and CREW LLP

By: _____ Wanda Allejo _____

JUL 16 2001

RECEIVED

JUN 2 0 2001

TECHNOLOGY CENTER R3700

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner: M. Brown |
| Julian N. Nikolchev et al. | Art Unit: 3764 |
| Application No.: 09/324,078 | AMENDMENT |
| Filed: June 1, 1999 | |
| For: CONTRACEPTIVE TRANSCERVICAL FALLOPIAN TUBE OCCLUSION DEVICES & METHODS | |

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Office Action mailed 04/11/01, please amend the above-identified application as follows:

IN THE CLAIMS:

Please amend claims 6, 8, 17, 26-28, 30, 32-33, 35-36, 39, 42, 48, 52 and 55, cancel claims 7 and 31, and add claims 56-61 as follows. All pending claims are reproduced for convenient reference.

3.    (Previously Amended) A tissue reaction contraceptive device for use in a fallopian tube, the fallopian tube having tubal tissues, the contraceptive device comprising:

a coil having a proximal end and a distal end and defining an axis therebetween, the coil being axially flexible and having a cross-section suitable for insertion into the fallopian tube; and

an element disposed along the coil, the element adapted to incite a tissue reaction in the tubal tissues adjacent the coil so as to inhibit conception, wherein the element comprises a perforate material defining surface pores which promote tissue ingrowth of the tubal tissues.

CON00028907

Julian N. Nikolchev et al.                                                    <u>PATENT</u>
Application No.: 09/324,078
Page 2

1    4.    A contraceptive device as claimed in claim 3, wherein the perforate material comprises a
2    member selected from the group consisting of PTFE, ceramic, or microporous polymer.

1    5.    (Previously Amended) A tissue reaction contraceptive device for use in a fallopian tube,
2    the fallopian tube having tubal tissues, the contraceptive device comprising:
3    a coil having a proximal end and a distal end and defining an axis therebetween, the coil being
4    axially flexible and having a cross-section suitable for insertion into the fallopian tube; and
5    an element disposed along the coil, the element adapted to incite a tissue reaction in the tubal
6    tissues adjacent the coil so as to inhibit conception, wherein the element comprises a polymer coating which
7    promotes at least one of scarring of the tubal tissues, ingrowth of the tubal tissues, and sclerosing of the tubal tissues.

1    6.    (Amended) A tissue ingrowth contraceptive device for use in a fallopian
2    tube having a tubal tissue, the contraceptive device comprising:
3    a tubular retention structure having a proximal end, a distal end, and an axis
4    therebetween, the retention structure being axially flexible and insertable within the fallopian
5    tube; and
6    a material comprising a braided or woven polyester which can incite ingrowth of
7    the tubal tissue therein, the ingrowth material attached to the retention structure.

1    Please cancel claim 7.

1    8.    (Amended) A contraceptive device as claimed in claim 6, wherein the
2    retention structure comprises a perforate frame having at least one radial opening, and wherein
3    the braided or woven polyester extends radially beyond the tubular retention structure through
4    the at least one radial opening.

1    9.    A contraceptive device as claimed in claim 6, wherein the retention structure comprises a
2    helical outer coil having a sharp edge.

1    10.    A contraceptive device as claimed in claim 6, further comprising an inner coil disposed
2    within the tubular retention structure, wherein at least a portion of the material is disposed in an annular space
3    between the inner coil and the retention structure.

1    11.    A contraceptive device as claimed in claim 10, wherein the inner coil extends distally
2    beyond the retention structure with sufficient resilient flexibility to help guide the contraceptive device axially within
3    the fallopian tube.

1    12.    A tissue ingrowth contraceptive device for use in a fallopian tube, the contraceptive
2    device comprising:
3    a resilient elongate body having a proximal end and a distal end and defining an axis therebetween;

Julian N. Nikolchev et al.                                                                PATENT
Application No.: 09/324,078
Page 3

4        a retention structure disposed along the resilient body, the retention structure adapted to restrain

5    the resilient body within the fallopian tube;

6        a bond affixing the retention structure to the resilient body;

7        wherein at least one of the resilient body, the retention structure, and the bond comprises a

8    microporous material which promotes tissue ingrowth therein.

1        13.    A contraceptive method comprising:

2        transcervically inserting a contraceptive device within a fallopian tube by resiliently deflecting a

3    distal body of the contraceptive device against a tubal wall so that the distal body guides the contraceptive device

4    axially along the fallopian tube; and

5        inciting a tissue reaction of tubal tissues with an element of the contraceptive device so as to affix

6    the contraceptive device within the fallopian tube.

1        14.    A contraceptive method as claimed in claim 13, wherein the inciting a tissue reaction

2    step comprises promoting tissue ingrowth into the element.

1        15.    A contraceptive method as claimed in claim 14, wherein the inciting a tissue reaction

2    step comprises mechanically promoting scar formation by embedding a radially oriented edge into the tubal wall

3    without penetrating through the tubal wall.

1        16.    A contraceptive method as claimed in claim 13, wherein a polymeric coating of the

2    contraceptive device incites a tissue reaction selected from the group consisting of scarring, ingrowth, or sclerosing.

1        17.    (Amended) A contraceptive device for use in a fallopian tube having a

2    tubal wall, the contraceptive device comprising:

3        a tubular retention structure having a proximal end, a distal end, and an axis

4    therebetween, the retention structure radially expandable in situ from a narrow diameter

5    configuration, the retention structure in the narrow configuration having a first diameter suitable

6    for axial insertion into the fallopian tube, the expanded retention structure having a second

7    diameter larger than the first diameter and adapted to engage the surrounding tubal wall and

8    retain the contraceptive device within the fallopian tube while a portion of the fallopian tube is

9    open around or through the retention structure.

1        18.    A contraceptive device as claimed in claim 17, wherein the retention structure comprises

2    a resilient helical coil.

1        19.    A contraceptive device as claimed in claim 18, wherein the coil expands resiliently to

2    safely engage the tubal wall throughout a range of tubal cross-sectional sizes.

Julian N. Nikolchev et al.                                                PATENT
Application No.: 09/324,078
Page 4

20.     A contraceptive device as claimed in claim 19, wherein the coil resiliently expands to open diameters throughout the range from about 0.10 to about 1.0 mm with an expansion force sufficient to help retain the contraceptive device in the fallopian tube and insufficient to penetrate through the tubal wall.

21.     A contraceptive device as claimed in claim 18, wherein the coil has a sharp outer edge.

22.     A contraceptive device as claimed in claim 18, further comprising a conception inhibiting body attached to the coil.

23.     A contraceptive device as claimed in claim 22, wherein a portion of the coil is affixed to the body and an end of the coil moves relative to the body when the coil expands from the first diameter.

24.     A contraceptive device as claimed in claim 22, wherein the body extends distally of the coil and is resiliently flexible to help guide the contraceptive device distally within the fallopian tube.

25.     A contraceptive device as claimed in claim 24, further comprising woven or braided polyester attached to the body.

26.     (Amended) A contraceptive device for use in a fallopian tube having a tubal wall, the contraceptive device comprising:

        a primary coil defining an axis;

        a helical coil disposed about the primary coil, a free end of the helical coil movable relative to the primary coil so that the helical coil can expand resiliently throughout a range of tubal cross-sectional sizes to radially engage the surrounding tubal wall and safely affix the contraceptive device within the fallopian tube.

27.     (Twice Amended) A contraceptive method comprising:

        introducing a contraceptive device into a fallopian tube, the contraceptive device comprising a primary coil and a helical retention structure permanently affixed over the primary coil; and

        radially expanding a pre-formed retention structure of the contraceptive device within the fallopian tube so that a free end of the retention structure moves relative to the primary coil so that the retention structure engages a tubal wall and affixes the contraceptive device within the fallopian tube.

28.     (Amended) An intrafallopian contraceptive device for use in a fallopian tube, the contraceptive device comprising:

        an elongate coil having a proximal end, a distal end, and an axis therebetween, the axis being substantially straight when the coil is at rest, the coil being axially resilient to facilitate

Julian N. Nikolchev et al.                                        PATENT
Application No.: 09/324,078
Page 5

5    insertion of the coil axially into the fallopian tube, the device being adapted to be retained within

6    the tube so as to inhibit conception while at least a portion of the tube remains open.

1        29.       A contraceptive device as claimed in claim 28, further comprising an element disposed

2    along the coil, the element adapted to affix the body within the fallopian tube.

1        30.       (Amended) An intrafallopian contraceptive device for use in a fallopian

2    tube, the tube having a tubal wall with a tubal cross-section and an axial curvature, the

3    contraceptive device comprising:

4            an elongate coil having a proximal end and a distal end and defining an axis

5    therebetween, the coil having a cross-section suitable for axial insertion within the tubal cross-

6    section, at least a portion of the coil being straighter than the axial curvature of the fallopian tube,

7    the coil being sufficiently flexible to deflect against the tubal wall without injuring the tubal wall,

8    the coil being sufficiently resilient to impose an anchoring force against the tubal wall when the

9    straight portion flexes along the axial curvature of the fallopian tube; and

10            an element disposed along the coil, the element being expandable from a small

11    cross-sectional configuration to an atraumatic large cross-sectional configuration having a cross-

12    sectional dimension greater than that of the coil to affix the coil within the fallopian tube without

13    perforating the tubal wall.

1            Please cancel claim 31.

1        32.       (Amended) A contraceptive device as claimed in claim 30, wherein the

2    coil is adapted to resiliently engage the tubal wall with sufficient force to retain the coil in the

3    fallopian tube during ingrowth of tubal wall tissues.

1        33.       (Amended) A contraceptive device as claimed in claim 30, wherein the

2    element is adapted to penetrate into the tubal wall without perforating through the tubal wall to

3    mechanically retain the coil in the fallopian tube.

1        34.       A contraceptive device as claimed in claim 33, wherein the element is adapted to

2    promote scar tissue.

1        35.       (Twice Amended) An intrafallopian contraceptive device for use in a

2    fallopian tube, the tube having a tubal wall with a tubal cross-section and an axial curvature, the

3    contraceptive device comprising:

Julian N. Nikolchev et al.                                          <u>PATENT</u>
Application No.: 09/324,078
Page 6

4 | an elongate coil having a proximal end and a distal end and defining an axis

5 | therebetween, the coil having a cross-section suitable for axial insertion within the tubal cross-

6 | section, at least a portion of the coil being straighter than the axial curvature of the fallopian tube,

7 | the coil being sufficiently flexible to deflect against the tubal wall without injuring the tubal wall,

8 | the coil being sufficiently resilient to impose an anchoring force against the tubal wall when the

9 | straight portion flexes along the axial curvature of the fallopian tube; and

10 | an element disposed along the coil, the element adapted to affix the coil within the

11 | fallopian tube, the element comprising an electrode attached to the body, the electrode being

12 | oriented to engage and desiccate the tubal wall.

1 | 36.     (Amended) A contraceptive device for use in a fallopian tube having an

2 | axis, the contraceptive device comprising:

3 | a structure having a proximal end, a distal end, and an axis therebetween, the

4 | structure adapted to provide effective tubal occlusion when disposed substantially coaxially

5 | within the fallopian tube;

6 | an elongate member affixed to the occlusion structure, the member extending

7 | distally of the occlusion structure and being sufficiently flexible and axially resilient to act as a

8 | distal guidewire during distal advancement of the occlusion structure within the fallopian tube.

1 | 37.     A contraceptive device as claimed in claim 36, wherein the elongate member comprises a

2 | coil and a corewire.

1 | 38.     A contraceptive device as claimed in claim 37, wherein the corewire is removable from

2 | the coil when the coil is disposed in the fallopian tube.

1 | 39.     (Twice Amended) A contraceptive method comprising:

2 | transcervically inserting a pre-formed elongate resilient body into an axially

3 | curving fallopian tube so that the fallopian tube imposes an axial bend on the body, and so that

4 | the bent body imposes an anchoring force which helps anchor the bent body within the fallopian

5 | tube; and

6 | permanently affixing the anchored body within the fallopian tube so that the

7 | affixed resilient body inhibits conception.

1 | 40.     A contraceptive method comprising:

2 | transcervically inserting an intrafallopian contraceptive device along the fallopian tube by guiding

3 | the contraceptive device with a distal guidewire-like structure of the contraceptive device; and

Julian N. Nikolchev et al.                                      PATENT
Application No.: 09/324,078
Page 7

4       retaining the device, including at least a portion of the guidewire-like structure, within the

5   fallopian tube so that the device inhibits conception.

1       41.   A contraceptive method as claimed in claim 40, further comprising removing a corewire

2   of the guidewire-like structure from within a coil of the guidewire-like device while the device is retained within the

3   fallopian tube and promoting ingrowth of tubal tissues into the contraceptive device.

1       42.   (Twice Amended) A contraceptive kit comprising:

        a pre-formed intrafallopian contraceptive device; and

3       instructions describing methods steps including;

4           transcervically introducing the contraceptive device into a fallopian tube;

5   and

6           permanently affixing the contraceptive device within the tube.

1       43.   An intrafallopian contraceptive device comprising:

2       a proximal anchor;

3       a pre-formed distal anchor which is adapted for insertion into a fallopian tube, and which is

4   capable of imposing resilient anchoring forces against an inner surface of a tubal wall; and

5       a lumen-traversing region extending between the proximal anchor and the distal anchor, the lumen

6   traversing region comprising means for affixing the intrafallopian contraceptive device to the adjacent tubal wall

7   while the device is restrained within the fallopian tube by the proximal and distal anchors.

1       44.   An intrafallopian contraceptive device as claimed in claim 43, wherein the affixing

2   means comprises a helical outer surface which can be embedded into the adjacent tubal wall without perforating the

3   tubal wall.

1       45.   An intrafallopian contraceptive device as claimed in claim 43, wherein the affixing

2   means comprises means for promoting tissue growth of the tubal wall so as to permanently affix the intrafallopian

3   contraceptive device within the fallopian tube.

1       46.   An intrafallopian contraceptive device as claimed in claim 45, wherein the growth

2   promoting means comprises an element selected from the group containing polyester fibers for promoting tissue

3   ingrowth and an electrically conductive surface coupleable to the tubal wall so as to promote formation of scar

4   tissues.

1       47.   An intrafallopian contraceptive device comprising:

2       a pre-formed proximal anchor having a resilient coil which is restrainable in a straight

3   configuration for insertion into a fallopian tube, and which is capable of imposing resilient anchoring forces against

4   an inner surface of a tubal wall;

361 FH 000115                                                         CON00028913

Julian N. Nikolchev et al.                                                   PATENT
Application No.: 09/324,078
Page 8

5   a pre-formed distal anchor having a resilient coil which is restrainable in a straight configuration

6   for insertion into the fallopian tube, and which is capable of imposing resilient anchoring forces against the inner

7   surface of the tubal wall; and

8   a lumen-traversing region extending between the proximal and distal anchors, the lumen-traversing

9   region comprising a resilient structure having a helical outer surface which is adapted to engage the inner surface of

10  the tubal wall so as to prevent expulsion of the intrafallopian contraceptive device while the proximal and distal

11  anchors impose the anchoring forces.

1   48.   (Amended) An intrafallopian contraceptive method comprising:

2   transcervically introducing a pre-formed resilient structure into a target region of a

3   fallopian tube;

4   imposing an anchoring force against a tubal wall of the fallopian tube by

5   resiliently engaging an inner surface of the tubal wall with the resilient structure; and

6   permanently affixing the resilient structure within the fallopian tube with a lumen-

7   traversing region of the resilient structure so that at least a portion of the fallopian tube is open.

1   49.   A method as claimed in claim 48, wherein the affixing step comprises promoting tissue

2   ingrowth of the tubal wall surrounding the resilient structure.

1   50.   A method as claimed in claim 49, wherein the tissue ingrowth occludes the fallopian tube

2   to inhibit conception.

1   51.   A method as claimed in claim 48, further comprising promoting the formation of scar

2   tissue by electrically energizing the resilient structure within the fallopian tube.

52.   (Amended) An intrafallopian contraceptive system comprising:

an elongate delivery body having a proximal end and a distal end with a first

3   energy conduit extending therebetween;

4   an intrafallopian structure near the distal end of the delivery body, the structure

5   having a first cross-section;

6   a material which can incite ingrowth of tubal tissue therein, the ingrowth material

7   attached to the structure; and

8   an energy source coupled to the structure by the first conduit so that energy from

9   the energy source reconfigures the structure to a second cross-section to restrain the structure

10  within a fallopian tube and the structure inhibits conception.

1   53.   The contraceptive system of claim 52, further comprising a second conduit extending

2   from the energy source to the structure so that electrical energy is transmitted through at least a portion of the

3   structure between the conduits, the conduits comprising conductors.

Julian N. Nikolchev et al.                                                    PATENT
Application No.: 09/324,078
Page 9

54.     The contraceptive system of claim 53, wherein the structure comprises a shape memory alloy, the electrical energy effecting a phase change in the shape memory alloy to radially expand the structure.

55.     (Amended) An intrafallopian contraceptive system comprising:

an elongate delivery body having a proximal end and a distal end with first and second conductors extending therebetween;

an intrafallopian contraceptive structure near the distal end of the delivery body;

a material which can incite ingrowth of tubal tissue therein, the ingrowth material attached to the structure; and

an electrical power supply can be coupled to the structure by the first and second conductors.

Please add new claims 56-61.

56.     (New) An intrafallopian contraceptive system as claimed in claim 52, wherein the intrafallopian structure includes a copper body.

57.     (New) An intrafallopian contraceptive system as claimed in claim 56, wherein the copper body forms a coil, a bead or plating.

58.     (New) An intrafallopian contraceptive system as claimed in claim 52, wherein the ingrowth material includes copper.

59.     (New) A contraceptive device as claimed in claim 17, wherein the retention structure provides functional occlusion of the fallopian tube.

60.     (New) A contraceptive device as claimed in claim 28, wherein the device provides functional occlusion of the tube.

61.     (New) A method as claimed in claim 48, wherein permanently affixing the resilient structure with the fallopian tube provides functional occlusion of the fallopian tube.

Julian N. Nikolchev et al.                                          PATENT
Application No.: 09/324,078
Page 10

## REMARKS

Claims 3-55 were examined. Claims 3-5, 12, 17-25, 43-47 and 52-55 were allowed, claims 6-9, 13-15, 26-34, 36, 39-40, 42 and 48-50 were rejected and claims 10-11, 16, 35, 37-38, 41 and 51 were objected to. The claims have been amended and new claims added as noted above. Reexamination and reconsideration of the claims are respectfully requested.

**Claims 3-5, 12, 17-25, 43-47 and 52-55 were allowed.** Applicants appreciate such allowance. However, claims 17, 52 and 55 have been amended to more specifically describe particular aspects of the present invention.

**Claims 6-9, 13-15, 26-34, 36, 39-40, 42 and 48-50 were rejected under U.S.C. 102(a) as being anticipated by Callister (WO 98/26737).** The instant application is a CIP of PCT/US98/20031 filed September 23, 1998, which is a CIP of U.S. Patent Application No. 09/093,835 (Attorney Docket No. 016355-002520US) filed June 8, 1998, which claims priority to U.S. Provisional Application No. 60/059,861 filed September 24, 1997. Claims 6-51 are fully supported at least by U.S. Patent Application No. 09/093,835 (Attorney Docket No. 016355-002520US), the originally filed specification of which is enclosed. In particular, claims 6-42 and claims 43-51 of the instant application correspond with claims 48-84 and claims 34-42 of U.S. Patent Application No. 09/093,835 respectively. Since Callister (WO 98/26737) has an international publication date of June 25, 1998, it is not prior art under U.S.C. 102(a). Therefore, Applicants traverse such rejections.

**Claims 10-11, 16, 35, 37-38, 41 and 51 were objected to as being dependent upon rejected base claims.** Based on arguments stated above, such objections are now moot in point.

Overall, amendments have been made to claims 6, 8, 17, 26-28, 30, 32-33, 35-36, 39, 42, 48, 52 and 55 to more specifically describe particular aspects of the present invention. And, claims 7 and 31 have been canceled without prejudice.

## ADDED CLAIMS

New claims 56-61 have been added to more fully describe particular embodiments of the present invention.

Julian N. Nikolchev et al.                                    <u>PATENT</u>
Application No.: 09/324,078
Page 11

<u>CONCLUSION</u>

In view of the foregoing, Applicants believe all claims now pending in this
Application are in condition for allowance.  The issuance of a formal Notice of Allowance at an
early date is respectfully requested.

Attached is a marked up version of the changes made to the claims by the current
amendment.  The attached page is captioned "VERSION WITH MARKINGS TO SHOW
CHANGES MADE".

If the Examiner believes a telephone conference would expedite prosecution of
this application, please telephone the undersigned at 650-326-2400.

Respectfully submitted,

Lynn M. Thompson
Reg. No. 47,991

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
Tel: (415) 576-0200
Fax: (415) 576-0300
LMT
PA 3148350 v2

CON00028917

Julian N. Nikolchev et al.                                      <u>PATENT</u>
Application No.: 09/324,078
Page 12

<u>VERSIONS WITH MARKINGS TO SHOW CHANGES MADE</u>

6.    (Amended) A tissue ingrowth contraceptive device for use in a fallopian
tube having a tubal tissue, the contraceptive device comprising:

a tubular retention structure having a proximal end, a distal end, and an axis
therebetween, the retention structure being axially flexible and insertable within the fallopian
tube; <u>and</u>

a material <u>comprising a braided or woven polyester</u> which can incite ingrowth of
the tubal tissue therein, the ingrowth material attached to the retention structure.

8.    (Amended) A contraceptive device as claimed in claim [7] <u>6</u>, wherein the
retention structure comprises a perforate frame having at least one radial opening, and wherein
the braided or woven polyester extends radially beyond the tubular retention structure through
the at least one radial opening.

17.    (Amended) A contraceptive device for use in a fallopian tube having a
tubal wall, the contraceptive device comprising:

a tubular retention structure having a proximal end, a distal end, and an axis
therebetween, the retention structure radially expandable in situ from a narrow diameter
configuration, the retention structure in the narrow configuration having a first diameter suitable
for axial insertion into the fallopian tube, the expanded retention structure having a second
diameter larger than the first diameter and adapted to engage the surrounding tubal wall and
retain the contraceptive device within the fallopian tube <u>while a portion of the fallopian tube</u>
<u>remains open around or through the retention structure.</u>

26.    (Amended) A contraceptive device for use in a fallopian tube having a
tubal wall, the contraceptive device comprising:

a <u>primary coil</u> [conception inhibiting body] defining an axis;

a helical coil disposed about the <u>primary coil</u> [body], a <u>free end</u> [portion] of the
helical coil movable relative to the <u>primary coil</u> [body] so that the helical coil can expand
resiliently throughout a range of tubal cross-sectional sizes to radially engage the surrounding
tubal wall and safely affix the contraceptive device within the fallopian tube.

27.    (Twice Amended) A contraceptive method comprising:

Julian N. Nikolchev et al.                                              PATENT
Application No.: 09/324,078
Page 13

2          introducing a contraceptive device into a fallopian tube, the contraceptive device
3   comprising a primary coil and a helical retention structure permanently affixed over the primary
4   coil; and

5          radially expanding a pre-formed retention structure of the contraceptive device
6   within the fallopian tube so that a free end of the retention structure moves relative to the primary
7   coil so that the retention structure engages a tubal wall and affixes the contraceptive device
8   within the fallopian tube.

1          28.    (Amended) An intrafallopian contraceptive device for use in a fallopian
2   tube, the contraceptive device comprising:

3          an elongate coil having a proximal end, a distal end, and an axis therebetween, the
4   axis being substantially straight when the coil is at rest, the coil being axially resilient to facilitate
5   insertion of the coil [body] axially into the fallopian tube, the device being adapted to be retained
6   within the tube so as to inhibit conception while at least a portion of the tube remains open.

1          30.    (Amended) An intrafallopian contraceptive device for use in a fallopian
2   tube, the tube having a tubal wall with a tubal cross-section and an axial curvature, the
3   contraceptive device comprising:

4          an elongate [body] coil having a proximal end and a distal end and defining an
5   axis therebetween, the [body] coil having a cross-section suitable for axial insertion within the
6   tubal cross-section, at least a portion of the [body] coil being straighter than the axial curvature
7   of the fallopian tube, the [body] coil being sufficiently flexible to deflect against the tubal wall
8   without injuring the tubal wall, the [body] coil being sufficiently resilient to impose an anchoring
9   force against the tubal wall when the straight portion flexes along the axial curvature of the
10  fallopian tube; and

11         an element disposed along the coil, the element being expandable from a small
12  cross-sectional configuration to an atraumatic large cross-sectional configuration having a cross-
13  sectional dimension greater than that of the coil to affix the coil within the fallopian tube without
14  perforating the tubal wall.

1          32.    (Amended) A contraceptive device as claimed in claim 30 [31], wherein
2   the [body] coil is adapted to resiliently engage the tubal wall with sufficient force to retain the
3   [body] coil in the fallopian tube during ingrowth of tubal wall tissues [into the element].

Julian N. Nikolchev et al.                                                          <u>PATENT</u>
Application No.: 09/324,078
Page 14

1          33.     (Amended) A contraceptive device as claimed in claim <u>30</u> [31], wherein
2    the element is adapted to penetrate into the tubal wall without perforating through the tubal wall
3    to mechanically retain the [body] <u>coil</u> in the fallopian tube.

1          35.     (Twice Amended) <u>An intrafallopian contraceptive device for use in a</u>
2    <u>fallopian tube, the tube having a tubal wall with a tubal cross-section and an axial curvature, the</u>
3    <u>contraceptive device comprising:</u>
4                  <u>an elongate coil having a proximal end and a distal end and defining an axis</u>
5    <u>therebetween, the coil having a cross-section suitable for axial insertion within the tubal cross-</u>
6    <u>section, at least a portion of the coil being straighter than the axial curvature of the fallopian tube,</u>
7    <u>the coil being sufficiently flexible to deflect against the tubal wall without injuring the tubal wall,</u>
8    <u>the coil being sufficiently resilient to impose an anchoring force against the tubal wall when the</u>
9    <u>straight portion flexes along the axial curvature of the fallopian tube; and</u>
10                 <u>an element disposed along the coil, the element adapted to affix the coil within the</u>
11   <u>fallopian tube.</u> [A contraceptive device as claimed in claim 31, wherein] the element
12   comprising[es] an electrode attached to the body, the electrode being oriented to engage and
13   desiccate the tubal wall.

1          36.     (Amended) A contraceptive device for use in a fallopian tube having an
2    axis, the contraceptive device comprising:
3                  a structure having a proximal end, a distal end, and an axis therebetween, the
4    structure adapted to provide effective tubal occlusion when disposed substantially coaxially
5    within the fallopian tube;
6                  an elongate member affixed to the occlusion structure, the member extending
7    distally of the occlusion structure and being sufficiently flexible and axially resilient <u>to act as a</u>
8    <u>distal guidewire during</u> [help guide] distal advancement of the occlusion structure within the
9    fallopian tube.

1          39.     (Twice Amended) A contraceptive method comprising:
2                  transcervically inserting a pre-formed elongate resilient body into an axially
3    curving fallopian tube so that the fallopian tube imposes an axial bend on the body, and so that
4    the bent body imposes an anchoring force which helps anchor the bent body within the fallopian
5    tube; and

Julian N. Nikolchev et al.                                                      PATENT
Application No.: 09/324,078
Page 15

6          permanently affixing the anchored body within the fallopian tube so that the

7    affixed resilient body inhibits conception.

1          42.    (Twice Amended) A contraceptive kit comprising:

2          a pre-formed intrafallopian contraceptive device; and

3          instructions describing methods steps including;

4                transcervically introducing the contraceptive device into a fallopian tube;

5    and

6                permanently affixing the contraceptive device within the tube.

1          48.    (Amended) An intrafallopian contraceptive method comprising:

2          transcervically introducing a pre-formed resilient structure into a target region of a

3    fallopian tube;

4                imposing an anchoring force against a tubal wall of the fallopian tube by

5    resiliently engaging an inner surface of the tubal wall with the resilient structure; and

6                permanently affixing the resilient structure within the fallopian tube with a lumen-

7    traversing region of the resilient structure so that at least a portion of the fallopian tube is open.

1          52.    (Amended) An intrafallopian contraceptive system comprising:

2          an elongate delivery body having a proximal end and a distal end with a first

3    energy conduit extending therebetween;

4                an intrafallopian structure near the distal end of the delivery body, the structure

5    having a first cross-section;

6                a material which can incite ingrowth of tubal tissue therein, the ingrowth material

7    attached to the retention structure; and

8                an energy source coupled to the structure by the first conduit so that energy from

9    the energy source reconfigures the structure to a second cross-section to restrain the structure

10   within a fallopian tube and the structure inhibits conception.

1          55.    (Amended) An intrafallopian contraceptive system comprising:

2          an elongate delivery body having a proximal end and a distal end with first and

3    second conductors extending therebetween;

4                an intrafallopian contraceptive structure near the distal end of the delivery body;

5                a material which can incite ingrowth of tubal tissue therein, the ingrowth material

6    attached to the structure; and

                                                      CON00028921

Julian N. Nikolchev et al.                                                          PATENT
Application No.: 09/324,078
Page 16

7           an electrical power supply can be coupled to the structure by the first and second

8   conductors.

1           Claims 7 and 31 have been canceled and new claims 56-61 have been added.



**Application Data Sheet**

## Application Information

| | |
|---|---|
| Application number:: | 09/324,078 |
| Filing Date:: | 06/01/99 |
| Application Type:: | Regular |
| Subject Matter:: | Utility |
| Suggested classification:: | |
| Suggested Group Art Unit:: | |
| CD-ROM or CD-R??:: | |
| Number of CD disks:: | |
| Number of copies of CDs:: | |
| Sequence Submission:: | |
| Computer Readable Form (CRF)?:: | |
| Number of copies of CRF:: | |
| Title:: | Contraceptive Transcervical Fallopian Tube Occlusion Devices & Methods |
| Attorney Docket Number:: | 016355-002530US |
| Request for Early Publication:: | No |
| Request for Non-Publication:: | No |
| Suggested Drawing Figure:: | 20B |
| Total Drawing Sheets:: | 15 |
| Small Entity?:: | Yes |
| Latin name:: | |
| Variety denomination name:: | |
| Petition included?:: | No |
| Petition Type:: | |
| Licensed US Govt. Agency:: | |
| Contract or Grant Numbers One:: | |
| Secrecy Order in Parent Appl.:: | No |

## Applicant Information

| | |
|---|---|
| Applicant Authority Type:: | Inventor |
| Primary Citizenship Country:: | US |
| Status:: | Full Capacity |
| Given Name:: | Julian |
| Middle Name:: | N. |
| Family Name:: | Nikolchev |
| Name Suffix:: | |
| City of Residence:: | Portola Valley |
| State or Province of Residence:: | CA |
| Country of Residence:: | |
| Street of Mailing Address:: | 251 Duranzo Way |

Page 1      Initial 7/11/01

361 FH 000125      CON00028923

City of Mailing Address::                  Portola Valley
State or Province of mailing address::    CA
Country of mailing address::
Postal or Zip Code of mailing address::  94028


Applicant Authority Type::              Inventor
Primary Citizenship Country::        US
Status::                         Full Capacity
Given Name::                    Dai
Middle Name::                   T.
Family Name::                   Ton
Name Suffix::
City of Residence::                 San Jose
State or Province of Residence::     CA
Country of Residence::
Street of Mailing Address::           1693 Flickinger Avenue
City of Mailing Address::                  San Jose
State or Province of mailing address::    CA
Country of mailing address::
Postal or Zip Code of mailing address::  95131


Applicant Authority Type::              Inventor
Primary Citizenship Country::        US
Status::                         Full Capacity
Given Name::                    Ashish
Middle Name::
Family Name::                   Khera
Name Suffix::
City of Residence::                 San Francisco
State or Province of Residence::     CA
Country of Residence::
Street of Mailing Address::           1630 Sanchez Street, #3
City of Mailing Address::                  San Francisco
State or Province of mailing address::    CA
Country of mailing address::
Postal or Zip Code of mailing address::  94131


Applicant Authority Type::              Inventor
Primary Citizenship Country::         US
Status::                         Full Capacity
Given Name::                    Donnell
Middle Name::                   W.
Family Name::                   Gurskis

                            Initial 7/11/01

361 FH 000126                                         CON00028924

Name Suffix::
City of Residence::                              Pleasanton
State or Province of Residence::                 CA
Country of Residence::
Street of Mailing Address::                      3251 Anastacia Court
City of Mailing Address::                        Pleasanton
State or Province of mailing address::           CA
Country of mailing address::
Postal or Zip Code of mailing address::  94588


Applicant Authority Type::                       Inventor
Primary Citizenship Country::                    US
Status::                                         Full Capacity
Given Name::                                     Steven
Middle Name::
Family Name::                                    Bacich
Name Suffix::
City of Residence::                              Half Moon Bay
State or Province of Residence::                 CA
Country of Residence::
Street of Mailing Address::                      20 Fairway Place
City of Mailing Address::                        Half Moon Bay
State or Province of mailing address::           CA
Country of mailing address::
Postal or Zip Code of mailing address::  94019


**Correspondence Information**

Correspondence Customer Number::    20350

**Representative Information**

| Representative Designation:: | Representative Number:: | Representative Name:: |
|---|---|---|
| Primary | 36,443 | Mark D. Barrish |
| Associate | 29,541 | James M. Heslin |
| Associate | 29,038 | Gary T. Aka |
| Associate | 27,431 | Robert C. Colwell |
| Associate | 31,836 | Paul C. Haughey |
| Associate | 28,572 | David N. Slone |
| Associate | 30,223 | William M. Smith |
| Associate | 29,719 | James F. Hann |
| Associate | 38,464 | Darin J. Gibby |
| Associate | 45,231 | Craig P. Wong |

361 FH 000127                                                                                CON00028925

**Domestic Priority Information**

| Application:: | Continuity Type:: | Parent Application:: | Parent Filing Date:: |
|---|---|---|---|
| This application | Continuation-in-Part | PCT/US98/20031 | 09/23/98 |
| 98/20031 | Continuation-in-Part | 09/093,385 | 06/08/98 |
| 09/093,385 | Non Provisional | 60/059,861 | 09/24/97 |

**Assignee Information**

| | |
|---|---|
| Assignee Name:: | Conceptus, Inc. |
| Street of mailing address:: | 1021 Howard Avenue |
| City of mailing address:: | San Carlos |
| State or Province of mailing address:: | CA |
| Country of mailing address:: | USA |
| Postal or Zip Code of mailing address:: | 94070 |

361 FH 000128                                    CON00028926



Attorney Docket No. 16355-002520

# PATENT APPLICATION

RECEIVED

JUL 2 0 2001

TECHNOLOGY CENTER R3700

## FOR

# CONTRACEPTIVE TRANSCERVICAL FALLOPIAN

# TUBE OCCLUSION DEVICES AND METHODS

Inventors:

    **JULIAN N. NIKOLCHEV**, a citizen of the
United States of America, residing at
251 Durazno Way,
Portola Valley, California  94028;

    **DAI T. TON**, a citizen of the
United States of America, residing at
1693 Flickinger Avenue,
San Jose, California  95131;

    **ASHISH KHERA**, a citizen of the
United States of America, residing at
1630 Sanchez Street, #3
San Francisco, California  94131;

    **DONNELL W. GURSKIS**, a citizen of the
United States of America, residing at
3251 Anastacia Court
Pleasanton, California  94588; and

    **STEVEN BACICH**, a citizen of the
United States of America, residing at
20 Fairway Place
Half Moon Bay, California  94019.

Assignee:

    **CONCEPTUS, INC.**
1021 Howard Avenue
San Carlos, California 94070;
A California corporation.

Status:

    Small Entity

TOWNSEND and TOWNSEND and CREW  LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94105
(415) 576-0200

CON00028927

1

<u>PATENT</u>

Attorney Docket No. 16355-002520

# CONTRACEPTIVE TRANSCERVICAL FALLOPIAN
5
# TUBE OCCLUSION DEVICES AND METHODS

### <u>CROSS-REFERENCE TO RELATED APPLICATIONS</u>

10       This application is a continuation of U.S.
Provisional Application No. 60/059,861, filed September 24,
1997, and is also a continuation-in-part of U.S. Patent
Application No. 08/474,779, and Application No. 08/475,252,
both filed June 7, 1995, the full disclosures of which are
15   incorporated herein by reference.

### <u>BACKGROUND OF THE INVENTION</u>

  1.   <u>Field of the Invention</u>

20       The present invention relates generally to
contraception, and more particularly to intrafallopian
contraceptive devices and nonsurgical methods for their
delivery.

      Worldwide demand exists for safe, effective methods
25   of both contraception and permanent sterilization. Although a
variety of contraception and sterilization methods are
available, all of the existing methods have limitations and
disadvantages. Thus, the need for additional safe, low cost,
reliable methods of contraception and permanent sterilization,
30   both in developed and less developed countries, is widely
recognized.

      Many presently available contraception methods
require significant user involvement, and user non-compliance
results in quite high rates of failure. While the theoretical
35   effectiveness of existing contraceptives, including barrier
methods and hormonal therapies, is well established,
overcoming user noncompliance to improve overall efficacy has
proven difficult.

CON00028928

2

One form of contraception which is less susceptible to user noncompliance is the intrauterine device (IUD). IUDs have been found to have higher rates of reliability, and are effective for a longer period of time, than most other
5   commercially available contraceptives. Unfortunately, IUDs are also associated with serious infectious complications. For this reason, the use of IUDs within the United States has decreased dramatically. Additionally, IUDs are subject to unplanned expulsion, and must be removed due to excessive pain
10   or bleeding in a percentage of cases, further reducing the acceptance of the IUD as a contraceptive method. Interestingly, the efficacy of copper IUDs appears to be higher than that of non-metallic IUDs. The reason for this has not been fully explained.
15   Commercially available options for permanent sterilization include fallopian tube ligation and vasectomy. These methods are surgical, are difficult to reverse, and are not available to many people in the world. It is common knowledge that fertilization occurs in the fallopian tubes
20   where the sperm and ovum meet. Tubal ligation avoids this by complete occlusion of the fallopian tubes.

It has previously been proposed to reversibly occlude the fallopian tubes, for example, by *in vitro* formation of an elastomeric plug, or otherwise anchoring a
25   device on either side of the narrowest region of fallopian tube, called the "isthmus." Such fallopian tube occlusion methods appear promising; however, an unacceptably high percentage of the non-surgical devices proposed to date have become dislodged during previous studies. Even where non-
30   surgical intrafallopian devices have remained in place, they have been found to be only moderately effective at preventing conception.

For these reasons, it would be desirable to provide effective, reliable intrafallopian devices for contraception
35   and sterilization. It would be particularly desirable to provide highly effective intrafallopian devices which did not require surgery for placement. It would be especially desirable if such devices and methods allowed easy placement

CON00028929

3

of the device, but were less susceptible to being dislodged than previously proposed non-surgical intrafallopian devices.

5  2.   <u>Description of the Related Art</u>

The experimental use of a stainless steel intrafallopian device is described in *Transcatheter Tubal Sterilization in Rabbits*, Penny L. Ross, RT 29 "Investigative Radiology", pp. 570-573 (1994).  The experimental use of an 10 electrolytically pure copper wire as a surgical contraceptive intrafallopian device in rats was described in "Antifertility Effect of an Intrafallopian Tubal Copper Device", D.N. Gupta, 14 *Indian Journal of Experimental Biology*, pp. 316-319 (May 1976).

15  U.K. Patent Application Pub. No. 2,211,095 describes a uterine screw plug for blocking the fallopian tube. European Patent Application Pub. No. 0,010,812 describes a device for placement in the oviducts having enlargements at either end for anchoring the device.  The same device appears 20 to be described in Netherlands Patent No. 7,810,696.

The use of tubal occlusion devices is described in "Hysteroscopic Oviduct Blocking With Formed-in-Place Silicone Rubber Plugs", Robert A. Erb, Ph.D., et al., *The Journal of Reproductive Medicine*, pp. 65-68 (August 1979).  A 25 formed-in-place elastomeric tubal occlusion device is described in U.S. Patent No. 3,805,767, issued to Erb.  U.S. Patent No. 5,065,751, issued to Wolf, describes a method and apparatus for reversibly occluding a biological tube.  U.S. Patent No. 4,612,924, issued to Cimber, describes an 30 intrauterine contraceptive device which seals the mouths of the fallopian tubes.

German Patent No. 28 03 685, issued to Brundin, describes a device for plugging a body duct with a device which swells when in contact with a body fluid.

35  Alternative contraceptive devices are disclosed in co-pending U.S. Patent Application No. 08/474,779, the full disclosure of which is herein incorporated by reference.

CON00028930

4

## SUMMARY OF THE INVENTION

The present invention provides intrafallopian devices and methods for their placement to prevent conception. The intrafallopian devices of the present invention are

5    transcervically delivered and mechanically anchored within the fallopian tube to provide long term contraception, or alternatively permanent sterilization, without the need for surgical procedures or the risks of increased bleeding, pain, and infection associated with intrauterine devices (IUDs).

10    The intrafallopian devices of the present invention will often comprise a structure having a lumen-traversing region with a helical outer surface. The helical surface is mechanically anchored by a resilient portion of the structure which is biased to form an enlarged secondary shape,

15    preferably forming distal and proximal anchoring loops. The anchoring loops help prevent the helical outer surface from rotating out of position, and also directly deter axial motion within the fallopian tube. In alternative embodiments, anchoring may be provided by a straight coil which is

20    resiliently deflected by the axial curvature of the tortuous fallopian tube, and a radially expandable braid, malecott, or some other tubular structure may help affix the device within the fallopian tube.

The use of copper in the intrafallopian device of

25    the present invention improves its efficacy as a contraceptive method. Devices formed from plastically deformable materials, however, are less readily restrained in the fallopian tube. Apparently, the large variation in the actual shape and dimensions of fallopian tubes does not provide reliable

30    anchoring for a pre-formed deformable intrafallopian device. The intrafallopian device of the present invention therefore often comprises a resilient structure, usually a metallic coil, which includes a copper alloy or plating, ideally comprising an alloy including at least 75% copper. The coil

35    material typically includes beryllium, zinc, stainless steel, platinum, a shape memory alloy, such as Nitinol®, or the like. Preferably, the coil is composed of an alloy of beryllium and copper.

CON00028931

5

Although the present device will generally result in
occlusion, it need not completely occlude the fallopian tube
to prevent the meeting of the sperm and ovum.  Instead, in
some embodiments, the presence of the copper on the resilient
5    structure is sufficient to provide effective contraception.
Hence, contraception can be provided by disrupting the normal
architecture and/or function of the fallopian tube, despite
the presence of an open lumen.  This concept is referred to
herein as "functional occlusion".  As used herein, a device
10   which provides functional occlusion means that the device,
when implanted in the fallopian tube, disrupts the normal
architecture and/or functioning of the fallopian tube so as to
inhibit fertilization and/or conception.

Conveniently, the present invention further
15   comprises non-surgical placement of such intrafallopian
devices by transcervical introduction.  The resilient
structure is restrainable in a straight configuration, e.g.,
by use of a corewire, greatly facilitating and reducing the
risks of introduction.  Thus, the cost and dangers associated
20   with existing surgical contraceptive and sterilization
procedures are avoided.

In a first aspect, a contraceptive intrafallopian
device according to the present invention comprises a proximal
anchor, a distal anchor, and a lumen-traversing region
25   extending between the anchors.  The lumen traversing region
has a helical outer surface and a cross-section which is
smaller than the cross-sections of the proximal and distal
anchors.

Preferably, the lumen-traversing region comprises a
30   resilient structure, generally having a ribbon wound over the
outer surface to form the helical shape.  Anchoring is
enhanced by a sharp outer edge on the ribbon.  As described
above, at least one of the proximal anchor, the distal anchor,
and the lumen-traversing region preferably comprises copper.
35   The proximal and distal anchors generally comprise a resilient
structure biased to form an enlarged secondary shape, thereby
allowing the device to be restrained in a straight
configuration to facilitate transcervical introduction.

361 FH 000134

CON00028932