United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONCEPTUS, INC.,

    Plaintiff,

  v.

HOLOGIC, INC.,

    Defendant.

                                      /

No. C 09-02280 WHA

**ORDER REGARDING MOTIONS *IN LIMINE***

        This action is proceeding to trial on plaintiff's patent-infringement claims against defendant. The final pretrial conference was held on September 16, 2011. In advance of that conference, plaintiff and defendant each submitted five motions *in limine*. Any denial of a motion *in limine* does not mean that the item at issue in the motion is admitted in evidence — it still must be moved in evidence, subject to any *other* objections, at trial. Similarly, any grant of a motion *in limine* does not exclude the item at issue in the motion under any and all circumstances; the beneficiary of an order *in limine* may open the door to the disputed evidence.

    **1.**     **DEFENDANT'S MOTION IN LIMINE NO. 1.**

        Defendant Hologic, Inc. moved *in limine* to exclude the infringement opinion of Mark Glasser on the "permanently affixing . . . so that at least a portion of the fallopian tube is open" claim limitation as unreliable and untimely. For the reasons stated at the pretrial conference, the motion is **DENIED** with the exception that direct examination of any expert will be confined to the statements made in that expert's opening report. Expert testimony that exceeds

the bounds of an opening report will be proper only after the door to such testimony is opened by the opposing party, either through the direct testimony of an opposing expert or through cross-examination. As such, material disclosed only in reply reports may not be referenced in opening statements or during the Glasser direct examination.

### 2. DEFENDANT'S MOTION IN LIMINE NO. 2.

Defendant Hologic moved *in limine* to exclude the opinions of Mark Glasser on contributory and induced infringement. For the reasons stated at the pretrial conference, the motion is **GRANTED IN PART AND DENIED IN PART**. No expert shall testify as to intent or state of mind. Expert testimony that the components of Hologic's Adiana system are specifically adapted for use in the Adiana procedure would be proper, but expert opinion that they were designed to infringe the asserted patent claims will not be allowed.

### 3. DEFENDANT'S MOTION IN LIMINE NO. 3.

Defendant Hologic moved *in limine* to exclude Conceptus, Inc.'s notice letters and complaint as proof of Hologic's knowledge regarding infringement, or in the alternative for permission to teach the jury the full history of this action. This motion is complicated by the parties' earlier stipulation that "[n]either side will make reference to a jury that the [voluntarily] dismissed patents and claims were once asserted in the case" (Dkt. No. 141). For the reasons stated at the pretrial conference, the motion is **GRANTED IN PART AND DENIED IN PART**. Conceptus may introduce the notice letters without waiving its right to enforce the stipulation. If Conceptus wishes to introduce the complaint, however, it must introduce the *entire* complaint, and doing so would relieve Hologic of its obligation not to mention the dismissed patents and claims to the jury.

### 4. DEFENDANT'S MOTION IN LIMINE NO. 4.

Defendant Hologic moved *in limine* to exclude testimony and evidence of objective indicia of non-obviousness. The motion is **DENIED**. As to licensing, the motion is moot because Conceptus does not intend to introduce licensing evidence. As to the commercial success of Conceptus's Essure product and the other objective indicia of non-obviousness, Hologic argues that Conceptus is unable to establish a nexus with the invention disclosed in the asserted claims.

*See In re Huai-Hung Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011). According to Hologic's interpretation of the patent prosecution history, the purportedly novel aspect of the asserted claims to which a nexus must be drawn is the permanent affixation of a structure within the fallopian tube while the tube remains partially open (Br. 2). Hologic, however, misreads the prosecution history.

The relevant method step of the claim that ultimately issued as claim 36 of United States patent number 6,634,361 originally read: "affixing the resilient structure within the fallopian tube with a lumen-traversing region of the resilient structure" (Dkt. No. 427 at CON00028840). It originally was claim 48 in the application. The claim was rejected as anticipated by the Erb reference, and the rejection was overcome by distinguishing the Erb reference as follows):

> Independent **claim 48** describes a method which includes transcervically introducing a <u>pre-formed</u> resilient structure <u>into</u> a target region of a fallopian tube. The Erb '345 reference does not describe a pre-formed resilient structure which is introduced into a fallopian tube. Therefore, Applicants traverse rejection of claim 48 which is allowable.

(*id.* at CON00028878, CON00028894). Thus, the practice of introducing a pre-formed structure into a fallopian tube was identified as a point of novelty.

The claim later was rejected as anticipated by the Callister reference (*id.* at CON00028901). The applicants overcame this second rejection by pointing out that the application claimed a priority date earlier than the publication date of the Callister reference, meaning that the Callister reference was not prior art (*id.* at CON00028916). At the same time, the applicants amended several claims "to more specifically describe particular aspects of the present invention" (*ibid.*). The amendment added limitations to the relevant method step, transforming it into the version that ultimately issued as claim 36 in the '361 patent: "<u>permanently</u> affixing the resilient structure within the fallopian tube with a lumen-traversing region of the resilient structure <u>so that at least a portion of the fallopian tube is open</u>" (*id.* at CON00028921). Contrary to Hologic, however, this amendment was not made in order to overcome prior art.

3

1    The claim was rejected once more for double-patenting in a co-pending application, and
2 then it was allowed after the co-pending application was disclaimed (*id.* at CON00028993,
3 CON000290001–02, CON00029019).

4    Having reviewed the prosecution history of the '361 patent, this order finds that the record
5 does not support Hologic's view that permanent affixation while the fallopian tube remains open
6 is the novel aspect of the asserted claims with which a nexus must be established. This particular
7 limitation was *not* added in order to overcome prior art, and it is only one aspect of one method
8 step. Hologic has not shown that this limitation is the *only* point of supposed novelty in the
9 asserted claims. Hologic's argument that Conceptus is unable to establish a nexus with this
10 particular aspect of the claims therefore need not be further considered. Be that as it may, the jury
11 will be properly instructed on the general law of a requirement of a nexus for commercial
12 success purposes.

13    **5. DEFENDANT'S MOTION IN LIMINE NO. 5.**

14    Defendant Hologic moved *in limine* to exclude argument interpreting the asserted patent
15 claims to encompass permanent affixation accomplished via tissue ingrowth or use of
16 radiofrequency energy. Having considered the prosecution history and the parties' supplemental
17 briefing, the motion is **DENIED** without prejudice to further consideration at the end of the
18 evidence. The disputed claim-construction issue will not be resolved on the present record and
19 indeed need not be resolved until the jury is charged at the end of the trial. The Court will benefit
20 from weighing the trial evidence in resolving this claim construction question.

21    **6. PLAINTIFF'S MOTION IN LIMINE NO. 1.**

22    Plaintiff Conceptus moved *in limine* to exclude evidence and argument that the
23 "permanently affixing" method step requires mechanical affixation or cannot be accomplished by
24 way of tissue ingrowth. This motion mirrors defendant's motion *in limine* number five,
25 referenced above. Like its counterpart, the motion is **DENIED** without prejudice. The disputed
26 claim-construction issue will not be resolved on the present record and indeed need not be
27 resolved until the jury is charged at the end of the trial.

28

4

### 7. PLAINTIFF'S MOTION IN LIMINE NO. 2.

Plaintiff Conceptus moved *in limine* to exclude evidence, testimony, and argument by Thomas Ryan regarding expert opinions he supposedly did not timely disclose. Specifically, Conceptus targets Mr. Ryan's opinions on enablement and obviousness. The motion is **GRANTED**. Material disclosed for the first time in Mr. Ryan's reply report will not be admissible during his direct testimony. Mr. Ryan will be subject to the same limiting procedures as all other experts, as explained with reference to defendant's motion *in limine* number one. In particular, any obviousness opinions must be supported by disclosure of a specific combination of prior art references. The verdict form, however, will not list specific prior art references. The enablement opinions Mr. Ryan disclosed for the first time in his reply report are addressed in detail in a separate order.

To be clear, there may be circumstances wherein the burden is on the patent holder to demonstrate what its specification discloses by way of steps and their equivalents (such as when Section 112 paragraph 6 is involved). This burden would not be affected by the instant ruling.

### 8. PLAINTIFF'S MOTION IN LIMINE NO. 3.

Plaintiff Conceptus moved *in limine* to exclude evidence, testimony, and argument concerning Hologic's patents. Having considered the parties' supplemental submissions, the motion is **GRANTED**. Hologic's patents are excluded from evidence subject to a specific offer of proof at trial and a specific showing of relevance and probativeness.

### 9. PLAINTIFF'S MOTION IN LIMINE NO. 4.

Plaintiff Conceptus moved *in limine* to exclude evidence, testimony, and argument regarding prior litigation between Conceptus and Ovion, which is not a party to this action. Having considered the parties' supplemental submissions, the motion is **GRANTED IN PART AND DENIED IN PART**. The categorical exclusion Conceptus requests is overbroad insofar as the motion does not identify specific items of proof. For example, deposition transcripts, inventor notebooks, and other such items from the prior litigation that are unrelated to settlement will not be excluded on the grounds set forth in the motion.

5

1  The fact of the settlement between Conceptus and Ovion shall not be introduced to show
2  that Ovion first invented any of the technology there at issue. The license agreement they
3  reached, however, will not be excluded wholesale. It may be introduced for purposes not
4  prohibited by FRE 408, subject to other possible objections. In particular, the license agreement
5  may be introduced as evidence of the rates paid for licenses to patents comparable to the patent in
6  suit — the second *Georgia-Pacific* factor relevant to determination of a reasonable royalty. *See*
7  *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). The
8  license agreement in question required Conceptus to pay Ovion for permission to use Ovion's
9  patent; it did not require any party to pay for permission to use the Conceptus patent asserted in
10 this action (or any other Conceptus patent for that matter). As such, the decisions Conceptus cites
11 concerning evidence of an established royalty for the asserted patent (*Georgia-Pacific* factor one)
12 or a hypothetical negotiation concerning the asserted patent (factor fifteen) are inapposite.
13 Moreover, any influence the litigation context may have had on the price of the Ovion-Conceptus
14 license would impact its evidentiary weight, not its admissibility. Conceptus cites no binding
15 authority that would require complete exclusion of the license agreement.

To the extent the admissibility of particular items for particular purposes is not addressed herein, the motion is denied without prejudice to considering specific objections at trial.

### 10.  PLAINTIFF'S MOTION IN LIMINE NO. 5.

Plaintiff Conceptus moved *in limine* to exclude evidence, testimony, and argument regarding its requests for equitable relief, including its unsuccessful motion for a preliminary injunction, which was based on patents that no longer are asserted. The motion is **DENIED**. The fact that Conceptus has requested equitable relief possibly is relevant to issues that will be decided by the jury. However, no mention shall be made of the denial of the preliminary injunction without first obtaining clearance from the Court given an offer of proof out of the

6

1  presence of the jury. This ruling does not release Hologic from its stipulated agreement not to
2  reference patents or claims that Conceptus voluntarily dismissed from this action.

4  **IT IS SO ORDERED.**

6  Dated: September 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE