1 | **ARNOLD & PORTER LLP**
MATTHEW M. WOLF (*pro hac vice*)
matthew.wolf@aporter.com
JOHN E. NILSSON (*pro hac vice*)
john.nilsson@aporter.com
SARA P. ZOGG (*pro hac vice*)
sara.zogg@aporter.com
555 Twelfth Street, NW
Washington, DC 20004
Telephone:    202-942-5000
Facsimile:    202-952-5999

JENNIFER A. SKLENAR (SBN 200434)
jennifer.sklenar@aporter.com
NICHOLAS H. LEE (SBN 259588)
nicholas.lee@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90071
Telephone:    213-243-4000
Facsimile:    213-243-4199

MICHAEL A. BERTA (SBN 194650)
michael.berta@aporter.com
One Embarcadero Center, 22nd Floor
San Francisco, CA  94111-3711
Telephone:    415-356-3000
Facsimile:    415-356-3099

Attorneys for Defendant
HOLOGIC, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CONCEPTUS, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>HOLOGIC, INC.,<br><br>              Defendant. | Case No. C 09-02280 WHA<br><br>**HOLOGIC, INC.'S RESPONSE TO CONCEPTUS' MOTION FOR "CLARIFICATION" OF THE COURT'S SEPTEMBER 27 ORDER**<br><br>Trial Date:    October 3, 2011<br>Time:           7:30 a.m.<br>Courtroom:  8, 19th Floor<br>Judge:          Hon. William Alsup |

## I. INTRODUCTION

Hologic submits this memorandum per the Court's Order of September 29, 2011 and in response to Conceptus' Motion for "Clarification" of the Court's September 27 Order (the "Clarification Motion").

## II. ARGUMENT

In its Clarification Motion, Conceptus takes issue with the Court's statement in its September 27, 2011 Order regarding who has the burden to show equivalency under 35 U.S.C. § 112 ¶ 6. Conceptus argues that because Hologic had not taken the position that the claims at issue are step-plus-function claims, therefore *Hologic* must be changing its position about claim construction and *Conceptus* will be prejudiced. This is a fundamental mischaracterization of the dispute between the parties. Indeed, it is exactly backwards.

For perspective, one of Conceptus' problems with proving infringement of the claims remaining at issue in this matter is that, as discussed in Hologic's supplemental briefing filed September 19, 2011 (Dkt. No. 424), the claim language itself – and every single example in the specification with a "lumen-traversing region" – illustrates that the step of "permanently affixing" the resilient structure involves the "lumen-traversing region" affirmatively either torquing or cutting into the fallopian tube wall by use of a mechanical structure. *See* Dkt. 424 at 2:17-3:19.[1] While ingrowth of tissue is discussed in the specification in certain embodiments – typically as a supplement to the referenced torquing – it is always, at least in part, a result of the mechanical acts of the "lumen-traversing region." *Id*. at 3:20-4:6. There is simply no support for the idea that the "lumen-traversing region" can be converted from an active agent of affixation into merely a passive recipient of ingrowth.

---

[1] Specifically, the term "lumen-traversing region" is used in the Abstract and in the Summary of Invention ('361 Patent at 2:61-63) and is expressly described as "a lumen-traversing region with a helical outer surface." It is also used with reference to Fig. 1 (*see id*. at 9:13, 9:16) where it is described as including a "ribbon 28 with sharp outer edges 29." *Id*. at 19. It is used again with reference to Fig. 6 (*see id*. at 10:19-20), also including a helical ribbon. *Id*. at 10:20-25. It is used with reference to Fig. 9 and 10 (*see id*. at 10:57 and 11:5-6), both of which refer back to the lumen-traversing region as that disclosed in Fig. 1 with its helical shape. *See, e.g., id*. at 11:5-6. It is also referred to in Claim 35 (the companion device claim to method claim 36), which also explains that the lumen-traversing region has a "helical outer-surface." *Id*. at 23:31-37 (claim 35).

Hologic Response to "Clarification" Motion                1
Case No. C 09-02280 WHA

It is with this infringement problem in mind that the dispute between the parties as to the correct interpretation of the claims at issue has come to the fore, including whether 35 U.S.C. § 112 ¶ 6 has anything to teach about the correct construction of the claims.

As discussed in both parties' supplemental briefing submitted September 19, 2011 (at the Court's invitation following the Pre-Trial Conference), 35 U.S.C. § 112 ¶ 6 presumptively does not apply to method claims that do not include "step" signaling language. Both parties also agreed, however, that even in the absence of such signaling language, a method claim element could invoke § 112 ¶ 6 if the claim element does not recite an act, but instead states a result of an act. *See, e.g.*, Dkt. 420 (Conceptus 9/19/11 Brief) at 1:25-2:4; Dkt. 424 (Hologic 9/19/11 Brief) at 1:18-2:16.

In this case, the restrictions of § 112 ¶ 6 never seemed to be an issue because both parties appeared to agree that the claim elements at issue stated acts, rather than the results of acts. Specifically with respect to the claim element of "permanently affixing the resilient structure within the fallopian tube with a lumen-traversing region of the resilient structure …" (see '361 Patent (claim 36) 23:44-47), Conceptus had always taken the position that the result of "permanently affixing" was performed by (*i.e.*, "with") the claimed "lumen-traversing region" thus clearly setting forth a limiting act for the claimed method. For example, in its claim construction briefing, Conceptus stated:

> The specification goes on to show that the 'lumen-traversing region 24' is in fact intended to span the width of the tube. Referring to Figure 1, the specification explains that '[r]ibbon 28 includes ***sharp outer edges 29, which firmly anchor lumen-traversing region 24 in the fallopian tube wall when torque is applied*** to intrafallopian device 10." If the lumen-traversing region did not cross the width of the tube, then its 'sharp outer edges' would not anchor in the fallopian tube wall when torque was applied – they would simply twist within the open lumen.

Dkt. No. 150 (Conceptus Claim Construction Brief) at 15:9-15 (emphasis in original). At the claim construction hearing itself, Conceptus again agreed that the "lumen-traversing region" is "what does the affixing" (Dkt. No. 217 at 97), further stating:

> It's imposing an anchoring force, and it's permanently affixing. That's all being done ***by*** the resilient structure … if we go back to the claim language, you are affixing the structure within the tube with that region. And the way the patent describes doing that is with that ribbon, as an example.

*Id*. at 105 (emphasis added).

This is where the parties stood through discovery on the issue of claim construction.

Hologic Response to "Clarification" Motion              2
Case No. C 09-02280 WHA

It was only after discovery had closed that Conceptus apparently came to the realization that the idea that the lumen-traversing region was the acting agent (consistent with the specification and the claim language) was an obstacle to infringement. Specifically, in a response expert report, Conceptus had its expert take the contrary position, for the first time, that "[a]s an initial matter, the reference in the 'affixing' limitation to the 'lumen-traversing region of the resilient structure' tells *where* the device is affixed (lumen traversing), not *how* it becomes affixed." Dkt. 301-3 (Glasser Rebuttal Expert Report) at 6 (emphasis in original). Thus, Conceptus, in order to come up with an argument on infringement, attempted to re-cast the lumen-traversing region from an acting agent to a passive recipient. It was here that a problem arose with § 112 ¶ 6, and it was this new position that precipitated Hologic's MIL No. 5 on claim construction issues.

Thus, with reference to the current dispute, Hologic has never changed its position on the correct construction of these claims. It is Conceptus that has fundamentally altered its arguments about how "permanently affixing" is accomplished and, in so doing, has raised issues with respect to § 112 ¶ 6. Indeed, Conceptus continues to equivocate as to the correct construction of the claims – asserting for purposes of infringement that the lumen-traversing region is passive (Dkt. No. 301-3 (Glasser) at 6), and asserting for purposes of avoiding § 112 ¶6 that the lumen-traversing region is an actor. *See* Dkt. 420 (Conceptus' Sept. 19 Supp. Briefing) at 2:13-15 ("Further, the claims contain numerous *'acts'* that preclude application of 112, paragraph 6, such as 'transcervically', 'resiliently engaging', *'with a lumen-traversing region'* and 'tissue ingrowth'.") (emphasis added).

Conceptus cannot have it both ways. If Conceptus wants to avoid the application of § 112 ¶ 6, Conceptus should be bound to its original argument in claim construction that the "lumen-traversing region" is the agent that performs an act that accomplishes "permanently affixing." If Conceptus changes its position to try to prove infringement, Conceptus should have the burden to show that, where the "lumen-traversing region" is a passive agent and there is no act in the relevant claim limitation, that the specification discloses the required steps or equivalents per § 112 ¶ 6.

Hologic Response to "Clarification" Motion       3
Case No. C 09-02280 WHA

1  Dated:  September 30, 2011             Respectfully submitted,

          By:  */s/ Michael A. Berta*
               MICHAEL A. BERTA (SBN 194650)
               michael.berta@aporter.com
               One Embarcadero Center, 22nd Floor
               San Francisco, CA  94111-3711
               Telephone: 415-356-3000
               Facsimile:     415-356-3099

               *Attorneys for Defendant HOLOGIC, INC.*