**SIDLEY AUSTIN LLP**
M. PATRICIA THAYER (SBN 90818)
pthayer@sidley.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

BRYAN K. ANDERSON (SBN 170666)
bkanderson@sidley.com
AARON R. BLEHARSKI (SBN 240703)
ableharski@sidley.com
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: (650)565-7000
Facsimile: (650)565-7100

NITIN REDDY (SBN 229451)
nreddy@sidley.com
TASHICA T. WILLIAMS (SBN 256449)
ttwilliams@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Plaintiff
CONCEPTUS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCEPTUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOLOGIC, INC.,<br><br>Defendant. | Case No. 09-cv-02280-WHA<br><br>**CONCEPTUS'S BENCH BRIEF REGARDING EVIDENCE OF ACCEPTABLE AND AVAILABLE NON-INFRINGING ALTERNATIVES AND DESIGN AROUNDS**<br><br>Trial date: October 3, 2011<br>Time: 7:30 AM<br>Courtroom: 9, 19th floor<br>Judge: Hon. William H. Alsup |

**INTRODUCTION**

Plaintiff Conceptus, Inc. ("Conceptus") submits this bench brief pursuant to the Court's bench ruling on October 4, 2011. Defendant Hologic, Inc. ("Hologic") apparently takes a narrow and wholly improper view of the Court's summary judgment order because it plans to elicit testimony from its damages expert Thomas Britven that tubal ligation is and would have been an acceptable and available non-infringing alternative to Essure's patented method. Moreover, it appears that Hologic also will offer testimony from Mr. Britven, a former Hologic employee (Douglas Harrington), and an officer (Gregory Martin) that there were alternative device designs that Hologic could have pursued during the relevant damages period. The Court should preclude any such testimony (or argument) in front of the jury because it granted "summary adjudication that 'there were no acceptable and available, non-infringing alternatives to the claimed inventions during the relevant damages period.'" Dkt. No. 356 at 17:14-16, 19:28-20:2. It likewise already has determined that there is an absence of evidence – no "research-and-development documentation, deposition testimony, or sworn declarations" – on the design-arounds that Hologic contends could have been pursued. *Id*. at 18:12-15. As explained below, Hologic's effort to conjure up new theories and marshal new evidence on an issue that has been decided is too little and much too late.

**ARGUMENT**

I.   **Mr. Britven Should Not Be Permitted To Testify That Tubal Ligation Was An Acceptable Non-Infringing Alternative During The Damages Period**

After the close of fact and expert discovery, Conceptus filed a motion for summary adjudication that there were no acceptable non-infringing alternatives to the patented method that were available during the relevant time period. Dkt. No. 280. This Court granted Conceptus summary adjudication on that issue. Dkt. No. 356 at 19:28-20:2 (granting "summary adjudication that 'there were no acceptable and available, non-infringing alternatives to the claimed inventions during the relevant damages period'").

The Court recognized that, under Rule 56(c), the burden was on Hologic to come forward with evidence that would show "the availability of some other acceptable noninfringing alternative."

*Id.* at 18:4-5. And that Hologic had failed to live up to its burden. *Id.* Pursuant to Rule 56, Hologic was required to cite in its opposition:

> particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1). Failing such evidence, Coneptus was entitled to judgment that the fact was adjudication.

Hologic's opposition to Conceptus's motion for summary adjudication cited only one item of "evidence": Mr. Britven's unsworn expert report, which discussed two possible alternatives that he contended would not have infringed the patented method and would have been an acceptable substitute for Essure. Dkt. No. 296 at 22-24. Hologic did not even *advance* an argument that tubal ligation was an acceptable non-infringing alternative. *See generally id.* And, indeed, the portions of Mr. Britven's report entitled the "existence of acceptable non-infringing alternatives to the patent in suit," never mention tubal ligation. *See* Dkt. No. 268-7 ¶¶ 42-47. There are good reasons for both omissions: Hologic's own witnesses, documents and marketing strategies make clear that tubal ligation was not an *acceptable* alternative to transcervical hysteroscopic sterilization for women who have opted for Adiana from 2009-2011 because tubal ligation is more expensive, requires an incision, a hospital visit and general anesthesia. *See Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1162 (6th Cir. 1978) ("A product lacking the advantages of that patented can hardly be termed a substitute 'acceptable' to the customer who wants those advantages.")

After considering all of the evidence and arguments advanced by the parties, this Court determined that Hologic failed to proffer "*any* admissible evidence to rebut the inference that no acceptable noninfringing substitutes were available," Dkt. No. 356:18:5-6, and granted judgment in favor of Conceptus on this issue. That judgment is conclusive and should not be revisited in the middle of trial.

Nonetheless, in recent correspondence, it has become clear that Hologic contends that the Court's judgment on this issue is limited to a finding on the two specific alternatives discussed in Hologic's opposition to Conceptus's motion for summary judgment. But that is not how Rule 56

works. The party who bears the burden of production on an issue has to lay *all* of its evidence on the table at the motion stage. It cannot hold some back, wait for a decision, and then try to put in more evidence later. As the Second Circuit long-ago explained:

> If one may thus reserve one's evidence when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not suggested in any part of its history or in any one of the applicable decisions.

*Engl v. Aetna Life Ins. Co.*, 139 F.2d 469, 473 (2d Cir. 1943); *see also* Wright, Miller & Kane Fed. Practice and Procedure: Civil 3d § 2727 at 464; *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence,'" that would justify revisiting summary judgment decision).

Any other procedure would eviscerate Rule 56 and the benefits to courts and litigants flowing from summary judgment/adjudication. Hologic thus should not be permitted to offer any opinion from Mr. Britven that tubal ligation was an acceptable non-infringing alternative.

II.   Evidence And Argument On Design-Arounds Is Inadmissible

The Court also should preclude testimony from Mr. Britven, Mr. Harrington and Mr. Martin about supposed design-arounds that were available to Hologic.[1]

With regard to Mr. Britven, whose opinion is based entirely on his conversations with Messrs. Martin and Harrington, the Court already previously and categorically determined that his

---

[1] Hologic described the two design-arounds in its opposition to Conceptus's summary judgment motion as follows:

> The first alternative involves a straightforward modification to the matrix, changing from an allegedly "resilient" silicone to one that is not. (*Id*. ¶¶ 43-44.) The second alternative includes a solid silicone disk or sternum that "plugs" the fallopian tube immediately upon placement, thereby inhibiting conception until tissue ingrowth permanently occludes the fallopian tube. (*Id*. ¶ 45.)

Dkt. No. 296 at 23.

opinion "is not evidence; it is double hearsay." Dkt. No. 356 at 18:12. That determination was in no way limited to lost profits.

The Court should likewise preclude Mr. Harrington and Mr. Martin from testifying about potential design-arounds. Neither one was identified in the final pre-trial order as providing testimony on this issue. Hologic stated that Mr. Harrington would provide testimony regarding:

> the development and operation of the Adiana System, including development and application of RF energy for contraceptive purposes and testing and clinical trials of the Adiana device; prior art to the '361 patent; the formation of Adiana, Inc.; opinions of counsel obtained by Adiana, Inc.; discussions and communications regarding opinions of counsel as to non-infringement and invalidity of the asserted method claims; and lack of knowledge or intent to indirectly and willfully infringe the asserted method claims.

Dkt. No. 403-4 at 2:5-14.

Hologic stated that Mr. Martin would testify regarding:

> the development and operation of the Adiana System; opinions of counsel and discussions and communications related thereto concerning non-infringement and invalidity of the asserted method claims; and lack of knowledge or intent to indirectly and willfully infringe the asserted method claims.

*Id*. at 2:15-21.

These witnesses also were not disclosed as having information about alternative designs in the initial disclosures and so Conceptus was not on notice to ask them questions about this during discovery. *See* Hologic's Third Am. Initial Disclosures (disclosing Mr. Harrington as having "discoverable knowledge regarding (1) the development and operation of the Adiana System, (2) prior art and (3) advice of counsel relating to the '361 patent" and Mr. Martin as having "discoverable knowledge regarding (1) the development and operation of the Adiana System and (2) advice of counsel relating to the '361 patent").

In short, the Court should not permit Hologic to resuscitate the issue of design-arounds, especially where the evidence proffered by Hologic is either inadmissible hearsay or was never disclosed in discovery.

## **CONCLUSION**

For all of these reasons, the Court should prevent Hologic from eliciting testimony from Mr. Britven that tubal ligation was an acceptable non-infringing alternative and it should prevent Messrs. Britven, Martin and Harrington from testifying that there were design-arounds to the '361 patent.

Dated: October 4, 2011

SIDLEY AUSTIN LLP

  */s/ M. Patricia Thayer*
M. PATRICIA THAYER (SBN 90818)
pthayer@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

BRYAN K. ANDERSON (SBN 170666)
bkanderson@sidley.com
AARON R. BLEHARSKI (SBN 240703)
ableharski@sidley.com
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: 650-565-7000
Facsimile: 650-565-7100

NITIN REDDY (SBN 229451)
nreddy@sidley.com
TASHICA T. WILLIAMS (SBN 256449)
ttwilliams@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600

***Counsel for Plaintiff Conceptus, Inc.***