IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONCEPTUS, INC.,

    Plaintiff,

  v.

HOLOGIC, INC.,

    Defendant.

No. C 09-02280 WHA

**SUPPLEMENTAL CLAIM CONSTRUCTION ORDER RE DISPUTED CLAIM TERM "WITH"**

## INTRODUCTION

In this patent-infringement action involving intrafallopian contraceptive methods, the parties now dispute the construction of a term that was not addressed in the March 2010 claim construction order. With the benefit of argument and extensive briefing, this order now construes the disputed term preparatory to settling the final charge to the jury.

## STATEMENT

The facts and procedural history of this action have been set forth in previous orders (see Dkt. Nos. 189, 356). Plaintiff Conceptus, Inc. is suing Hologic, Inc. on method claims 37 and 38 of United States patent number 6,634,361. Cross motions *in limine* raised a claim construction dispute regarding the term "with" in unasserted claim 36, from which the asserted claims depend. The issue was briefed and argued at the final pretrial conference, after which the parties were requested to submit supplemental briefing and the entire prosecution file history for

the '361 patent. Having considered the parties' voluminous briefing and oral argument on this issue, as well as the full patent prosecution history, this order now resolves this claim construction dispute.

## ANALYSIS

The '361 patent, entitled "Contraceptive Transcervical Fallopian Tube Occlusion Devices And Methods," was issued on October 21, 2003. The disputed term, "with," appeared in independent method claim 36, which although not asserted, was incorporated into dependent claims 37 and 38. The disputed term is italicized below (col. 23:38–53):

> 36. An intrafallopian contraceptive method comprising:
>
> transcervically introducing a pre-formed resilient structure into a target region of a fallopian tube;
>
> imposing an anchoring force against a tubal wall of the fallopian tube by resiliently engaging an inner surface of the tubal wall with the resilient structure; and
>
> permanently affixing the resilient structure within the fallopian tube *with* a lumen-traversing region of the resilient structure so that at least a portion of the fallopian tube is open.
>
> 37. A method as claimed in claim 36, wherein the affixing step comprises promoting tissue ingrowth of the tubal wall surrounding the resilient structure.
>
> 38. A method as claimed in claim 37, wherein the tissue ingrowth occludes the fallopian tube to inhibit conception.

The disagreement is over the term "with" in the permanently affixing step and whether it specified *how* versus *where* permanent affixation occurs. Defendant Hologic argues that the term "with" specified the lumen-traversing region as the *how*, *i.e.* the *means* by which the structure was permanently affixed within the fallopian tube. Hologic goes on to say that the means of affixation must be mechanical in nature. The patent owner, Conceptus, on the other hand, argues that the term "with" merely identified the lumen-traversing region as the *location* where the structure was permanently affixed.

If we only focus on claim 36, it seems true that the permanently affixing step seems bereft of any explicit means for doing the permanently affixing. Unlike the preceding limitation, for

example, there is no "by" clause in the permanently affixing step. This is what tees up the possible need to construe the "with" clause to supply the *how* (as well as the *where*).

In the Court's judgment, however, there is a simple and elegant solution. Claim 36 is not asserted. Claim 37 is asserted. Claim 37 supplies the *how*, by stating that the affixing step "comprises promoting tissue ingrowth of the tubal wall surrounding the resilient structure." In other words, for claim 37 purposes, the permanently affixing step should be understood as follows:

> permanently affixing the resilient structure within the fallopian tube with a lumen-traversing region of the resilient structure by (at least) promoting tissue ingrowth of the tubal wall surrounding the resilient structure so that at least a portion of the fallopian tube is open.

So understood, the clause "with a lumen-traversing region" describes *where* the affixation occurs and the clause "by promoting tissue ingrowth . . ." describes *how* it is done.

There is no need or occasion, in short, to stretch the "with" clause to also supply the *how*, much less to read a mechanical imperative into the clause. Hologic's construction is rejected.

Hologic insists that its method uses radiofrequency energy to irritate the tubal tissue and thus to promote tissue ingrowth (to permanently affix the matrix) and complains that this particular use of radiofrequency energy was not enabled by the specification. Perhaps this is true, but at most this will be an invalidity issue for the jury. This does not affect the proper claim construction of claims 36 and 37 as read together. Nor does it negate the fact that tissue ingrowth is promoted in the accused method or so a jury could reasonably find.

## CONCLUSION

The foregoing claim construction will control hereinafter.

**IT IS SO ORDERED.**

Dated: October 6, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3