IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPTUS, INC., | No. C 09-02280 WHA |
| Plaintiff, | |
| v. | **ORDER REGARDING ACCEPTABLE NON-INFRINGING ALTERNATIVES AND LOST PROFITS** |
| HOLOGIC, INC., | |
| Defendant. | |

In December 2010, partial summary judgment was granted in favor of Conceptus, Inc. that "there were no acceptable and available, non-infringing alternatives to the claimed inventions during the relevant damages period" (Dkt. No. 356 at 17–20). Conceptus now requests an *in limine* ruling that, pursuant to the partial summary judgment ruling, Hologic, Inc. may not introduce evidence or argue that tubal ligation was an acceptable non-infringing alternative during the damages period (Dkt. No. 450). With one important caveat, the request is **GRANTED**.

In opposing Conceptus's motion for summary judgment on this issue, the only supposed alternatives Hologic identified were "design-arounds," meaning other design approaches that the Hologic engineers supposedly tested but did not bring to market. Hologic did not identify tubal ligation as a supposedly acceptable non-infringing alternative (Dkt. No. 296 at 22–24). The summary judgment ruling that there were no acceptable and available non-infringing alternatives will stand. Hologic had the burden of identifying any such alternatives at the summary judgment stage, and it failed to do so. Hologic may not now introduce the new theory that tubal ligation was an acceptable alternative.

Conceptus, however, still bears the burden of establishing that but for the alleged infringement it would have made additional sales. The summary judgment ruling does *not* imply that Conceptus would have sold its product to every user of Hologic's method if Hologic had not been in the market. Rather, the absence of any acceptable non-infringing alternative is only one step along the way to proving lost profits. *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1380 n.2 (Fed. Cir. 2002) ("Absence of acceptable non-infringing alternatives is *one of four factors* in the test for entitlement to lost profits damages . . . .") (emphasis added).

**IT IS SO ORDERED.**

Dated: October 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2