IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONCEPTUS, INC.,

    Plaintiff,

  v.

HOLOGIC, INC.,

    Defendant.

No. C 09-02280 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

In light of the jury verdict in this action, plaintiff's motion for judgment as a matter of law (Dkt. No. 474) is **MOOT**. Defendant's motion for judgment as a matter of law (Dkt. No. 473) is **DENIED** as follows.

Defendant's motion for judgment as a matter of law under 35 U.S.C. 271(c) that defendant does not indirectly infringe claims 37 and 38 of United States Patent Number 6,634,361 is **DENIED**. There was sufficient evidence adduced at trial from which a reasonable jury could find that plaintiff proved indirect infringement by a preponderance of the evidence. Sufficient evidence also was adduced to support the jury's finding that plaintiff proved a reasonable royalty rate of 20% by a preponderance of the evidence.

Defendant's motion for judgment as a matter of law under 35 U.S.C. 102 that claims 37 and 38 of the '361 patent were anticipated by the Brundin 1983 reference is **DENIED**. There was sufficient evidence adduced at trial from which a reasonable jury could find that

1  defendant failed to prove by clear and convincing evidence that the elements of claims 37 and 38
2  were disclosed in the Brundin 1983 reference.
3       Defendant's motion for judgment as a matter of law under 35 U.S.C. 102 that
4  claims 37 and 38 of the '361 patent were anticipated by the Brundin 1987 reference is **DENIED**.
5  There was sufficient evidence adduced at trial from which a reasonable jury could find that
6  defendant failed to prove by clear and convincing evidence that the elements of claims 37
7  and 38 were disclosed in the Brundin 1987 reference.
8       Defendant's motion for judgment as a matter of law under 35 U.S.C. 102 that
9  claims 37 and 38 of the '361 patent were anticipated by the Schmitz-Rode 1993 reference is
10 **DENIED**. There was sufficient evidence adduced at trial from which a reasonable jury could find
11 that defendant failed to prove by clear and convincing evidence that the elements of claims 37
12 and 38 were disclosed in the Schmitz-Rode 1993 reference.
13      Defendant's motion for judgment as a matter of law under 35 U.S.C. 102 that
14 claims 37 and 38 of the '361 patent were anticipated by the Schmitz-Rode 1994 reference is
15 **DENIED**. There was sufficient evidence adduced at trial from which a reasonable jury could find
16 that defendant failed to prove by clear and convincing evidence that the elements of claims 37
17 and 38 were disclosed in the Schmitz-Rode 1994 reference.
18      Defendant's motion for judgment as a matter of law under 35 U.S.C. 103 that the subject
19 matter of claims 37 and 38 would have been obvious to a person of ordinary skill in the art at the
20 time the invention was made is **DENIED**. There was sufficient evidence adduced at trial from
21 which a reasonable jury could find that defendant failed to prove by clear and convincing
22 evidence that the asserted claims were obvious.
23      Defendant's motion for judgment as a matter of law under 35 U.S.C. 112 that
24 claims 37 and 38 of the '361 patent are invalid for lack of enablement under is **DENIED**. There
25 was sufficient evidence adduced at trial from which a reasonable jury could find that defendant
26 failed to prove by clear and convincing evidence that the '361 patent did not enable the full scope
27 of claims 37 and 38.
28

Defendant's motion for judgment as a matter of law that under 35 U.S.C. 112 that claims 37 and 38 of the '361 patent are invalid for inadequate written description is **DENIED**. There was sufficient evidence adduced at trial from which a reasonable jury could find that defendant failed to prove by clear and convincing evidence that the '361 patent would not have demonstrated to one of ordinary skill in the art at the time of the invention that the inventors possessed the full scope of the inventions of claims 37 and 38.

**IT IS SO ORDERED.**

Dated: October 18, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3